**CLARK HILL LLP**
Myriah Jaworski (SBN 336898)
mjaworski@clarkhill.com
Ali Bloom (SBN 347446)
abloom@clarkhill.com
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

**CLARK HILL LLP**
Chirag H. Patel (admitted *pro hac vice*)
cpatel@clarkhill.com
130 E. Randolph
Suite 3900
Chicago, IL 60601
Telephone: (312) 985-5900
Facsimile: (312) 985-5999

*Attorneys for Defendant Healthline Media LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL GLIKSMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHLINE MEDIA, LLC,<br><br>Defendant. | Case No. 3:24-cv-08650-AMO<br><br>**DEFENDANT HEALTHLINE MEDIA LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge: Hon. Araceli Martinez-Olguin<br><br>Complaint filed: December 2, 2024<br><br>Date: August 14, 2025<br>Time: 2:00 PM<br>Ctrm: Courtroom 10 – 19th Floor |

## TABLE OF CONTENTS


I. Introduction ....... 1

II. Argument ....... 3

A. Gliksman Lacks Article III Standing. ....... 3

1. TikTok ....... 4

2. Microsoft Clarity ....... 6

3. Xandr Adnx ....... 7

B. Gliksman Fails to State a Plausible CIPA Claim ....... 7

1. Gliksman Fails to Adequately Allege a CIPA § 631(a) Violation (Count II). ....... 8

a. The First Three Clauses of Section 631(a) Do Not Apply to Healthline, and Have Not Been Met. ....... 8

b. Gliksman's CIPA § 631(a) Aiding & Abetting Claim (Clause Four) Fails. ....... 9

2. Gliksman Fails to Adequately Allege a CIPA § 638.51 Violation (Count I). ....... 11

a. Section 638.51 Requires the Interception of *Private* Information. ....... 12

b. Alleged Interception of an IP Address and MUID are Insufficient to Support a § 638.51 Claim. ....... 12

c. Gliksman Consented to the Collection of his IP Address and MUID by Visiting the Website. ....... 13

C. Gliksman Consented to the Alleged Disclosure ....... 14

III. Amendment is Futile ....... 15

IV. Conclusion ....... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berman v. Freedom Fin. Network, LLC*,
30 F.4th 849 (9th Cir. 2022) ....................14

*Byars v. Sterling Jewelers, Inc.*,
No. 5:22-CV-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ....................3, 6

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023)....................3, 4

*D'Angelo v. FCA US, LLC*,
726 F. Supp. 3d 1179 (S.D. Cal. 2024)....................8

*Esparza v. UAG Escondido A1, Inc.*,
No. 23cv0102 DMS (KSC), 2024 WL 3761293 (S.D. Cal. Aug. 5, 2024) ....................9

*In re Facebook, Inc. Internet Tracking Litig*.,
956 F.3d 589 (9th Cir. 2020) ....................8

*Ghazizadeh v. Coursera, Inc.*,
737 F.Supp.3d 911 (N.D. Cal. 2024) (Davila, J.) ....................14

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ....................8

*Heather v. Healthline Media*,
No. 3:22-cv-05059-JD, 2024 WL 5401593 (N.D. Cal. June 7, 2024) (Donato, J.)....................9

*Heeger v. Facebook, Inc.*,
509 F. Supp. 3d 1182 (N.D. Cal. 2020) (Donato, J.) ....................2, 3

*Heiting v. FKA Distributing Co.*,
2:24-cv-07314-HDV-AGR, 2025 WL 736594 (C.D. Cal. Feb. 3, 2025) ....................3, 12

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) ....................8, 11

*Hughes v. Vivint, Inc.*,
No. CV 24-3081-GW-KSX, 2024 WL 5179916, at *5 (C.D. Cal. July 12, 2024), *adopted*, No. CV 24-3081-GW-KSX, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024) .................... *passim*

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023) ....................8

*Lesh v. Cable News Network, Inc.*,
No. 24 CIV. 03132 (VM), 2025 WL 563358 (S.D.N.Y. Feb. 20, 2025)................................13

*Licea v. Hickory Farms LLC*,
2024 WL 1698147 (Cal. Super. Ct. Mar. 13, 2024) ..................................................12, 13, 14

*Licea v. Old Navy, LLC*,
669 F. Supp. 3d 941 (C.D. Cal. 2023) ........................................................................11

*Lightroller v. Jetblue Airways Corp.*,
No. 23-CV-00361-H-KSC, 2023 WL 3963823 (S.D. Cal. June 12, 2023) ..............................3

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021)........................................................................11

*Mata v. Zillow Group, Inc.*,
No. 24-cv-01095-DMS-VET, 2024 WL 5161955 (S.D. Cal. Dec. 18, 2024) .........................10

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855, 864 (S.D. Cal. 2023)....................................................................3

*Mirmalek v. Los Angeles Times Commc'ns LLC*,
No. 24-CV-01797-CRB, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024)
(Breyer, J.) ..............................................................................................................4, 13

*Moody v. C2 Educ. Sys. Inc.*,
742 F. Supp. 3d 1072 (C.D. Cal. 2024) ........................................................................13

*Netbula, LLC v. Distinct Corp.*,
212 F.R.D. 534 (N.D. Cal. 2003)...............................................................................15

*R.C. v. Sussex Publishers, LLC*,
No. 24-CV-02609-JSC, 2025 WL 948060 (N.D. Cal. Mar. 28, 2025) (Corley,
J.)...............................................................................................................................4

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024) ........................................................................11

*Raffin v. Medicredit, Inc.*,
No. CV 15-4912-GHK, 2016 U.S. Dist. LEXIS 181819 (C.D. Cal. Dec. 19,
2016) ..........................................................................................................................3

*Rodriguez v. Autotrader.com, Inc.*,
2:24-cv-08735-RGK-JC, 2025 WL 1085787 (C.D. Cal. Apr. 4. 2025) ..................3, 10, 12, 13

*Rodriguez v. Ford Motor Co.*,
722 F.Supp.3d 1104 (S.D. Cal. 2024)..........................................................................10

*Rodriguez v. Fountain9, Inc.*,
No. 24STCV04504, 2024 WL 3886811 (Cal. Super. July 09, 2024) ....................................12

*Rodriguez v. Plivo Inc.*,
No. 24STCV08972, 2024 WL 5184413 (Cal. Super. Ct. Oct. 02, 2024) ............................6, 12

*Rosenow v. Facebook, Inc.*,
No. 19-cv-1297-WQH-MMP, 2025 WL 951277 (S.D. Cal. March 28, 2025)........................11

*Saleh v. Nike, Inc.*,
562 F. Supp. 3d 503 (C.D. Cal. 2021) ....................................................................8, 11

*Shah v. Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024) ........................................................................13

*Smith v. Yeti Coolers, LLC*,
No. 24-cv-01703-RFL, 2025 WL 877127 (N.D. Cal. March 14, 2025) (Lin, J.) ................9, 10

*Swarts v. The Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) (Tigar, J.) ..........................................................8

*Torres v. Prudential Fin., Inc.*,
No. 22-CV-7465-CRB, 2024 WL 4894289 (N.D. Cal. Nov. 26, 2024) (Breyer, J.)........................................................................................................................4

*Toy v. Life Line Screening of Am. Ltd.*,
No. 23-CV-04651-RFL, 2024 WL 1701263 (N.D. Cal. Mar. 19, 2024) (Lin, J.)........................................................................................................................4

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008) ...............................................................................1, 12, 13

*Valenzuela v. Keurig Green Mountain, Inc.*,
2023 WL 6609351 (N.D. Cal. Oct. 10, 2023) (Corley, J.) ...........................................3, 6, 12

*Xu v. Reuters News & Media Inc.*,
No. 24 CIV. 2466 (PAE), 2025 WL 488501 (S.D.N.Y. Feb. 13, 2025)............................12, 13

*Yoon v. Lululemon U.S.A. Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ...................................................................1, 4, 6, 10

**Rules**

Rule 12(b)(6)...............................................................................................................2, 7

**Statutes**

Cal. Penal Code
§ 638.51............................................................................................................ *passim*
§ 631...............................................................................................................3, 9, 12
§ 631(a) ...............................................................................................................7, 8

Federal Wiretap Act ......................................................................................................11

**Constitutional Provisions**

U.S. Const. Article III .......... *passim*

## I. INTRODUCTION[1]

Gliksman's Opposition ignores his Complaint's fatal deficiency: even when connecting his *single* allegation about his interaction with the Healthline.com website ("Website") – viewing "health and wellness content and articles" Compl. ¶ 58 – to his allegations of how each Pixel allegedly operates – those allegations utterly fail to support a conclusion that any of the Pixels collected either: (a) private information about Gliksman, or (b) information that the Pixels could use to track Gliksman across the internet. For any Pixel to identify Gliksman as the individual whose information was allegedly collected, each Pixel would require *some* baseline information to identify Gliksman as the source of that information – either: an account, data from him accessing the Website on a personal device that has a cookie, or identifying data that he input the Website (and was collected by the Pixel). Gliksman makes no such allegations.

Stripped of any identifying information, the alleged anonymous collection (*i.e.*, disconnected from any personally identifying information) of an IP address, a MUID, or general browsing data does not implicate CIPA-protected privacy interests.[2] Table 1 shows Gliksman's complete failure to connect the information that each Pixel *could theoretically collect* under certain configurations to his allegations about his single alleged interaction with the Website:

| **Information Allegedly Capable of Collection** | **Lack of Nexus in Complaint** |
|---|---|
| **TikTok** | |
| Could collect "information such as ad/event details (related to the clicked ad), timestamp (time the page was viewed), IP address (which can identify a person's geographic location), device details (make, model, operating system), and browser information." Compl. ¶ 30. | • Does not allege he was on a personal device when accessing the website<br>• Does not allege he had a TikTok account<br>• Does not allege which ad/events were enabled on the Website<br>• Does not allege clicking an ad/event<br>• No privacy interest in browsing data |

[1] Defendant Healthline Media LLC's ("Healthline") Memorandum of Points and Authorities in Support of its Motion to Dismiss [ECF No. 21] is cited as "Motion" or "Mot." Plaintiff Daniel Gliksman's ("Gliksman") Opposition [ECF No. 26], is cited as "Opposition" or "Opp." The Complaint [ECF No. 1], is cited as "Compl."

[2] *See* Mot. at 8-9 (collecting cases); *see, e.g. United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ("no expectation of privacy in . . . IP addresses . . . because . . . this information is provided . . . for the specific purpose of directing the routing of information"); *Yoon v. Lululemon U.S.A. Inc.*, 549 F. Supp. 3d 1073, 1086 (C.D. Cal. 2021) "no legally protected privacy interest in [] browsing data: keystrokes and clicks; pages viewed; shipping and billing information; date, time, and duration of visit; IP address and physical location; and browser type and operating system").

| | |
|---|---|
| **Fingerprinting** through which the TikTok Pixel collects "anonymous website visitor" information and then "matches it with existing data" in TikTok's database. Compl. ¶¶ 30-32. | • Does not allege fingerprinting was enabled<br>• Does not allege he had a TikTok account that would allow alleged fingerprinting to occur |
| **Advanced AutoMatching** "collecting additional information from users who interact with a business's website or app," (e.g., their name, date of birth, phone number, or address.") Compl. ¶¶ 32-34. | • Does not allege submitting any information to Healthline, including name, date of birth, phone number, or address<br>• Does not allege he had a TikTok account |
| **Microsoft Clarity** | |
| **Tracking:** "MUID is a unique and persistent identifier generated by Microsoft and assigned to a specific browser to track users' activity across the internet." Compl. ¶ 40. "Clarity . . . allows website owners to track visitor actions on their website and measure the effectiveness of advertising." Clarity "sends data regarding specific user actions and their unique identifiers to Microsoft." Compl. ¶¶ 42-43. | • Does not allege he had a Microsoft Account<br>• Does not allege using a personal device<br>• Only "interaction" alleged is a search, which he did not do (see below)<br>• Only alleges collection of MUID which is a generic identifier created by Microsoft |
| **Searches:** "if a website user searches for 'breast cancer' on Healthline's website, that search and the MUID is sent to Microsoft." Compl. ¶ 45. | • Does not allege submitting a search<br>• Does not allege he had a Microsoft Account |
| **Xandr Adnx** | |
| **IP Addresses**: "sends the user's IP address to Xandr"; "Xandr receives a user's IP address each time a user interacts with the Websites" Compl. ¶¶ 51-54. | • No privacy interest in IP addresses because they are necessarily disclosed to connect to a website.[3] |

Boiled down: Gliksman comes nowhere to close to showing that the Pixels collected private information sufficient to create a constitutional harm. Gliksman therefore lacks Article III standing. *See* § II(A), *infra*.

Gliksman's Complaint also fails under Rule 12(b)(6). He fails to sufficiently allege that Healthline "aided and abetted" in the Pixels' alleged unlawful eavesdropping. *See* § II(B)(1), *infra*. He fails to allege disclosure of *private* information, which also substantively dooms his CIPA claims. *See* § II(B)(2) *infra*. Finally, Gliksman's consent to disclosure is the final straw. *See* § II(B)(3) *infra*. The Court should grant Healthline's Motion.

[3] *See* n. 2, *supra*. *See also Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1189 (N.D. Cal. 2020) (Donato, J.) ("there is no legally protected privacy interest in IP addresses").

## II. ARGUMENT

### A. GLIKSMAN LACKS ARTICLE III STANDING.

Healthline's Motion explains that merely citing an alleged CIPA violation does not relieve Gliksman of his obligation to allege concrete harm resulting from that supposed violation. Absent such allegations, Gliksman cannot establish Article III standing. *Valenzuela v. Keurig Green Mountain, Inc.*, 2023 WL 6609351, *1 (N.D. Cal. Oct. 10, 2023) (Corley, J.). As Gliksman acknowledges, he must plead facts showing an "invasion of the private right conferred by the statute" to satisfy Article III. Opp. at 6 (citing *Raffin v. Medicredit, Inc.*, No. CV 15-4912-GHK (PJWx), 2016 U.S. Dist. LEXIS 181819, at *3 (C.D. Cal. Dec. 19, 2016)). This requires the disclosure of information that "implicates a protectable privacy interest" under CIPA – either truly private information or information that could be used to identify Gliksman and track him across the internet. Mot. at 9-11. Like in *Heiting v. FKA Distributing Co.*, 2:24-cv-07314-HDV-AGR, 2025 WL 736594, at 3 (C.D. Cal. Feb. 3, 2025), Gliksman lacks Article III standing because he

> fail[ed] to allege any basic facts from which the Court could infer a concrete injury, like when and how many times [he] visited the site, what information [he] provided, what information [d]efendant captured, whether [he] was aware of [d]efendant's tracking practices, or if [he] has any reason to believe that [he] was indeed de-anonymized.

(discussing § 638.51 claim). *See also Rodriguez v. Autotrader.com, Inc.*, 2:24-cv-08735-RGK-JC, 2025 WL 1085787, at *1 (C.D. Cal. Apr. 4. 2025); (under Article III, § 638.51 "requires the same disclosure of sensitive information and reasonable expectation of privacy as [a] § 631 claim"); *Hughes v. Vivint, Inc.*, No. CV 24-3081-GW-KSX, 2024 WL 5179916, at *5 (C.D. Cal. July 12, 2024), *adopted*, No. CV 24-3081-GW-KSX, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024) (no Article III standing for § 638.51 where plaintiff "does not clearly allege what personalized information of hers was actually collected").

Healthline explains above and in its Motion that Gliksman fails to allege that the Pixels collected information that could be used to identify him or track him across the internet. Mot. at 6-9; Table 1. Indeed, Gliksman ***agrees*** that the common thread in *Byars*, *Heeger*, *Mikulsky*,

*Lightroller*, and *Cook*[4] was that courts dismissed those cases because they alleged only collection of IP addresses or other general browsing data without the collection of "specific personal information" that would allow the plaintiff to be identified or tracked across the internet. Opp. at 9:7-17. *See also Hughes*, 2024 WL 5179916, at *5; *Yoon v. Lululemon U.S.A. Inc*., 549 F. Supp. 3d 1073, 1086 (C.D. Cal. 2021) (no privacy interest in "browsing data collected only while users interact with the website").

As explained below, Gliksman falls directly within the ambit of those cases because he alleges collection of anonymous IP addresses, MUID, and general browsing data. With that line drawn, Gliksman's cited cases are easily distinguishable. Those cases either involve allegations of specific private or identifiable information, or do not address that argument at all. *See* Opp. at 7-8 (citing *R.C. v. Sussex Publishers, LLC*, No. 24-CV-02609-JSC, 2025 WL 948060, at *4 (N.D. Cal. Mar. 28, 2025) (Corley, J.) (distinguishing *Hughes* because plaintiff alleged "IP information, in conjunction with other information Defendant collected, is personally identifying"; *Mirmalek v. Los Angeles Times Commc'ns LLC*, No. 24-CV-01797-CRB, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) (Breyer, J.) (did not address argument that collected information was anonymous/de-identified); *Torres v. Prudential Fin., Inc*., No. 22-CV-7465-CRB, 2024 WL 4894289 (N.D. Cal. Nov. 26, 2024) (Breyer, J.) (website collected user information and contents of *private* messages) (emphasis added); *Toy v. Life Line Screening of Am. Ltd*., No. 23-CV-04651-RFL, 2024 WL 1701263 (N.D. Cal. Mar. 19, 2024) (Lin, J.) (did not address argument that collected information was anonymous/de-identified).

This framework demonstrates that Gliksman fails to plausibly allege that any of the Pixels collect actionable identifying or private information:

**1. <u>TikTok</u>**

Gliksman alleges that the TikTok Pixel collects certain interactions with the Website by an "anonymous website visitor" and then uses features called "Fingerprinting" and "Advanced

---

[4] *Byars v. Sterling Jewelers, Inc*., No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, *3 (C.D. Cal. Apr. 5, 2023); *Heeger*, 509 F. Supp. 3d at 1189; *Mikulsky v. Noom, Inc*., 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023); 5; *Lightroller v. Jetblue Airways Corp*., No. 23-CV-00361-H-KSC, 2023 WL 3963823, *4 (S.D. Cal. June 12, 2023); *Cook v. GameStop, Inc*., 689 F. Supp. 3d 58, 63 (W.D. Pa. 2023).

AutoMatching" to "match[] it with existing data that TikTok has acquired regarding millions of ***users***." Compl. 30-34; Opp. at 3-4.

***Identifying Information***. Gliksman does not allege that he has a TikTok account that could allow TikTok to match his information against a database. He also does not allege he accessed Healthline's Website on a personal device such that *his* IP address and device information might be able to "fingerprint" him as the website visitor and associate *him* with the collected website browsing information. Tellingly, he makes no attempt to address this defect.

*Hughes*, 2024 WL 5179916, at *1, is directly on point. In *Hughes*, the plaintiff alleged a CIPA violation based on a website's purported use of the TikTok pixel. The plaintiff made nearly identical allegations about the TikTok pixel's "fingerprinting" and "Advanced Auto Matching" features. *Id*. The court observed that the complaint "was vague as to many, if not all, of the details surrounding [plaintiff's] use of the Website and what specific information was captured by the TikTok Software." *Id*. at *4. Thus, the court explained, even if the potential harm was "collection of otherwise anonymous information that is used by TikTok to identify Plaintiff through the 'fingerprinting' process,'" plaintiff failed to allege facts demonstrating that theoretical harm occurred:

> "Plaintiff fails to allege that she has a TikTok account that would allow Defendant's collection of her anonymous information from visiting the Website to be associated with her and identify her. If Plaintiff does not have a TikTok account, then the fingerprinting process would not produce any match, meaning Plaintiff's identity would not be connected with the anonymous information, and seemingly no harm would have occurred."

*Id*. at *4. None of Gliksman's cited cases purport to hold that collection of anonymous browsing information implicates his own privacy interests. And again, Gliksman does not directly address this argument.

***Private Information.*** Gliksman alleges that Advanced AutoMatching is enabled but does not allege that he ever provided his "name, date of birth, phone number, or address" to Healthline. Compl. ¶¶ 32-34. And as to TikTok's *ability* to collect "ad/event details," Compl. ¶ 30, the TikTok link to Gliksman's complaint confirms that TikTok's collection of "information on when an action is taken on [a] website" is "based on the events you've set up." *See* Compl. ¶ 30 n. 11. Gliksman

makes no allegations about which "events" are enabled on the Website. Gliksman never alleges "clicking on an ad" or that Tiktok "events" collects the titles of viewed articles. Thus, at best, Gliksman alleges only the automatic collection of *de-identified* general browsing information (IP addresses, timestamps, device details, and browser information). As explained above and in Healthline's Motion, CIPA does not protect this generic information. *See* Mot. at 2, 7-9. *Rodriguez v. Plivo Inc*., No. 24STCV08972, 2024 WL 5184413, at *2 (Cal. Super. Ct. Oct. 02, 2024) (IP addresses are not private); *Yoon*, 549 F. Supp. 3d at 1086 (no "cognizable privacy interest in browsing data"); *Byars*, 2023 WL 2996686, at *3 (dismissing CIPA claim where plaintiff did not allege collection of "sensitive information" that implicates a protectable privacy interest).

Gliksman never addresses these fatal defects. Rather, in a single paragraph Glicksman points back to conclusory allegations that his information "was collected and disclosed . . . without consent." Opp. at 14:6-15. He attempts to distinguish *Valenzuela*, 2023 WL 6609351, *1 by arguing that the plaintiff in that case "failed to allege details as to the type of private information shared." Opp. at 8:25-9:1. But that is exactly the case here. Gliksman fails to allege sufficient facts to support a conclusion that TikTok collected sensitive and identifiable information about *him* that would allow TikTok to track *him* "across the internet." Gliksman lacks Article III standing for any CIPA claim based on the TikTok Pixel.

**2. <u>Microsoft Clarity</u>**

***Identifying Information***. Gliksman alleges that a MUID is "generated by Microsoft and assigned *to a specific browser*" to track user activity. Compl. ¶ 40 (emphasis added). But he does not allege that he browsed the Healthline Website or any device that has a Microsoft cookie that is assigned to a "specific browser." Gliksman makes a conclusory allegation that a MUID "can be used to identify individuals," Compl. ¶ 41, but does not even attempt to allege *how* Microsoft could (let alone did) use a MUID to identify him. *See Hughes*, 2024 WL 5179916, at *4.

***Private Information.*** Gliksman offers only conclusory allegations that Clarity "sends [unspecified] data regarding *specific user actions*" to Microsoft. Compl. ¶¶ 43-44 (emphasis added). The only "user action" allegedly enabled on the Website is the collection of search queries, but Gliksman does not allege he ever searched on the Healthline Website. Gliksman does not allege

any interaction with the Website that plausibly demonstrates the collection of any private information. In sum, Gliksman alleges only that Clarity collected a MUID (a generic identifier) from an unknown device, divorced from any Website browsing information. Gliksman has no privacy interest in his MUID, and he makes no attempt to argue otherwise. *See* Opp. at 7-9. Gliksman lacks Article III standing for any CIPA claim based on the Clarity Pixel.

**3. <u>Xandr Adnx</u>**

Gliksman's allegations related to Adnx are the most sparse. He claims that "Xandr receives a user's IP address each time a user interacts with the Websites," and then provides screenshots claiming that an "IP [address] is passed along with the key words." Compl. ¶¶ 52-53.

***Identifying Information***. Gliksman neither alleges that he provided any identifying information to Xandr or that Xandr creates profiles to advertise to others across the internet. Rather, he contends that Adnx is an internal tool that "aims to improve the efficiency and effectiveness of advertising" on Healthline's Website. *See* Compl. ¶¶ 47-49.

***Private Information.*** Gliksman then alleges that Adnx collects IP addresses "with the key words." Compl. ¶ 53. But he does not allege that he ever entered any "key words" into Healthline's website. In sum, Gliksman alleges only that Adnx collected an IP address on an unknown device. Even if it was his device, the collection of an IP address alone, divorced from sensitive information or the use of internet-wide tracking does not implicate a CIPA privacy interest. Gliksman lacks Article III standing for any CIPA claim based on the Adnx Pixel.

## B. GLIKSMAN FAILS TO STATE A PLAUSIBLE CIPA CLAIM

Gliksman's CIPA claims also fail under Rule 12(b)(6). As to Gliksman's CIPA § 631(a) "eavesdropping" claim, the first three clauses do not apply to Healthline. And he does not adequately allege "aiding & abetting" under the fourth clause. See § II(B)(1), *infra*. Finally, Gliksman's CIPA § 638.51 "pen register" claim fails because IP addresses and MUIDs are not protected information. *See* § II(B)(2), *infra*.

### 1. Gliksman Fails to Adequately Allege a CIPA § 631(a) Violation (Count II).

#### a. The First Three Clauses of Section 631(a) Do Not Apply to Healthline, and Have Not Been Met.[5]

***Clause Two*:** (Willfully Learning Contents or Meaning of a Communication). Gliksman acknowledges that his theory is that TikTok, Microsoft, and Xandr allegedly intercepted his communications *with Heathline's Website*. *See* Compl. ¶ 91, 94; Opp. at 10. This District holds that a party cannot eavesdrop on their own communications. Mot. at 12 (citing *Swarts v. The Home Depot, Inc*., 689 F. Supp. 3d 732, 743 (N.D. Cal. 2023) (Tigar, J.); *Graham v. Noom, Inc*., 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021) (Beeler, M.J.)).

Indeed, every case Gliksman cites applies the well-established party exception for a Clause 2 claim against a website and/or was actually discussing a Clause 4 claim (*i.e*., a defendant website allegedly added and abetted a third-party's eavesdropping violation). *See* Opp. at 11:5-19 (citing *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 897 (N.D. Cal. 2023) (Breyer J.) (Clause 2 claim asserted against third-party software who allegedly eavesdropped; Clause 4 claim was against the website who allegedly "aided and abetted" the third-party); *Heiting v. Taro Pharms. USA, Inc*., 728 F. Supp. 3d 1112, 1123 (C.D. Cal. 2024) (discussing Clause 4 claim); *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1200 (S.D. Cal. 2024) (same); *Saleh v. Nike, Inc*., 562 F. Supp. 3d 503, 518 (C.D. Cal. 2021) (party exception applied to defendant website for Clause 2 claim); *In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589, 607-08 (9th Cir. 2020) (party exception does not apply to someone who "surreptitiously duplicate[s] transmissions between two parties"). The party exception bars Gliksman's Clause 2 claim.

***Clause Three*** (attempting to use or disclose information obtained through a Clause 1 or 2 violation). Gliksman does not dispute if that if his Clause One and Two claims fail, so too does his Clause Three claim. See Mot. at 12:19-25 (citing *Swarts*, 689 F. Supp. 3d at 744); Opp. at 15:1-19. Glksman's Clause Three claim fails because his claim fails under the first two Clauses.

---

[5] Gliksman concedes that Clause One of Section 631(a) does not apply. *See* Opp. at 10 n.1.

**b. Gliksman's CIPA § 631(a) Aiding & Abetting Claim (Clause Four) Fails.**

***i. Gliksman Fails to Allege that Healthline Acted with the Requisite Intent or Knowledge.***

Gliksman's primary argument is that because "there is no statutory scienter requirement [in CIPA], California courts apply the common law definition of 'aiding and abetting.'" Opp. at 15:24-16:2. This District confirmed Clause Four's scienter requirement just over a month ago in *Smith v. Yeti Coolers, LLC*, No. 24-cv-01703-RFL, 2025 WL 877127 (N.D. Cal. March 14, 2025) (Lin, J.). In *Smith*, the plaintiff supported their "aided and abetted" theory with allegations that the defendant company was aware that its third-party payment processing company could intercept, store, and use the customer's personal information, and that company "intended to help [the payment processor] learn some meaning of the [information] in the form field entered by [p]laintiff." *Id.* at *2. The court found these allegations insufficient to "support a plausible inference that Defendant had knowledge of [the third-party's] unlawful conduct," or that *"[d]efendant acted with the requisite intent to **substantially** aid such conduct*." *Id.* (emphasis added). Thus, *Smith* reinforces Gliksman's obligation to allege *facts* that demonstrate knowledge and intent to substantially aid a CIPA violation. Conclusory allegations of "knowledge" and substantial support are not enough. *See also Esparza v. UAG Escondido A1, Inc.*, No. 23cv0102 DMS (KSC), 2024 WL 3761293, at *2 (S.D. Cal. Aug. 5, 2024) (dismissing § 631 aiding and abetting claim and noting that absence of the word abet "does not negate any requirement of knowledge or intent" under aiding and abetting provision; also pointing to the intentional and willful conduct requirements in other sections of § 631 to support intent requirement for aiding and abetting).

Gliksman's allegations are more conclusory than those in *Smith*. Opp. at 16:10-16. At most, Plaintiff alleges that Healthline had knowledge of the Pixels' functionality. This falls far short of demonstrating that Healthline has knowledge that each Pixel was supposedly engaged in unlawful conduct and substantially aided in that unlawful conduct. Mot. at 13:23-26.[6]

[6] A prior suit against Healthline also does not establish intent and substantial aid. *See* Compl. ¶ 55. The case references by Gliksman, *Heather v. Healthline Media*, No. 3:22-cv-05059-JD, 2024 WL 5401593, at *1 (N.D. Cal. June 7, 2024) (Donato, J.), was dismissed with prejudice.

*Rodriguez v. Ford Motor Co.*, 722 F.Supp.3d 1104 (S.D. Cal. 2024) and *Mata v. Zillow Group, Inc.*, No. 24-cv-01095-DMS-VET, 2024 WL 5161955 (S.D. Cal. Dec. 18, 2024) do not help Gliksman.[7] *Rodriguez*, 722 F.Supp.3d 1124, dismissed the aiding and abetting claim because the plaintiff failed to allege facts showing that the defendant had "knowledge of the unlawful purpose of the perpetrator." Gliksman's Complaint suffers the same defect.

*Mata*, 2024 WL 5161955, at *1 also supports Healthline. Unlike Gliksman, the *Mata* plaintiff alleged a nexus between his interaction with the website and the information allegedly disclosed: he alleged registering an account and then that the defendant disclosed the *specific video information* with which the plaintiff had allegedly interacted. *Id*. Also, the *Mata* plaintiff not only alleged "intentional" installation of the pixel, but also alleged a motive for substantially aiding the third-party violation: to increase profits. *Id*. at *7. Gliksman's allegations that the Pixels were intentionally installed are insufficient to demonstrate substantial assistance. Opp. at 16:19-21.

#### ***ii. The Underlying CIPA Violation Remains Deficient and Cannot Support an Aiding and Abetting Claim***

***Contents***. Gliksman does not allege that he provided any identifying information, does not allege making a search on the Website, and does not allege that the Pixels collect the title or contents of any article he supposedly viewed on the Website. *See* Mot. at 2-6; Table 1, *supra*. Further, Gliksman's allegation that a MUID "can be used to identify individuals" is conclusory. Thus, as explained above and in the Motion, the only information plausibly intercepted is non-actionable record data:

| | |
|---|---|
| TikTok | "timestamp (time the page was viewed), IP address (which can identify a person's geographic location), device details (make, model, operating system), and browser information." Compl. ¶ 30, 82.[8] |
| Microsoft Clarity | MUID (without identifying information). Compl. ¶¶ 40-43. |
| Xandr Adnx | IP Address only. Compl. ¶¶ 51-54. |

As to Xandr and Tikok, the IP addresses and other general browsing data is record

[7] *Mata* and *Rodriguez* both pre-date this District's recent decision in *Smith*.

[8] As explained in § II(A)(1), above, Gliksman does not plausibly allege the collection of any "ad/event details (related to the clicked ad)."

information. *Yoon*, 549 F. Supp. 3d at 1082. As to Microsoft Clarity, a MUID is a generic identifier already in Microsoft's possession, and it does not reveal "substantive message[s]" about communications. *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 902 (C.D. Cal. 2024); Compl. ¶ 40.

Each of Gliksman's cited cases are distinguishable because they involved situations in which a plaintiff alleged the capture of their substantive communications/interactions with the defendants' websites. Opp. at 11-12 (citing *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1124 (C.D. Cal. 2024) (plaintiff alleged the interception of "communications sent via the [website's] chat function."); *Licea v. Old Navy, LLC*, 669 F. Supp. 3d 941, 946 (C.D. Cal. 2023) (alleged interception of chat communications); *Saleh*, 562 F. Supp. 3d at 518 (alleging that the pixel captured a "video . . . of [p]laintiff's keystrokes and mouse clicks" which allowed a 'pixel-perfect playback' of all in-browser interaction" on the website)). *Saleh* expressly acknowledged that it was the video-like captures that constituted "content" information, not the other geographic location and IP addresses allegedly collected. *See id*.

***In Transit***. Gliksman must allege that the interception occurred "in transit . . . or is being sent from, or received at any place within California." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021)). Gliksman does not point to any allegations showing interception *in California*. Opp. at 13-14. He does not allege that he viewed the Website in California, that Healthline's servers are in California, or that Pixels interception occurred in California.

Gliksman also fails to demonstrate real time interception. Mot. at 15-16. *See Rosenow v. Facebook, Inc.*, No. 19-cv-1297-WQH-MMP, 2025 WL 951277, at * (S.D. Cal. March 28, 2025) (rejecting plaintiff's claim in part because of conclusory allegations that information was intercepted and collected in "real time" insufficient under Federal Wiretap Act. None of the allegations in the Opposition or Complaint demonstrates "real time" interception. Opp. at 13:9-25.

***Wilfully***. This prong fails to same reasons Gliksman fails to show "aiding and abetting" under Clause Four. *See* § II(B)(1)(b), *supra*.

**2. <u>Gliksman Fails to Adequately Allege a CIPA § 638.51 Violation (Count I).</u>**

Gliksman's § 638.51 claim fails because: (1) § 638.51 claims require the interception of

***private information***; and (2) Gliksman consented to the collection of his information.

**a. Section 638.51 Requires the Interception of *Private* Information.**

Acknowledging his failure to identify any actual privacy invasion to support his § 638.51 claim, Gliksman argues that "CIPA § 638.51 [a privacy protection statute] does not require the interception of private information to be actionable," – Opp. at 20:2-3 – *i.e.*, that violation of a California ***privacy*** statute does not require the interception of ***private*** information. Gliksman is wrong.

Section 638.51 "requires the same disclosure of sensitive information and reasonable expectation of privacy as [a] § 631 claim." *Autotrader.com, Inc*., 2025 WL 1085787, at *1; *see also Heiting*, 2025 WL 736594, at 3 (plaintiff must allege "what information [d]efendant captured" for a § 638.51 claim; *Hughes*, 2024 WL 5179916, at *5 (§ 638.51 claim requires allegation of what personalized information was actually collected). And although *Autotrader*, *Heiting,* and *Hughes* were considered in the Article III context, their reasoning aligns with other courts' interpretation of § 638.51 and CIPA's underlying purpose. *Rodriguez v. Fountain9, Inc*., No. 24STCV04504, 2024 WL 3886811 (Cal. Super. July 09, 2024); *Xu v. Reuters News & Media Inc*., No. 24 CIV. 2466 (PAE), 2025 WL 488501 (S.D.N.Y. Feb. 13, 2025); *Valenzuela*, 2023 WL 6609351, at *2. Gliksman's primary argument in opposition is that he alleges collection of "IP addresses *in addition to* sensitive information." Opp. at 20:9-16 (quoting Comp1. ¶ 93 (emphasis in original)). However, as explained above in § II(A), Gliksman does not plausibly allege any collection of his "sensitive information."

**b. Alleged Interception of an IP Address and MUID are Insufficient to Support a § 638.51 Claim.**

***IP Address (TikTok and Xandr)***. Healthline's Motion explains that alleged collection of an IP address is insufficient to support a § 638.51 claim because "[i]nternet users have no expectation of privacy in . . . IP addresses of the websites they visit" as that information is "provided to and used by Internet service providers for the specific purpose of directing the routing of information." *Forrester,* 512 F.3d at 510; *see* Mot. at 17:24-19:11 (citing *Rodriguez,* 2024 WL 5184413, at *2; *Xu,* 2025 WL 488501, at *6; *Licea v. Hickory Farms LLC*, 2024 WL 1698147, at

*4 (Cal. Super. Ct. Mar. 13, 2024). Under the *Erie* doctrine, this Court should defer to state court interpretations of state law (such as CIPA). Mot. at 18:19 n. 7. Gliksman, at minimum, agrees these cases are "persuasive." Opp. at 26:2-6. This Court should follow *Rodriguez* and *Hickory Farms* over *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 932 (N.D. Cal. 2024) (recognizing this decision will "unsettle the basic operating rules of the Internet") and *Mirmalek*, No. 24-CV-01797-CRB, 2024 WL 5102709 (following *Shah*). The disruption to the "basic operating rules" was the exact concern expressed by the California Superior Court in *Hickory Farms*, 2024 WL 1698147, at *4 ("Such a broad-based interpretation would potentially disrupt a large swath of internet commerce without further refinement as the precise basis of liability, which the court declines to consider").

Gliksman's cited cases are unavailing. *Lesh v. Cable News Network, Inc.*, No. 24 CIV. 03132 (VM), 2025 WL 563358, at *3 (S.D.N.Y. Feb. 20, 2025) (applying Second Circuit law), does not discuss California or Ninth Circuit law finding a lack of privacy interest in IP addresses. For that reason, *Xu*, 2025 WL 488501, is the more persuasive New York case. *Moody v. C2 Educ. Sys. Inc.*, 742 F. Supp. 3d 1072, 1076 (C.D. Cal. 2024) is inapposite because the plaintiff alleged collection of "various other types of information" in addition to an IP address. Here, however, Adnx only collects IP addresses, and TikTok collects IP addresses with other non-private browser information. *See* § II(A), *supra*.

***MUID (Microsoft Clarity)***. Gliksman has even less of a privacy interest in Microsoft's generic identifier. As explained above, Giksman makes a conclusory allegation that a MUID "can be used to identify individuals," Compl. ¶ 41, but does not even attempt to explain how Microsoft could (let alone did) use a MUID to identify him. *See Hughes*, 2024 WL 5179916, at *4; § II(A)(2), *supra*. Alleged collection of a MUID is not actionable under § 638.51 for the same reasons an IP Address is not actionable.

#### c. Gliksman Consented to the Collection of his IP Address and MUID by Visiting the Website.

Section 638.51(b)(5) is a complete defense to Gliksman's § 638.51 claim. The defense is consent. As noted in Healthline's Motion, *Hickory Farms*, 2024 WL 1698147, at *4, found that a website visitor's voluntary provision of information constitutes consent. Mot. at 19:18-19. As the

Ninth Circuit found in *Forrester*, 512 F.3d at 510, a website user's IP address is necessary to connect to a website. The voluntarily provision of that IP address both demonstrates and constitutes consent. *Hickory Farms*, 2024 WL 1698147, at *4. Gliksman attempts to elude *Hickory Farms*: but his attempts fail.

Gliksman first argues that it is Heathline's burden to establish consent. Opp. at 21:16-19 Healthline met that burden through Gliksman's own allegation that he visited the Website of his own volition. In granting the motion to dismiss, the *Hickory Farms* court both noted that consent was not "only available in the form of a defense" (particularly when the underlying § 638.51 claim is conclusively pled). *Id.* Moreover, the court found "strong" public policy concerns in an interpretation of § 638.51 that would support a claim for every instance in which an individual voluntarily visited as website. *Id.* Gliksman's voluntary provision of information is sufficient to establish consent.

Gliksman next argues that *Hickory Farms* is vague and unbinding (presumably because it is a California case and not a Federal one). Opp. at 22:2-4. Both arguments are unavailing. *First*, as noted, *Hickory Farms*, 2024 WL 1698147, at *4, did not equivocate on its position that voluntary provision of information constitutes consent. *Second*, and also as noted, Gliksman cannot disavow California state court law and the laws of other federal courts. As explained, the *Erie* doctrine dictates that federal courts should defer to state court interpretations of state law (such as CIPA). Mot. at 18:19 n. 7. Simply put, the *Hickory Farms* court agreed with the defendant's argument regarding consent: the plaintiff visited the website, voluntarily disclosed his IP address, and therefore consented. *Hickory Farms*, 2024 WL 1698147, at *4. Gliksman consented to the use of his IP address and his MUID when he accessed the Healthline website, and nothing in the Opposition shows otherwise.

### C. GLIKSMAN CONSENTED TO THE ALLEGED DISCLOSURE

Finally, Gliksman's repeated use of the Website is sufficient to show consent. Mot. at 22:8-23:22; *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022); *Ghazizadeh v. Coursera, Inc.*, 737 F.Supp.3d 911, 933 (N.D. Cal. 2024) (Davila, J.). Healthline's terms of use ("ToU") state plainly that website users "consent to all actions taken by [Healthline] with respect

to [their] information in compliance with the Privacy Policy." Mot. at 21:23-25; Declaration of Stacy Swinton ¶15 ("Decl.," ECF No. 21-1 at). Gliksman admits that he visited some unspecified) Healthline website numerous times last year. That is enough to establish consent.

## III. AMENDMENT IS FUTILE

"A claim is considered futile and leave to amend to add it shall not be given if there is no set of facts which can be proved under the amendment which would constitute a valid claim or defense." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 538–39 (N.D. Cal. 2003) (Larson, M. J.). Gliksman offers no facts to substantiate his conclusory request for leave to amend. Opp. at 25. Nor could he: Gliksman's own account of how the Pixels purportedly function renders amendment futile. Gliksman neither claims that the Pixels have functionality that is not described in the Complaint, or that he Gliksman had some other allegation other than the sole interaction of viewing articles.

## IV. CONCLUSION

This Court should dismiss Gliksman's Complaint with prejudice.

Dated: May 2, 2025

CLARK HILL

By: */s/ Myriah V. Jaworski*
Myriah V. Jaworski

*Attorneys for Defendant Healthline Media LLC*