Elizabeth A. Fegan (CA Bar #355906)
FEGAN SCOTT LLC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: 312.741.1019
Facsimile: 312.264.0100
beth@feganscott.com

Megan E. Shannon (admitted *pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
megan@feganscott.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DANIEL GLIKSMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHLINE MEDIA, LLC,<br><br>Defendant. | Case No.: 3:24-cv-08650-AMO<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT INTERIM CLASS COUNSEL**<br><br>Date: June 12, 2025<br>Time: 2:00 PM<br>Location: Courtroom 10 – 19th Floor |

**TABLE OF CONTENTS**


II. LEGAL STANDARD ..........

III. ARGUMENT ..........

A. The Appointment of Interim Class Counsel is Appropriate and Timely to Resolve Uncertainties Posed by Two Identical Actions Pending in Separate Courts. ..........

B. The Court Should Appoint Elizabeth A. Fegan as Interim Class Counsel. ..........

1. Fegan Scott has invested substantial effort identifying, investigating, and litigating the claims asserted in this action on behalf of Plaintiff and the class. ..........

2. Ms. Fegan has relevant experience and knowledge of the applicable law. ...

3. Ms. Fegan and Fegan Scott will continue to commit substantial resources in the litigation to advance the interests of the class. ..........

4. Appointing Ms. Fegan as Interim Class Counsel would further this Court's commitment to diversity in leadership positions. ..........

IV. CONCLUSION ..........

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Bolooki v. Honda Motor Co. Ltd.*, No. 2:22-cv-04252-MCS-SK, 2023 U.S. Dist. LEXIS 55616 (C.D. Cal. Feb. 21, 2023) ...........4

*Brown v. Accellion, Inc.*, No. 5:21-cv-01155-EJD, 2023 U.S. Dist. LEXIS 23146 (N.D. Cal. Feb. 10, 2023) ...................3

*Caricofe v. Ford Motor Co.*, No. 23-cv-1012 TWR (AHG), 2023 U.S. Dist. LEXIS 132660 (S.D. Cal. July 31, 2023) .........3

*Holcomb v. Hosp. Sisters Health Sys.*, No. 3:16-cv-03282, 2017 U.S. Dist. LEXIS 226100 (C.D. Ill. Jan. 18, 2017) ............................8

*Imran v. Vital Pharms., Inc.*, No. 18-cv-05758-JST, 2019 U.S. Dist. LEXIS 59389 (N.D. Cal. Apr. 5, 2019) ........................4

*In re Insulin Pricing Litig.*, No. 3:17-cv-0699, 2017 U.S. Dist. LEXIS 150919 (D.N.J. Sept. 18, 2017) .......................... 8-9

*In re Nest Labs Litig.*, No. 14-cv-01363-BLF, 2014 U.S. Dist. LEXIS 115596 (N.D. Cal. Aug. 18, 2014) ..................4

*In re OpenAI ChatGPT Litig.*, No. 23-cv-03223-AMO, 2024 U.S. Dist. LEXIS 76713 (N.D. Cal. Apr. 26, 2024) ...................3

*In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 U.S. Dist. LEXIS 236487 (N.D. Cal. July 14, 2020) .....................10

*In re Seagate Tech. LLC Litig.*, No. 16-cv-00523-RMW, 2016 U.S. Dist. LEXIS 80741 (N.D. Cal. June 21, 2016) ..............5, 6

*In re Zantac (Ranitidine) Prods. Liab. Litig.*, MDL No. 2924, 2020 U.S. Dist. LEXIS 81742 (S.D. Fla. May 8, 2020) ................................10

*Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743-TL, 2022 U.S. Dist. LEXIS 175374 (W.D. Wash. Sept. 27, 2022) .............4

*Sayce v. Forescout Techs.*, No. 20-cv-00076-SI, 2020 U.S. Dist. LEXIS 217198 (N.D. Cal. Nov. 19, 2020) ....................10

*White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) ......................................................................3

**Statutes**

Cal. Penal Code § 631 ..........................................................................................1

Cal. Penal Code § 638 ..........................................................................................1, 2, 4

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................1, 2, 3, 4
Fed. R. Civ. P. 26 ........................................................................................................2

Pursuant to Fed. R. Civ. P. 23(g)(3), Plaintiff respectfully submits this motion to appoint Elizabeth A. Fegan of Fegan Scott LLC as Interim Class Counsel for the proposed class. The appointment of interim class counsel is appropriate because an "overlapping, duplicative, [and] competing" class action has been filed in the Central District of California, and appointment of interim class counsel will resolve any uncertainties posed by two identical actions pending in separate courts. Manual for Complex Litigation (Fourth) § 21.11 (2004).

## I. BACKGROUND

Plaintiff Daniel Gliksman ("Plaintiff" or "Gliksman") filed his complaint ("Complaint") on December 2, 2024, alleging that Defendant Healthline Media, LLC ("Defendant" or "Healthline") illegally employs pixels to track, record, and collect website user data that is subsequently communicated to third-party platforms and advertisers without consent in violation of the California Invasion of Privacy Act ("CIPA") Cal. Penal Code §§ 638.51 and 631. ECF 1. Specifically, Plaintiff alleges Defendant's use of pixels violates CIPA § 638.51 by employing three separate pixels (the TikTok, Clarity, and Adnx pixels, collectively "Pixels") as "trap and trace devices" and "pen registers" as defined by Cal. Penal Code § 638.50(b). Plaintiff alleges that Defendant uses Pixels for the purpose of identifying the source of incoming electronic and wire communications to the website, allowing Defendant and third parties to obtain and analyze website users' data for profit in violation of CIPA § 638.51. ECF 1. Additionally, Plaintiff alleges that Defendant's use of Pixels violates § 631(a) because Defendant aids and abets third parties to intercept, eavesdrop upon, and record Plaintiff's and the Class's communications by embedding the Pixels into Healthline's website. Plaintiff brought his claims individually and on behalf of a Class defined as "[a]ll persons in California who visited Healthline.com within the statute of limitations (the "Class")." ECF 1, ¶ 67.

Since the filing of the Complaint, Plaintiff and Defendant (together, the "Parties") have engaged in meaningful litigation and coordination. On February 14, 2025, the Parties engaged in

a Rule 26(f) conference and subsequently filed their Joint Case Management Statement on February 27, 2025. ECF 20. Also on February 27, 2025, Healthline filed a Motion to Dismiss the Complaint. ECF 21. The Parties further exchanged their Rule 26(a) initial disclosures on February 27, 2024. On April 11, 2025, Plaintiff filed his Opposition to Healthline's Motion to Dismiss the Complaint. ECF 26. Defendant's reply in support of its Motion to Dismiss was filed on May 2, 2025. ECF 32. This Court has set Defendant's Motion to Dismiss for argument on August 14, 2025 at 2:00 p.m. ECF 31.

On April 3, 2025, a duplicate case titled *Velasco v. Healthline Media, LLC*, Case No. 2:25-cv-02940 (C.D. Cal.) was filed by attorneys at Tauler Smith LLP. The *Velasco* case asserts one claim under CIPA § 638.51 for violation of CIPA's trap and trace provision based on Defendant's use of the TikTok pixel, only. The *Velasco* complaint alleges claims on behalf of a class defined as "[a]ll persons within California whose identifying information was sent to TikTok as a result of visiting the Website within the limitations period." *Velasco* ECF 1, ¶ 22. Shortly thereafter, attorneys from the Tauler Smith LLP firm filed an additional duplicate case on April 11, 2025, this time on behalf of an individual in California state court, titled *Blaker v. Healthline Media, LLC*, Case No. 25STCV10780 (Cal. Sup. Ct. Cty. Of Los Angeles). The *Blaker* case similarly asserts one claim under CIPA § 638.51 for violation of CIPA's trap and trace provision against Healthline.

On May 9, 2025, Counsel for Plaintiff Gliksman conferred with Counsel for *Velasco* and *Blaker* about their overlapping cases via email.

## II. <u>LEGAL STANDARD</u>

Pursuant to Rule 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim

counsel is necessary to protect the interests of class members." *Brown v. Accellion, Inc.*, No. 5:21-cv-01155-EJD, 2023 U.S. Dist. LEXIS 23146, at *6 (N.D. Cal. Feb. 10, 2023) (citing *White v. TransUnion*, *LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)).

When presented with a motion under Rule 23(g)(3), the court may consider the factors contained in Rule 23(g)(1), including: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). "The court may also 'consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.'" *In re OpenAI ChatGPT Litig*., No. 23-cv-03223-AMO, 2024 U.S. Dist. LEXIS 76713, at *4 (N.D. Cal. Apr. 26, 2024) (quoting Fed. R. Civ. P. 23(g)(1)(B)).

## III. <u>ARGUMENT</u>

### A. The Appointment of Interim Class Counsel is Appropriate and Timely to Resolve Uncertainties Posed by Two Identical Actions Pending in Separate Courts.

The appointment of Interim Class Counsel is appropriate here, prior to class certification, because the duplicative actions constitute "rivalry or uncertainty" regarding which attorney or law firm is authorized to act on behalf of the putative class. *Caricofe v. Ford Motor Co*., No. 23-cv-1012 TWR (AHG), 2023 U.S. Dist. LEXIS 132660, at *3 (S.D. Cal. July 31, 2023). Fegan Scott, on behalf of Plaintiff Gliksman and the proposed class, has already invested significant time, effort, and resources into litigating their case. There is no reason for two separate actions, encompassing the same claims against the same Defendant, to proceed separately. Indeed, to do so would counter all principles of judicial efficiency. Additionally, counsel for the *Velasco* and *Blaker* actions filed

identical claims entirely encompassed by the instant case nearly five months after Plaintiff Gliksman's Complaint was filed. They took no effort to coordinate or communicate their actions to Gliksman's counsel.

As a result, early appointment is required to resolve any "uncertainty as to the[] respective roles" of the two firms litigating identical claims in two separate district courts. *Imran v. Vital Pharms., Inc.*, No. 18-cv-05758-JST, 2019 U.S. Dist. LEXIS 59389, at *26 (N.D. Cal. Apr. 5, 2019) (citing *In re Nest Labs Litig.*, No. 14-cv-01363-BLF, 2014 U.S. Dist. LEXIS 115596, at *3 (N.D. Cal. Aug. 18, 2014)); Fed. R. Civ. P. 23, comment to Paragraph (2)(A) ("In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate"); *Bolooki v. Honda Motor Co. Ltd.*, No. 2:22-cv-04252-MCS-SK, 2023 U.S. Dist. LEXIS 55616, at *5 (C.D. Cal. Feb. 21, 2023) (appointment of interim class counsel was appropriate at early stage of proceedings based on a rivalry between counsel for appointment of lead counsel); *Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743-TL, 2022 U.S. Dist. LEXIS 175374, at *13-14 (W.D. Wash. Sept. 27, 2022) (appointment of interim class counsel would "achieve greater efficiency and clarity" where competing groups represented plaintiffs and overlapping proposed classes).

While Plaintiff's complaint is broader and alleges two claims under CIPA based on Defendant's use of three separate Pixels, both this case and the *Velasco*[1] case allege that Healthline knowingly installed the TikTok pixel in violation of CIPA § 638.5. Therefore, Plaintiff's more comprehensive Complaint entirely encompasses the *Velasco* claims. Likewise, Plaintiff's proposed Class encompasses the *Velasco* class because Plaintiff's Class is defined broadly as "[a]ll persons in California who visited Healthline.com within the statute of limitations[.]" ECF 1 at ¶

[1] Because the *Blaker* case was brought on an individual basis, the *Blaker* claim is distinct despite the overlapping basis for the claims.

67. In comparison, the *Velasco* class is defined as "[a]ll persons within California whose identifying information was sent to TikTok as a result of visiting the Website within the limitations period." *Velasco*, ECF 1 at ¶ 22. Again, Plaintiff's proposed Class entirely encompasses the *Velasco* proposed class. Because there is substantial overlap between the two cases, the appointment of interim class counsel "is necessary to protect the interests of the putative class." *In re Seagate Tech. LLC Litig*., No. 16-cv-00523-RMW, 2016 U.S. Dist. LEXIS 80741, at *7 (N.D. Cal. June 21, 2016).

Here, sufficient reason exists to appoint Interim Class Counsel in order to dispel any inefficiencies, duplication, or uncertainty related to the parallel litigation of identical claims in separate districts. Without appointment of interim class counsel, it will remain unclear who has authority to act on behalf of the class resulting in duplication of efforts including time, judicial resources, and financial resources. Further, because Plaintiff's case was filed nearly five months before the *Velasco* case, the *Velasco* claims are identical and entirely encompassed within Plaintiff's Complaint, and the instant litigation has proceeded through initial motion practice and the opening of discovery, Elizabeth A. Fegan, Counsel for Plaintiff, should be appointed as Interim Class Counsel.

**B. The Court Should Appoint Elizabeth A. Fegan as Interim Class Counsel.**

**1. Fegan Scott has invested substantial effort identifying, investigating, and litigating the claims asserted in this action on behalf of Plaintiff and the class.**

Fegan Scott filed Plaintiff's case on December 2, 2024, nearly five months before counsel for *Velasco* and *Blaker* filed their identical cases, and after months of investigation into Healthline's use of Pixels. Prior to filing Plaintiff Gliksman's complaint, counsel at Fegan Scott spent months identifying, developing, and researching the case. Exhibit A, Declaration of Elizabeth Fegan ("Fegan Decl.") ¶ 9. This work included detailed review of Healthline's website

in addition to analyzing the legal strengths of CIPA claims against Healthline. *Id*. Plaintiff's counsel spent time communicating with Plaintiff Gliksman and the other Healthline visitors, developing the allegations, and investigating the features of Healthline's website. *Id*. Finally, Plaintiff's counsel invested significant time drafting a detailed, highly factual complaint. In the nearly six months since Plaintiff's case was filed, Fegan Scott has already dedicated substantial effort into litigating this matter, including ongoing Motion to Dismiss briefing, drafting and issuing discovery, and coordinating case management with Defendant. *Id*. ¶ 10. In contrast, the *Velasco* matter was filed on April 4, 2025 and virtually no litigation has occurred. The many months of investigation and litigation work that Ms. Fegan and her firm have put into the instant matter weigh heavily in favor of appointing Ms. Fegan as Interim Class Counsel.

**2. Ms. Fegan has relevant experience and knowledge of the applicable law.**

With nearly 30 years of experience representing plaintiffs in complex and class action litigation, Ms. Fegan founded Fegan Scott LLC in 2019 as a nationwide class action law firm after 15 years as Managing Partner of Hagens Berman's Chicago office. *See* www.feganscott.com; "Fegan Decl." ¶ 1. In the relatively short existence of Fegan Scott, Ms. Fegan has recovered more than $14 billion on behalf of class members:

- *In re Aqueous Film-Forming Foams (AFFF) Prods. Liab. Litig.*, MDL No. 2873, No. 2:18-mn-2873 (D.S.C.) (Gergel, J.): as appointed Co-Class Counsel, Ms. Fegan obtained final approval of combined $13.5 billion settlement for public water systems in *Dupont* and *3M* class actions;

- *Zakikhani, et al. v. Hyundai Motor Company, et al.,* No. 8:20-cv-01584 (C.D. Cal.) (Blumenfeld, Jr., J.): as appointed Co-Lead Counsel, Ms. Fegan achieved final approval of class settlement valued between $300 and $650 million;

- *In re: TikTok, Inc., Consumer Privacy Litig*., MDL No. 2948, No. 20-cv-4699 (N.D. Ill.) (Lee, J.): Ms. Fegan was *sua sponte* appointed Co-Lead Counsel by the Court and subsequently obtained final approval of a $92 million class settlement;

- *In re Kia Hyundai Vehicle Theft Marketing, Sales Pracs., and Prods. Liab. Litig.*, MDL No. 3052, No. 8:22-ml-03052 (C.D. Cal.) (Selna, J.): Ms. Fegan was *sua*

> *sponte* appointed interim Class Counsel, subsequently appointed Co-Lead Counsel, and has obtained final approval of $200 million class settlement (appeal pending).

Fegan Decl. ¶¶ 2-5.

While her experience ranges from student-athlete concussion injury litigation to her work for sexual abuse survivors in the Harvey Weinstein litigation, her work as Co-Lead counsel in *In re: TikTok, Inc., Consumer Privacy Litig*. uniquely qualifies her as Interim Class Counsel here. Like *In re: TikTok, Inc., Consumer Privacy Litig*., the privacy violations at issue in this case pose a serious risk for the misuse of sensitive information. Ms. Fegan understands the importance of working effectively to litigate a timely resolution in light of the need to protect personal medical and other private information.

Having successfully led some of the most complex and historic class actions in recent times, Ms. Fegan has built a reputation as a smart, tenacious, and skillful litigator. Most recently, Ms. Fegan was asked to represent certain public water systems during negotiations of the largest drinking water class action settlements ever achieved in *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (D.S.C.). Fegan Decl. ¶ 4. The Honorable Richard M. Gergel recently granted final approval to the two class settlements (in which the Court appointed Ms. Fegan as Class Counsel), totaling more than $13.5 billion, explaining that "class counsel [] have negotiated the best possible deal" and complimenting Class Counsel as some of the "best lawyers in America."[2]

While the above cases are examples of Ms. Fegan's work as lead class counsel, the successes are the result of her litigation ethic: zealous advocacy with a core commitment to professionalism. For example, when appointing Ms. Fegan *sua sponte* as Co-Lead Counsel in *In*

[2] *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (D.S.C.), Transcript of Proceedings, at 14:15, 114:19-21 (Feb. 2, 2024) (copy available upon request).

*re: TikTok, Inc., Consumer Privacy Litig*. after other attorneys had formed competing coalitions, Judge Lee explained:

> Ms. Fegan demonstrated to me during her work in the *NCAA Student-Athlete Concussion MDL* that she is very astute, hard-working and, perhaps most important of all in this circumstance, fair and level-headed.

No. 20-cv-4699, Transcript of Proceedings, at 12:22-25 (Sept. 24, 2020) (copy available upon request); Fegan Decl. ¶ 6. Upon final approval of the groundbreaking $92 million *TikTok* settlement, one of the largest privacy class action settlements ever achieved, the National Law Journal recognized the firm she founded, Fegan Scott LLC, as Consumer Protection Law Firm of the Year in its 2023 Elite Trial Lawyers Awards. Fegan Decl. ¶ 2.

Ms. Fegan's accomplishments and successes have been widely recognized. She has been named, *inter alia*, one of America's Top 200 Lawyers, Forbes (2024); Sports/Gaming/ Entertainment Law Trailblazer, The National Law Journal (2022); Midwest Trailblazer, The American Lawyer (2022); Illinois Super Lawyer, Super Lawyers Magazine (annually 2016-2024); 500 Leading Plaintiff Consumer Lawyers, Lawdragon (annually 2019-2024); Top 50 Women in Law Honoree, Chicago Daily Law Bulletin/Chicago Lawyer (2021); and Woman of Influence 2017, Best Lawyers, Business Edition (Spring 2017).

**3. Ms. Fegan and Fegan Scott will continue to commit substantial resources in the litigation to advance the interests of the class.**

The best predictor of the time and resources an attorney or law firm will devote to a case is what they have delivered in the past.[3] Based in Chicago, Fegan Scott is a nationwide class action

[3] *See, e.g., Holcomb v. Hosp. Sisters Health Sys.*, No. 3:16-cv-03282, 2017 U.S. Dist. LEXIS 226100, at *8 (C.D. Ill. Jan. 18, 2017) (court considered the "track records" of counsel in determining whether counsel "have significant resources to devote to [the] matter"); *see also In re: Insulin Pricing Litig*., No. 3:17-cv-0699, 2017 U.S. Dist. LEXIS 150919, at *10 (D.N.J. Sept. 18, 2017) (appointing counsel who had "successfully tried similar claims against comparable defendants" in previous cases).

law firm with additional offices in New York, Pittsburgh, Philadelphia, Houston, Washington, D.C., and Santa Monica. *See* Exhibit 1 (Fegan Scott firm resume) to Fegan Decl. Additionally, Ms. Fegan has demonstrated her dedication to protecting the rights of Californians through her admission to the California Bar. Fegan Scott's track record is a testament to its willingness to commit ample resources to staff and finance the prosecution of this litigation for as many years as necessary to ensure that class members receive the greatest amount of relief possible. As its resume exhibits, Fegan Scott and its attorneys have a record of successfully leading and funding complex consumer class action cases against some of the largest and well-funded corporations in the world. Fegan Scott's commitment to this litigation will be no different.

Fegan Scott will staff this case in an efficient manner to ensure that the putative class receives the highest quality of representation. Ms. Fegan will be supported by Senior Associate Megan Shannon, who has experience in being primarily responsible for the prosecution of dozens of complex class action cases, many of which focused on Illinois Biometric Information Privacy Act ("BIPA") claims. Exhibit B, Declaration of Megan Shannon ("Shannon Decl.") ¶¶ 1-2. Ms. Shannon also has significant experience in complex cases working on class certification discovery and bringing successful privilege challenges. Shannon Decl. ¶¶ 3-9. Recently, Ms. Shannon was appointed to the Plaintiffs' Steering Committee in *Faulkner v. MoneyGram Payment Systems, Inc. et al.*, Case No. 3:2024-cv-02557 (N.D. Tex.), a consolidated data breach action. Shannon Decl. ¶ 4. Ms. Shannon was also named to the "Best Lawyers: Ones to Watch" list for her work in Mass Tort Litigation / Class Actions in 2024 and 2025. Shannon Decl. ¶ 10. As the need arises, Ms. Fegan and Ms. Shannon will be supported by senior lawyers, associates, staff attorneys, three paralegals, and a dedicated staff for class member contacts. Fegan Decl. ¶ 8. Ms. Fegan and Fegan Scott have ensured their availability to commit the time, as well as finances, required in this litigation. Fegan Decl. ¶ 8.

**4. Appointing Ms. Fegan as Interim Class Counsel would further this Court's commitment to diversity in leadership positions.**

This Court has recognized the importance of diversity in representation and experience. *In re Robinhood Outage Litig*., No. 20-cv-01626-JD, 2020 U.S. Dist. LEXIS 236487, at *7 (N.D. Cal. July 14, 2020). Courts around the nation have sought to advance these commendable shared goals by appointing qualified attorneys of diverse backgrounds to leadership positions in class actions. *See id.* at *6 (declining to appoint interim class counsel because the Court was "concerned about a lack of diversity in the proposed lead counsel"); *In re Google Play Developer Antitrust Litig.*, No. 3:20-cv-05792-JD, ECF 79, at 1 (N.D. Cal. Dec. 11, 2020) ("The attention to the Court's concerns about making lead counsel opportunities available to a diverse slate of law firms and attorneys was another positive aspect of the proposal"); *Sayce v. Forescout Techs*., No. 20-cv-00076-SI, 2020 U.S. Dist. LEXIS 217198, at *25 (N.D. Cal. Nov. 19, 2020) (noting "the apparent lack of diversity, including by female lawyers" among applicants and "strongly urg[ing] all parties to this case to make meaningful litigation opportunities available to junior and underrepresented lawyers throughout the pendency of this action.") (emphasis in original).

Plaintiff seeks the appointment of a single female attorney who is the founder and managing member of her eponymous firm as class counsel, and who will be largely supported by a female Senior Associate. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, MDL No. 2924, PTO # 20, 2020 U.S. Dist. LEXIS 81742, at *26-27 (S.D. Fla. May 8, 2020) (noting "[t]he Court also sought to appoint a diverse leadership team that is representative of the inevitable diversity of the Plaintiffs in this case, and a team that affords younger and slightly less experienced attorneys an opportunity to participate in a leadership role in an MDL. The Court sought to create a team that would collectively bring to bear both wisdom and judgment, and also new approaches and ideas. The Court was particularly impressed by the number of applicants who have started their own

firms, especially the number of female founding partners who applied for roles in this litigation….”).

Appointing Ms. Fegan as Interim Class Counsel serves this Court's goal of ensuring that female attorneys are afforded leadership positions, while simultaneously guaranteeing that the litigation is led by an eminently qualified attorney and her team. Fegan Decl. ¶ 11.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court appoint Elizabeth A. Fegan of Fegan Scott LLC as Interim Class Counsel.

DATED: May 9, 2025

*/s/ Elizabeth A. Fegan*
ELIZABETH A. FEGAN
Elizabeth A. Fegan (CA Bar #355906)
FEGAN SCOTT LLC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: 312.741.1019
Facsimile: 312.264.0100
beth@feganscott.com

Megan E. Shannon (admitted *pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
megan@feganscott.com

*Attorneys for Plaintiff and the Proposed Class*