Elizabeth A. Fegan (CA Bar #355906)
FEGAN SCOTT LLC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: 312.741.1019
Facsimile: 312.264.0100
beth@feganscott.com

Megan E. Shannon (admitted *pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, Illinois 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
megan@feganscott.com

*Interim Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DANIEL GLIKSMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHLINE MEDIA, LLC,<br><br>Defendant. | Case No.: 3:24-cv-08650-AMO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**<br><br>Date: October 2, 2025<br>Time: 2:00 PM<br>Ctrm: 10 - 19th Fl<br>Judge: Araceli Martínez-Olguín |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........ 1

PROCEDURAL BACKGROUND ........ 1

LEGAL STANDARD ........ 3

ARGUMENT ........ 3

I. Defendant's Motion to Stay Discovery is Premature and Speculative. ........ 3

II. Plaintiff and the Putative Class Would be Prejudiced by a Stay of Discovery ........ 5

III. CIPA § 631(a) and § 638.51 Claims are Compatible. ........ 6

CONCLUSION ........ 8

## INTRODUCTION

Rather than respond to Plaintiff's outstanding discovery requests, Defendant preemptively moved to stay discovery based on a purportedly "dispositive" motion it has not yet filed. ECF 40 ("Motion"). Defendant's Motion is premature because it asks this Court to speculate on the merits of a motion to dismiss and an amended complaint *which have not been filed*. Defendant also partially bases its request to stay on the allegations of the original Complaint and Defendant's first Motion to Dismiss, both of which are inappropriate bases for a stay of discovery since they are no longer operative. In the absence of any "potentially dispositive" motion, a decision on a stay of discovery is improper.

Additionally, Defendant's Motion seeks to prejudice Plaintiff and the putative Class by depriving them of specific, tailored discovery ahead of rapidly approaching deadlines for the end of discovery and class certification. The prejudice to Plaintiff and the Class outweighs any burden on Defendant to fulfill its discovery obligations because Plaintiff's requests are reasonably tailored and because much of the information requested may already be gathered in connection with a recent investigation and settlement between Defendant and the California Attorney General's office.

Finally, Defendant wrongly asserts that a stay of discovery is appropriate because California Invasion of Privacy Act ("CIPA") claims under Sections 631(a) and 638.51 are "factually incompatible." Motion at 2. Defendant's argument is improper because it again asks the Court to speculate on the merits of claims and arguments not yet before it. Moreover, this argument fails to consider the broad legislative purpose of CIPA, which is to protect the privacy of Californians.

Plaintiff Daniel Gliksman ("Plaintiff"), on behalf of himself and the Class, respectfully requests that this Court deny Defendant's Motion to Stay Discovery.

## PROCEDURAL BACKGROUND

Plaintiff filed his complaint ("Complaint") on December 2, 2024, alleging that Defendant Healthline Media, LLC ("Defendant" or "Healthline") illegally employs certain pixels to track, record, and collect website user data that is subsequently communicated to third-party platforms

and advertisers without consent in violation of CIPA, Cal. Penal Code §§ 638.51 and 631. ECF 1. On February 14, 2025, the Parties engaged in a Rule 26(f) conference and subsequently filed their Joint Case Management Statement on February 27, 2025. ECF 20. The Parties exchanged Rule 26(a) initial disclosures on February 27, 2024. On March 3, 2025, this Court entered its initial Case Management Scheduling Order (ECF 24), setting the following deadlines:

| **Event** | **Deadline** |
|---|---|
| Close of fact discovery | February 27, 2026 |
| Plaintiff's motion for class certification and any class expert reports | April 24, 2026 |
| Defendant's opposition to class certification and any class expert reports | June 26, 2026 |
| Plaintiff's reply in support of class certification, with any rebuttal reports | July 27, 2026 |
| Hearing on motion for class certification | To be noticed by Plaintiff based on the Court's availability at the time of filing. |

On July 9, 2025, Counsel for Plaintiff requested that Defendant supplement its FRCP26(a)(1)(iv) disclosures and produce any relevant insurance policy based on its identification of CNA as an insurance carrier/interested party in the related matter *Velasco v. Healthline Media LLC*, Case No. 2:25-cv-02940-JFW-JPR, (C.D. Cal., filed Apr. 3, 2025). *Velasco* ECF 26. On July 18, 2025, Plaintiff issued written discovery requests to Defendant.

Following the completion of briefing on Defendant's Motion to Dismiss, this Court held oral argument on August 14, 2025, and granted Defendant's Motion to Dismiss based on Article III standing. ECF 31. Plaintiff was granted leave to amend his complaint by September 11, 2025. On the day of the hearing, Defendant's counsel requested an extension to respond to Plaintiff's discovery requests and assured Plaintiff's counsel that they were working on said responses and the production of the applicable insurance policy. Counsel for Plaintiff agreed to the extension until September 4, 2025. Again, on September 3, 2025 Counsel for Defendant requested a one-week extension to respond to discovery, which Counsel for Plaintiff agreed to as a professional courtesy.

Sixty days later, Defendant still has not responded to Plaintiff's request that Defendant

provide the applicable CNA insurance policy as required by FRCP26(a)(1)(iv). Rather than respond to Plaintiff's written discovery, Defendant filed the instant motion. Plaintiff is responding to this Motion before Defendant has seen the amended complaint and before Defendant has filed *any* motion to dismiss.

## LEGAL STANDARD

District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Courts in this district utilize a two-part test whether to stay discovery pending the resolution of a motion to dismiss: (1) whether the "pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and (2) "whether the pending dispositive motion can be decided absent additional discovery." *Pacific Lumber Co. v. Nat'l Un. Fire Ins. Co.*, 220 F.R.D 349, 352 (N.D. Cal. 2003). "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Yamasaki v. Zicam LLC*, No. 21-CV-02596, 2021 U.S. Dist. LEXIS 157156, at *4 (N.D. Cal. Aug. 19, 2021) (citation omitted).

## ARGUMENT

### I. Defendant's Motion to Stay Discovery is Premature and Speculative.

Defendant's Motion is premature because it is premised on the purportedly "dispositive" nature of a motion to dismiss that has not yet been filed. In fact, at the time Defendant filed its Motion, Plaintiff had not yet filed an amended complaint. In its Motion, Defendant rehashes the arguments made in its initial Motion to Dismiss and adds a new hypothetical argument regarding its belief that "CIPA § 631(a) and § 638.51 claims are factually incompatible." Motion at 5. Defendant requests that the Court speculate, based solely on Plaintiff's initial Complaint and the premature arguments set forth in the Motion, that its arguments have merit. Defendant's Motion should be denied as premature for this reason alone. Defendant offers no legal authority (there is none) justifying its request to stay discovery based on pure speculation as to what may or may not be plead and briefed by the Parties.

Critically, there is no way for this Court to take a "preliminary peek" at a motion not yet

before it. This Court has denied a motion to stay discovery for this exact reason. *Litton v. Roblox Corp.,* No. 25-cv-03088, 2025 U.S. Dist. LEXIS 158031, at *2-3 (N.D. Cal. Aug. 14, 2025) (Martínez-Olguín, J.) (denying a motion to stay discovery where Defendants had not yet filed the motions on which their request to stay discovery was premised); *see also DiGiacinto v. RB Health (US) LLC*, No. 22-CV-04690, 2022 WL 20087460, at *4 (N.D. Cal. Dec. 5, 2022) ("In this case, as Defendant's motion to dismiss has not yet been filed, the court cannot assess the merits of the motion."). Each of Defendant's cited cases are readily distinguished because each involved a stay where a motion to dismiss was actually pending. *See Tradin Organics USA LLC v. Terra Nostra Organics, LLC*, No. 23-cv-03373, 2023 U.S. Dist. LEXIS 218287, at *3 (N.D. Cal. Dec. 7, 2023) (motion to dismiss was pending and fully briefed); *Webb v. Rejoice Delivers LLC*, No. 22-cv-07221, 2025 U.S. Dist. LEXIS 40955, at *3 (N.D. Cal. Mar. 6, 2025) (motion to dismiss was already pending); *Arcell v. Google LLC*, No. 5:22-cv-02499, 2022 U.S. Dist. LEXIS 197658, at *3 (N.D. Cal. Oct. 31, 2022) (same); *Pereda v. Gen. Motors LLC*, No. 21-cv-06338, 2022 U.S. Dist. LEXIS 241781, at *9 (N.D. Cal. Mar. 15, 2022) (same).

Because Defendant's Motion was filed before an operative complaint or a motion to dismiss, each of Defendant's arguments based on Plaintiff's initial Complaint and Defendant's first Motion to Dismiss are moot. For example, Defendant asserts that based on its first Motion to Dismiss, Plaintiff's pleading defects "will be dispositive of Plaintiff's Complaint." Motion at 1. But there is currently no complaint or motion to dismiss pending, as the first Motion to Dismiss has been adjudicated. Defendant asks this Court to speculatively rule on pleadings that do not exist. Defendant also argues that a stay of discovery is appropriate because its first Motion to Dismiss "was also potentially dispositive of issues at which the discovery is directed." Motion at 1. Again, it is improper for Defendant to assert these arguments in the absence of an amended complaint and pending motion to dismiss. A ruling staying the case at this juncture would be speculative and run afoul of "this District's test by surmising the arguments Defendants will make in future motions." *Litton*, 2025 U.S. Dist. LEXIS 158031, at *3-4.

## II. <u>Plaintiff and the Putative Class Would be Prejudiced by a Stay of Discovery.</u>

Based on the current discovery schedule and class certification deadline, Plaintiff and the Class would be greatly prejudiced by a stay of discovery because Plaintiff would be left in the dark without critical information while the deadlines continue to approach. Without discovery, Plaintiff is unable to build his case, identify relevant witnesses, or make meaningful progress towards class certification. Here, the prejudice to Plaintiff outweighs any alleged burden to Defendant because (1) Plaintiff's discovery requests are narrowly tailored and largely limited to a one-year period; and (2) Defendant may have much of the requested information ready to produce based on its involvement in a related investigation and resulting settlement with the California Attorney General's office. In light of these considerations, Defendant cannot meet any "good cause" standard under Fed. R. Civ. P. 26(c).

First, Defendant mischaracterizes Plaintiff's discovery requests as "burdensome and sweeping" when in reality, Plaintiff's requests are appropriately tailored. Motion at 2. In fact, most of Plaintiff's discovery requests concern a one-year time period. ECF 40-1, at 9-10 and 20. This limitation significantly limits the scope of information requested, especially in comparison to many broader and more sweeping class cases which seek years of ESI and communications. Plaintiff also issued 21 requests for production and 15 interrogatories. Again, these are reasonable numbers of requests and a far cry from Defendant's characterization of the discovery as "sweeping and intrusive." Motion at 4.

Second, Defendant may have already gathered and produced much of this information during a recent investigation by the California Attorney General's office into Defendant's use of pixels and online tracking technology, which resulted in a $1.55 million settlement.[1] *See The People of the State of Cal. v. Healthline Media, LLC*, Case No. CGC-25-626794 (Super. Ct. San Francisco Cnty.,filed July 1, 2025), Complaint attached as Ex. A. As stated in the AG's Complaint:

---

[1] https://oag.ca.gov/news/press-releases/attorney-general-bonta-announces-largest-ccpa-settlement-date-secures-155 (last accessed September 9, 2025).

> To maximize ad revenue, Healthline allows invisible online trackers, like cookies and pixels, to communicate data about readers to advertisers. This data includes information that could identify the consumer, like a unique identifier stored as a cookie, as well as the title of the article they were reading. Some titles potentially indicated the reader may have already been diagnosed with a serious illness, such as "Newly Diagnosed with HIV? Important Things to Know."

Ex. A at 2. Because the California Attorney General's office has already investigated Defendant's pixels and negotiated a settlement encompassing their misuse, it is reasonable to assume that Defendant has much of the information requested readily available.

Here, Defendant cannot establish "good cause" to stay discovery where the prejudice to Plaintiff is greater than any purported burden on Defendant. Because Defendant cannot establish good cause *or* meet this District's two-part test to stay discovery, its Motion should be denied.

## III. <u>CIPA § 631(a) and § 638.51 Claims are Compatible.</u>

Defendant's Motion also asserts a new argument in which it claims that "CIPA § 631(a) and § 638.51 claims are factually incompatible." Motion at 2. At the outset, Plaintiff refutes the propriety of prematurely raising this argument and labeling it as "potentially dispositive" because again, there is *no* pending motion to dismiss let alone a pending operative complaint. Defendant asks the Court to put the proverbial "horse before the cart" and rule on the merits of an issue not properly before it.

Nevertheless, Defendant is wrong as a matter of law. It is true that the statutory language of Section 638.50 defines pen registers and trap and trace devices with the phrase "but not the contents of the communications," while Section 631 claims for aiding and abetting involve the contents of a communication. However, the statute does not present a "conclusive basis in the text for resolving such a matter of statutory interpretation." *In re Meta Pixel Tax Filing Cases*, No. 22-cv-07557, 2025 U.S. Dist. LEXIS 152615, at *15 (N.D. Cal. Aug. 6, 2025). Where ambiguity exists, California courts "determine the Legislature's intent so as to effectuate the law's purpose." *Id*. (quoting *Skidgel v. Cal. Unemployment Ins. Appeals Bd.*, 493 P.3d 196 (Cal. 2021)).

CIPA was enacted in 1967 for the purpose of "protect[ing] the right of privacy by, among other things, requiring that all parties consent to a recording of their conversation." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 769 (2002). Courts have held that "the California Legislature, in enacting CIPA, intended 'to protect the right of privacy of the people of this state from what it perceived as a serious threat to the free exercise of personal liberties that cannot be tolerated in a free and civilized society. This philosophy appears to lie at the heart of virtually all the decisions construing [CIPA].'" *In re Meta Pixel Tax Filing Cases*, 2025 U.S. Dist. LEXIS 152615, at *15-16 (quoting *Flanagan*, 27 Cal. 4th at 775) (brackets in original). "In light of this intent, the California Supreme Court has instructed courts to interpret CIPA in the manner that 'fulfills the legislative purpose of [CIPA] by giving greater protection to privacy interests.'" *Matera v. Google Inc.*, No. 15-CV-04062, 2016 U.S. Dist. LEXIS 107918, at *60 (N.D. Cal. Aug. 12, 2016) (brackets in original).

Based on these well-established principles of statutory interpretation, at least one court has addressed the ambiguity between Section 638.51 and Section 631(a) and held that "[g]iven CIPA's purpose to protect Californians against the privacy intrusions that can result from either wiretaps or pen registers, the better interpretation of Section 638.51 is that it defines a pen register as any device that 'records dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted,' but not a device that records only 'the contents of communications.'" *In re Meta Pixel Tax Filing Cases*, 2025 U.S. Dist. LEXIS 152615, at *19. Under Defendant's proposed interpretation, any "entity could engage in the very conduct that CIPA proscribes—using a pen register without a court order—while escaping liability through a statutory loophole that is available only because that entity collects even more sensitive information (the content of Californians' communications) along with the information recorded by pen registers." *Id*. at *16-17.

Defendant's reasoning here rests entirely on the decision in *Kishnani v. Royal Caribbean Cruises Ltd*., No. 25-CV-01473, 2025 WL 1745726, at *4 (N.D. Cal. June 24, 2025). But the *Kishnani* decision fails to consider the legislative intent of CIPA, as is required when presented with statutory ambiguity.

In sum, it is improper for Defendant to assert a new, hypothetical argument here before seeing an operative complaint or filing a motion to dismiss. Nevertheless, Defendant's assertion of this theoretical argument fails because careful analysis of the statute and the legislative intent confirms that Section 631 and 638.51 claims are not mutually exclusive.

## CONCLUSION

Defendant's Motion to Stay Discovery should be denied as premature and speculative because it rests on pleadings which have not yet been filed. No good cause exists to stay discovery because the prejudice to Plaintiffs in staying discovery outweighs any alleged burden to the Defendant. Finally, although the argument is not properly before the Court, Defendant's Motion should be denied because CIPA § 631(a) and § 638.51 claims are, in fact, compatible. Defendant should be required to produce its outstanding discovery obligations immediately.

DATED: September 10, 2025

*/s/ Elizabeth E. Fegan*

*/s/ Elizabeth A. Fegan*
ELIZABETH A. FEGAN
Elizabeth A. Fegan (CA Bar #355906)
FEGAN SCOTT LLC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: 312.741.1019
Facsimile: 312.264.0100
beth@feganscott.com

Megan E. Shannon (admitted *pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, Illinois 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
megan@feganscott.com

***Interim Class Counsel***