**CLARK HILL LLP**
Myriah Jaworski (SBN 336898)
mjaworski@clarkhill.com
Ali Bloom (SBN 347446)
abloom@clarkhill.com
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

**CLARK HILL LLP**
Chirag H. Patel (admitted *pro hac vice*)
cpatel@clarkhill.com
130 E. Randolph
Suite 3900
Chicago, IL 60601
Telephone: (312) 985-5900
Facsimile: (312) 985-5999

*Attorneys for Defendant Healthline Media LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL GLIKSMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHLINE MEDIA, LLC,<br><br>Defendant. | Case No. 3:24-cv-08650-AMO<br><br>**DEFENDANT HEALTHLINE MEDIA LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**<br><br>Judge: Hon. Araceli Martinez-Olguin<br><br>Complaint filed: December 2, 2024<br><br>Date: October 2, 2025<br>Time: 2:00 PM<br>Ctrm: Courtroom 10 – 19th Floor |

## TABLE OF CONTENTS


I. Introduction ........ 1

II. Argument ........ 4

A. Healthline's prior and forthcoming motions to dismiss are "potentially dispositive" ........ 4

1. This Court's previous grant of Healthline's motion to dismiss supports a stay of discovery ........ 4

2. Healthline's forthcoming motion to dismiss the Amended Complaint is potentially dispositive ........ 5

i. Gliksman has failed to cure the defects from his original complaint ........ 5

ii. Gliksman concedes that CIPA § 631(a) and § 638.51 claims are factually incompatible as a matter of law ........ 7

B. Good cause exists for a stay because Gliksman failed to show any prejudice that would result from a short stay ........ 9

III. Conclusion ........ 10

## I. INTRODUCTION[1]

Plaintiff Daniel Gliksman ("Gliksman" or "Plaintiff") did not have an operative complaint when defendant Healthline Media LLC ("Healthline" or "Defendant") filed its instant Motion to Stay. Gliksman has now filed his Amended Complaint, and it remains woefully deficient under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This Court should enter a protective order for a short stay of discovery while this Court resolves Healthline's forthcoming motion to dismiss Gliksman's Amended Complaint.

Healthline moved this Court for a stay under two separate standards: (1) this district court's standard for a stay during pendency of a motion to dismiss (the "motion to dismiss standard"), and (2) Fed. Civ. P. 26(c)'s general "good cause" standard.

As to the motion to dismiss standard, Gliksman makes a peculiar argument: Gliksman argues that Healthline filing this motion *after* this Court granted its motion to dismiss (rather than during its pendency) diminishes Healthline's request for a stay. Opp. at 3-4. The contrary is true. As this Court acknowledged in *Tradin Organics USA LLC v. Terra Nostra Organics, LLC*, No. 23-CV-03373-AMO, 2023 WL 8481814, at *2 (N.D. Cal. Dec. 7, 2023) (Martínez-Olguín, J.), under this standard, the district court takes a "preliminary peek" at the merits of the underlying motion to dismiss to determine if the motion is "potentially dispositive." (citing *Yamasaki v. Zicam LLC*, No. 21-CV-02596-HSG, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (Gilliam, Jr., J.). But this Court has already gone further than that – it has adjudicated and granted Healthline's prior motion to dismiss. Any stay order entered during the *pendency* of a motion to dismiss would have continued through further motion practice following the court's grant of the motion to dismiss. The same result should follow for a motion for stay filed after this Court's grant of a motion to dismiss. *See* § II(A)(1), *infra*.

---

[1] Defendant Healthline Media LLC's ("Healthline") Memorandum of Points and Authorities in Support of its Motion to Stay [ECF No. 40] is cited herein as "Motion" or "Mot." Plaintiff Daniel Gliksman's ("Gliksman") Opposition [ECF No. 42], is cited as "Opposition" or "Opp." The Complaint [ECF No. 1], is cited as "Compl." The Amended Complaint [ECF No. 44] is cited as "Am. Compl."

Next, a "preliminary peek" of Gliksman's Amended Complaint reveals that many defects persist from his original complaint. The Complaint still lacks plausible allegations of an Article III injury, plausible allegations of an "in transit" interception by each of the Pixels, and plausible allegations of "aiding and abetting." *See* § II(A)(2)(i), *infra*. And in any event, this Court is likely to dismiss Gliksman's § 638.51 claim because CIPA § 631 and § 638.51 claims are factually incompatible. *See Mitchener v. CuriosityStream, Inc.*, No. 25-CV-01471-NW, 2025 WL 2272413, at *5 (N.D. Cal. Aug. 6, 2025) (Wise, J.) ("By definition, a 'trap and trace device' captures identifying information ***about*** a communication '***but not the contents*** of a communication'" (quoting Cal. Penal Code § 638.50(c) (emphasis is original). Importantly, despite knowing exactly what arguments Healthline will make in its forthcoming motion to dismiss, at no point does Gliksman argue that discovery is necessary to resolve that motion. *See* § II(A)(2)(ii), *infra*.

Even if it mattered that Healthline filed this Motion after this Court granted its prior motion to dismiss, Rule 26(c)'s good cause standard favors a stay because it will "promote efficiency and avoid undue burden to Defendants" in the face of broad, time-consuming and expensive discovery requests. Mot. at 4-5 (citing *Arcell v. Google LLC,* No. 5:22-CV-02499-EJD, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (Davila, J.)). Gliksman's primary argument in opposition is that a short delay will result in "prejudice to Plaintiff and the Class." Opp. at 1. But Gliksman does not articulate *how* a short stay will prejudice him or the putative class. And Gliksman cannot make a serious claim of prejudice from a short delay as he is responsible for the current lack of progress in this case. Specifically:

- Healthline filed its prior motion to dismiss on February 27, 2025. [ECF No. 21]. Rather than amend its threadbare complaint, Gliksman opposed the motion and extended the hearing date. The hearing occurred on August 14, 2025 – nearly six months later.
- This Court entered its Rule 16 case management order on March 3, 2025 [ECF No. 24], but Gliksman did not issue discovery until July 18, 2025 – nearly five months after discovery commenced.[2]

---

[2] Pursuant to this Court's March 3, 2025 Rule 16 Order, discovery commenced upon the parties' Rule 26(f) Conference. Order at 1 n. 1 [ECF No. 21].

- In the parties' February 27, 2025 joint report ("JR") [ECF No. 20], the parties reported that they would "cooperate and work in good faith toward a mutually agreeable ESI Protocol." As of this date, Gliksman has not attempted to confer with Defendant regarding an ESI protocol despite anticipating that discovery would entail significant ESI.
- Gliksman has not issued subpoenas to any of the third-party providers of the technologies referenced in Gliksman's complaint.
- The parties have not conferred regarding entry of a confidentiality order.

In short, little has occurred since discovery commenced in February, and Gliksman saw no reason to issue discovery until July 18 *despite being the party who pushed for commencement of discovery*. Moreover, any minimal prejudice that Gliksman could muster from a short stay pales in comparison to the prejudice Healthline will endure from the significant cost and burden of discovery, all of which will be for nothing if this Court grants Healthline's forthcoming motion to dismiss. *See* Mot. at 4-5.

Lastly, Healthline's *settlement* with the California Attorney General is whether this Court should grant a stay. That matter focused on Healthline's opt-out mechanisms under an entirely different statute (the California Consumer Privacy Act ("CCPA")). While Gliksman broadly argues that it is "reasonable to assume that [Healthline] has much of the information requested readily available" based on the California AG's investigation, he makes no attempt to articulate what specific items that might have been produced in that matter would be responsive to his discovery requests.[3] There is no overlap. Rule 26's good cause factors strongly favor Healthline *See* § II(B), *infra*.

This Court should grant Healthline's request for a short stay.

[3] As explained further in § II(B)(i), *infra*, the final judgment in that matter not only expressly allowed Healthline to use the technologies referenced in Giksman's Amended Complaint, but it also released Healthline of all claims "relating to the collection, use, sharing, selling, or otherwise disclosing of consumers' personal information" on its Website.

## II. ARGUMENT

### A. HEALTHLINE'S PRIOR AND FORTHCOMING MOTIONS TO DISMISS ARE "POTENTIALLY DISPOSITIVE"

This Court's prior grant of Healthline's motion to dismiss supports entry of a stay. *See* § II(A)(1), *infra*. Even if this Court shifts its focus to Gliksman's newly filed Amended Complaint, that pleading remains deficient under Rule 12(b)(1) and 12(b)(6). *See* § II(A)(2)(i), *infra*. Last, Gliksman concedes that CIPA § 631 and § 638.51 claims are factually incompatible, compelling the dismissal of one of the claims. Opp. at 6-7; *see* § II(A)(2)(ii), *infra*.

#### 1. This Court's previous grant of Healthline's motion to dismiss supports a stay of discovery

As to the motion to dismiss standard for a stay, Gliksman's opposition focuses entirely on its newly filed complaint and Healthline's forthcoming motion to dismiss. Opp. at 3-4. Gliksman looks in the wrong direction. The Court's *prior* grant of Healthline's motion to dismiss supports entry of a stay.

Although this standard generally focuses on grant of a stay during pendency of a motion to dismiss, its underlying policy is even stronger when applied to a recently granted motion to dismiss. The motion to dismiss stay standard is rooted in Rule 26(c)'s "good cause" standard, but applies a two-step test in the context of the pending motion to dismiss. *See Tradin Organics USA LLC*, 2023 WL 8481814, at *1. In short, if a defendant's motion is "potentially dispositive" and can be resolved without discovery, then good cause exists to spare that defendant from the cost and burden of discovery during pendency of the motion. *Id*.

As explained in Healthline's Motion, this Court has not just taken a "'preliminary peek' at the merits of the [prior] dispositive motion," *Yamasaki*, 2021 WL 3675214, at *1, this Court *granted* the motion. Because Gliksman now bears to the burden of showing that his Amended Complaint cured the defects raised in Healthline's prior motion to dismiss (he has not), this standard favors entry of stay until this Court resolves subsequent motion practice as to Gliksman's Amended Complaint. Indeed, if Healthline had filed a motion to stay while its prior motion to dismiss was still pending, this Court likely would have continued the stay until subsequent motion

practice was resolved. Healthline waiting to move this court for a stay until after it had prevailed on the motion to dismiss does not diminish the propriety of stay – it strengthens it.

**2. Healthline's forthcoming motion to dismiss the Amended Complaint is potentially dispositive**

Even if this Court shifts its focus to viability of Gliksman's Amended Complaint, Healthline's forthcoming motion to dismiss is "potentially dipositive" because Gliksman has failed to cure the defects in this original complaint. Importantly, Gliksman does not argue that discovery is necessary to resolve Healthline's forthcoming motion to dismiss. Opp. at 5-6; *Tradin Organics USA LLC*, 2023 WL 8481814, at *2 (N.D. Cal. Dec. 7, 2023) (courts grant a discovery stay when a motion is potentially dispositive and discovery is not necessary to resolve the motion).

At minimum, this Court is likely to Gliksman's CIPA § 638.51 claims because he alleges that the technology on Healthline's website captures "content" information.

**i. Gliksman has failed to cure the defects from his original complaint**

Healthline's motion to dismiss moved to dismiss for lack of Article III standing under 12(b)(1), and on several bases under Rule 12(b)(6). A cursory review of the amended complaint reveals that Gliksman has not cured the defects in his original complaint. As to Article III standing, Healthline explained that Gliksman's original

> complaint [was] rife with generic descriptions about the type of information the Pixels are allegedly capable of collecting when configured or deployed in certain ways, and a host of hypothetical interactions that could allegedly lead to the collection of sensitive personal information (e.g., by running a search). But Gliksman neither plead[ed] what website he visited nor that he had any such interactions with the Website.

Motion to Dismiss at 1. Gliksman's Amended Complaint makes little effort to cure these defects. Once again, Gliksman's Amended Complaint makes general allegations about the operation of the three distinct website technologies from TikTok, Microsoft, and Xandr, Am. Compl. ¶¶ 17-56, but then makes conclusory group allegations that the "Pixels" collected search terms and article titles, Am. Compl. ¶¶ 64-66. Gliksman makes no effort to articulate what types of information *each* "Pixel" collects and through what technical process. Am. Compl. ¶¶ 64-66.

Gliksman's minor addition in the Amended Complaint is the generalized reference to the subject matter of articles he allegedly viewed on the Website. Am. Compl. ¶¶ 64-66. But he does not articulate what articles he viewed, how he reached those articles, and when he allegedly viewed those articles. *Id*. The specifics matter. By Gliksman's own allegations, not every search or interaction with Healthline's website is "tracked;" rather, "website owners can specify the 'Events' they want to track and report." Am. Compl. ¶ 35. Moreover, Gliksman ***still*** does not allege that he: (a) has an account on the Healthline website, (b) submitted any identifying information to Healthline's website, (c) has account with TikTok, Microsoft, and Xandr, or (d) browsed Healthline's website on his personal device or browser. *See* Motion to Dismiss at 5; *see generally* Am. Compl. Gliksman does not even bother to allege that he visited Healthline's website within CIPA's one year statute of limitations. As will be articulated further in Healthline's forthcoming motion to dismiss, the Amended Complaint still fails to plausibly allege the interception of cognizably private information sufficient to satisfy Article III.

Gliksman's Amended Complaint also fails to address Rule 12(b)(6) pleading defects asserted in Healthline's original motion to dismiss:

**Section 631(a) Aiding and Abetting:**

***Motion to Dismiss Argument*:** Section 631(a) aiding and abetting requires facts that "support a plausible inference that [d]efendant had knowledge of [the third-party's] unlawful conduct," and that "[d]efendant acted with the requisite intent to substantially aid such conduct." *Smith v. Yeti Coolers, LLC*, No. 24-cv-01703-RFL, 2025 WL 877127 (N.D. Cal. March 14, 2025) (Lin, J.). Conclusory allegations of "knowledge" and substantial support are not enough. *Id*. Motion to Dismiss at 13-14.

***Amended Complaint:*** No new factual allegations to support conduct by Healthline showing Healthline's knowledge of <u>each</u> of the Pixels' "unlawful conduct" and conduct by Healthline to "substantially aid" in that conduct. Gliksman cites to a *CCPA* settlement with the California AG *related to opt-out mechanisms*. Am. Compl. ¶¶ 58-59. In fact, the final judgment in that matter: (a) allows Healthline to continue to use the website technologies at issue, and (b) releases Healthline of

> any and all civil privacy and consumer protection law claims relating to the collection, use, sharing, selling, or otherwise disclosing of consumers' personal information relating to or arising out of a consumer's interaction with Healthline's websites or mobile applications, including for online advertising or analytics purposes . . . .

*California v. Healthline Media LLC*, CCG-25-626794 (Cal. Super. Ct. (San Francisco) Jul. 25, 2025), Final Judgment ¶¶ 19-20, 27, available at: https://oag.ca.gov/system/files/media/healthline-media-llc-final-judgement.pdf (last accessed September 17, 2025).

**Section 631(a) "In Transit" Interception by Each of the Pixels:**

***Motion to Dismiss Argument*****:** "Gliksman must allege that the interception [by each Pixel] occurred 'in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within California.'" Motion to Dismiss at 15 (quoting *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021)). Conclusory allegations of "real time interception" are insufficient. Healthline's Reply at 11 [ECF No. 32] (citing *Facebook, Inc.,* No. 19-cv-1297-WQH-MMP, 2025 WL 951277, at * (S.D. Cal. March 28, 2025)).

***Amended Complaint:*** Only conclusory allegations of "real time" interception. Am Compl. ¶¶ 34, 61, 67, 70.

Gliksman failed to cure these deficiencies, and each is "potentially dispositive" without the need for discovery.[4]

### ii. Gliksman concedes that CIPA § 631(a) and § 638.51 claims are factually incompatible as a matter of law

Finally, this Court is likely to dismiss Gliksman's § 638.51 claim regarding some or all of the Pixels. Gliksman agrees that the statutory language in CIPA § 631(a) and § 638.51 present mutually exclusive claims: CIPA § 638.50 concerns pen registers and trap and traces devices that do *not* capture contents of communications and CIPA § 631(a) concerns wiretapping or eavesdropping devices that do capture the content of communications. Nonetheless, Gliksman asks this Court to ignore the plain language of the statute and rely on a broad policy pronouncement of

[4] As argued in Healthline's opening Motion, this Court could also dismiss Gliksman's claims as to less than all technologies at issue. Mot. at 8. This would also have the effect of narrowing potential discovery and favors a stay.

CIPA's "purpose of 'protect[ing] the right of privacy by, among other things, requiring that all parties consent to a recording of their conversation.'" Opp. at 6-7 (citing *Flanagan v. Flanagan*, 27 Cal. 4th 766, 769 (2002)).

But, under California's canons of statutory interpretation, courts "begin with the plain, commonsense meaning of the language used by the Legislature[, and i]f the language is unambiguous, the plain meaning controls." *People v. Johnson,* 57 Cal. 4th 250, 260 (2013) (cleaned up; citations omitted). Most courts who have addressed this question have concluded that under the plain language of CIPA § 638.50, a pen register and trap and trace device is a one that does not capture content information. *See Mitchener*, 2025 WL 2272413, at *5 ("[b]y definition, a 'trap and trace device' captures identifying information ***about*** a communication '***but not the contents*** of a communication'" (quoting Cal. Penal Code § 638.50(c)) (emphasis is original); *Kishnani v. Royal Caribbean Cruises Ltd*., No. 25-CV-01473-NW, 2025 WL 1745726, at *4 (N.D. Cal. June 24, 2025) (Wise, J.) (same); *Price v. Headspace, Inc.,* No. 24STCV19921, 2025 WL 1237977, at *3 (Cal. Super. Apr. 01, 2025) ("what has remained steadfast throughout is the principle that neither a pen register nor a trap and trace device can decode "the contents of a communication.'" (quoting Cal. Penal Code § 638.50(c)); *Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 WL 487194, at *3 (Cal. Super. Jan. 27, 2025) (the "legislative history of the CIPA suggests that 'pen register' and 'track and trace devices' refer to devices or processes that are used to record or decode dialing, routing, addressing, or signaling information from telephone numbers, and not internet communications such as websites").

Gliksman relies on the outlier in *In re Meta Pixel Tax Filing Cases*, No. 22-CV-07557-PCP, 2025 WL 2243615, at *4 (N.D. Cal. Aug. 6, 2025) (Pitts, J.). Opp. at 7. *In re Meta Pixel,* not only disagrees with the gravamen of cases addressing this issue, the Court abandons the canon of statutory of interpretation by speculating as of the Legislature's intent rather than following the plain language of the statute. *See* 2025 WL 2243615, at *5 ("it is highly unlikely that the Legislature intended to permit the installation and use of pen registers so long as those devices also record the contents of a third party's communications"). But this circular reasoning ignores that a device that is capable of capturing content information – ***by statutory definition*** – is not a

pen register and trap and trace device.

There is no legislative gap or loophole – not ever provision of CIPA covers every situation. Here, the California legislature created two distinct provisions in CIPA to address two different types of devices. A device cannot be both. CIPA §§ 631 and 632 address the capture of content information. Accordingly, Healthline's forthcoming motion to dismiss is potentially dispositive of Gliksman's CIPA § 638.51 claim.

### B. GOOD CAUSE EXISTS FOR A STAY BECAUSE GLIKSMAN FAILED TO SHOW ANY PREJUDICE THAT WOULD RESULT FROM A SHORT STAY

Gliksman argues that a short delay would cause him "and the Class" prejudice, but he provides no further development of this claim. Opp. at 5. He does not articulate *what* prejudice he or the class would suffer from a short stay while this Court resolves Healthline's forthcoming motion to dismiss. Gliksman does not articulate any dire need for discovery; nor could he considering that he waited nearly five months to issue discovery and the parties have not conferred on an ESI protocol or confidentiality order.

Next, Gliksman speculates that Healthline "may have already gathered and produced much of [Gliksman's requested] information during a recent investigation by the California Attorney General." Opp. at 5. In other words, Gliksman broadly assumes that because both claims generally relate to Healthline's website, the responsive discovery is identical. Yet, Gliksman makes no effort to articulate the specific documents or information that might have been responsive to the AG's investigation and are also responsive to Glikman's discovery requests in this matter. As already explained, the AG's investigation related to opt-out mechanisms under the CCPA. Even if there was some overlap, that only means that Healthline has gathered some responsive information but would still bear the burden of reviewing, organizing, and producing that information.

Lastly, Gliksman argues that its requests are narrow because they only concern a one-year period and because he issued "only" thirty-six discovery requests. Opp. at 5. First, many of Gliksman's discovery requests have no temporal limitation. *See e.g.*, Mot. at Ex. A, p. 10 (Pl.'s RFP No. 10 ("***Regardless of time period***, all Documents related to the decision to implement the TikTok Pixel, Microsoft Clarity Pixel, and Adnx Pixel on www.healthline.com, including but not

limited to presentations, proposals, pitch decks, meeting minutes, strategy documents, and cost-benefit analyses" (emphasis added)); *see also* Pl.'s RFP Nos. 11-18).

Second, the temporal period and number of requests are not indicative of the volume of responsive information. Gliksman (among numerous other items) requests:

- "documents describing the changes made to the [Website's] HTML, JavaScript, and any other website code," RFP. No. 1;
- "reports, analytics, dashboards, heatmaps, or other data generated, received or retrievable from TikTok, Microsoft, Xandr and the Attribute platform," RFP No. 2;
- "all Documents detailing the implementation process for [the Pixels]," RFP No 11; and
- "All Documents related to the configuration, customization, and implementation of the TikTok Pixel, Microsoft Clarity Pixel, and Adnx Pixel, . . . [including eighteen subparts]," RFP No. 12.

Each of these requests call for the collection, review and production of highly technical electronically stored information (ESI). Not only is this process inherently costly and burdensome, but the parties have also not even discussed an ESI protocol.

Gliksman has failed to demonstrate any prejudice that might result from a short stay. Good cause exists to grant a stay while this Court resolves Healthline's forthcoming motion to dismiss because, "before embarking on such discovery, it would benefit the parties and the Court to know what claims are at issue." *Pereda v. Gen. Motors LLC*, No. 21-CV-06338-JST, 2022 WL 19692037, at *2 (N.D. Cal. Mar. 15, 2022) (Tigar, J.); *see* Mot. at 9-10.

## III. CONCLUSION

For the reasons above and in Healthline's Motion, this Court should stay discovery pending resolution of further motion practice related to Gliksman's Amended Complaint.

Dated: September 17, 2025

CLARK HILL

By: */s/ Chirag H. Patel*
Chirag H. Patel

*Attorneys for Defendant Healthline Media LLC*