1
2
3
4
5

**CLARK HILL LLP**
Myriah V. Jaworski (SBN 336898)
mjaworski@clarkhill.com
Ali Bloom (SBN 347446)
abloom@clarkhill.com
505 Montgomery St
13th Floor
San Francisco, CA 94111
Telephone:     (619) 557-0404
Facsimile:     (619) 557-0460

6
7
8
9
10

**CLARK HILL LLP**
Chirag H. Patel (admitted *pro hac vice*)
cpatel@clarkhill.com
130 E. Randolph St.
Suite 3900
Chicago, IL 60601
Telephone:     (312) 985-5900
Facsimile:     (312) 985-5999

11

*Attorneys for Defendant Healthline Media LLC*

12

13

**UNITED STATES DISTRICT COURT**

14

**NORTHERN DISTRICT OF CALIFORNIA**

15

16

17    DANIEL GLIKSMAN, individually and on behalf of all others similarly situated,

18                                          Plaintiff,

19          v.

20    HEALTHLINE MEDIA, LLC,

21                                          Defendant.

Case No. 3:24-cv-08650-AMO

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND [PROPOSED] ORDER**

Date:       October 30, 2025
Time:       2:00 PM
Ctrm:       Courtroom 10 – 19th Floor
Judge:      Araceli Martinez-Olguin

22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 30, 2025 at 2:00 PM or as soon thereafter as the matter may be heard, before the Honorable Araceli Martinez-Olguin, in Courtroom 10 (Floor 19) of the above-entitled Court, located at San Fransico Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Healthline Media LLC ("Healthline" or "Defendant"), by and through its attorneys of record, will and hereby move for an order dismissing the Amended Complaint, ECF Nos. 44 (redacted), 45 (unredacted under seal) ("Amended Complaint" or "Am. Compl."), with prejudice pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("FRCP").

Plaintiff Daniel Gliksman ("Gliksman" or "Plaintiff") lacks Article III standing for his California Invasion of Privacy Act ("CIPA") claims because he has failed to plead an interaction with Healthline's website that would cause a cognizable injury-in-fact. Plaintiff's CIPA claims must also be dismissed for failure to state a claim under Rule 12(b)(6) due to Plaintiff's failure to plead essential elements of CIPA §§ 631(a) and 638.51. Cal. Penal Code. §§ 631(a); 638.51.

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................... 1

II.    RELEVANT ALLEGATIONS IN GLIKSMAN'S AMENDED
       COMPLAINT ....................................................................................... 4

       A.    The "Pixels" Allegedly Installed on Healthline's Website ................. 4

       B.    Gliksman's Alleged Interaction with the Website .............................. 6

III.   ARGUMENT ........................................................................................ 7

       A.    Gliksman Lacks Article III Standing ................................................. 7

             1.    Fed. R. Civ. P. 12(b)(1) Standard ........................................... 7

             2.    Gliksman Fails to Allege an "Injury-in-Fact"
                   Stemming From Each of the Third-Party Pixels. ..................... 8

                   a.    Gliksman Lacks Article III Standing for his
                         CIPA Claims to the Extent They are Based on
                         the Collection of Non-Private Information ..................... 9

                   b.    Gliksman Fails to Plausibly Allege that the
                         Pixels Collected His Cognizable Private
                         Information ................................................................. 11

                   c.    Even if Collection if plausibly alleged,
                         information was anonymous. ......................................... 13

       B.    Gliksman Fails to Plausibly Allege a CIPA Claim............................ 14

             1.    Fed. R. Civ. P. 12(b)(6) Standard ........................................... 14

             2.    Gliksman Fails to Adequately Allege a CIPA § 631(a)
                   Violation (Count II) ............................................................. 15

                   a.    The First Three Clauses of Section 631(a) Fail
                         as a Matter of Law ....................................................... 16

                   b.    Gliksman's Clause Four § 631(a) Claim Fails
                         (Aiding & Abetting Third Party
                         Eavesdropping).............................................................. 17

             3.    Gliksman Fails to Adequately Allege a CIPA §
                   638.51 Violation (Count I). .................................................... 22

                   a.    Gliksman Fails to Allege that Each of the Pixels
                         is a "Pen Register" or "Trap and Trace Device"........... 22

                   b.    Gliksman Fails to Allege that Each of the Pixels
                         is a PR/TT Device or Process that Can Collect
                         Private Information ....................................................... 24

       C.    This Court Should Dismiss with Prejudice Because
             Amendment is Futile........................................................................ 24

IV.    CONCLUSION ..................................................................................... 25

i                          CASE NO.: 3:24-CV-08650-AMO

DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT; AND [PROPOSED] ORDER
CLARKHILL\09999\09999-030017\283964012.v1-10/2/25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) ...................................................................................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................15

*Aviles v. Liveramp, Inc*.,
2025 WL 487196 (Cal. Super. Ct. Jan 28, 2025).................................................4, 24

*Barclift v. Keystone Credit Servs*.,
LLC, 93 F.4th 136 (3d Cir. 2024) ..............................................................................14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................15

*Bunnell v. Motion Picture Ass'n of Am.*,
567 F. Supp. 2d 1148 (C.D. Cal. 2007) .....................................................................20

*Byars v. Sterling Jewelers, Inc*.,
No. 5:22-CV-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ........................9, 10

*R.C. v. Sussex Publishers, LLC*,
No. 24-CV-02609-JSC, 2025 WL 948060 (N.D. Cal. Mar. 28, 2025) (Corley,
J.)................................................................................................................................14

*In re Carrier IQ, Inc.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015) (Chen, J.) .....................................................21

*Cody v. E. Gluck Corp.*,
No. 23-CV-02286-HSG, 2024 WL 4314187 (N.D. Cal. Sept. 26, 2024)
(Gilliam Jr., J.) ..........................................................................................................11

*Cody v. Ring LLC*,
718 F. Supp. 3d 993 (N.D. Cal. 2024) (Martínez-Olguín, J.)....................................21

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023).........................................................................9

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) .......................................................................9

*Esparza v. Gen Digital Inc.*,
No. CV 23-8223-KK-AGRX, 2024 WL 655986 (C.D. Cal. Jan. 16, 2024)...........................15

ii                    CASE NO.: 3:24-CV-08650-AMO

*Esparza v. UAG Escondido A1 Inc.*,
No. 23CV0102 ..............................................................................................16, 17

*In re Facebook Internet Tracking Litig.*,
263 F. Supp. 3d 836 (N.D. Cal. 2017) (Davila, J.) ..............................................16

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011) (*per curiam*) ........................................................15

*Food & Drug Admin. v. All. for Hippocratic Med.*,
602 U.S. 367 (2024)...............................................................................................7

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (2000)...............................................................................................8

*Gabrielli v. Insider, Inc.*,
No. 24-CV-01566 (ER), 2025 WL 522515 (S.D.N.Y. Feb. 18, 2025)...................10

*Garon v. Keleops USA, Inc.*,
No. 25-CV-02124-DMR, 2025 WL 2522374 (N.D. Cal. Sept. 2, 2025)............23, 24

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) (Freeman, J.)............................................17

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ............................................................16, 21

*Gutierrez v. Converse Inc.*,
No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025).......................................19

*Heeger v. Facebook, Inc.*,
509 F. Supp. 3d 1182 (N.D. Cal. 2020) (Donato, J.) ............................................10

*Heiting v. FKA Distributing Co.*,
2:24-cv-07314-HDV-AGR, 2025 WL 736594 (C.D. Cal. Feb. 3, 2025) ..........11, 12, 14

*Hughes v. Vivint, Inc.*,
No. CV 24-3081-GW-KSX, 2024 WL 5179916 (C.D. Cal. July 12, 2024).......10, 13

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) (Rogers, J.)..........................................9, 10

*Khamooshi v. Politico LLC*,
No. 24-CV-07836-SK, 2025 WL 1408896 (N.D. Cal. May 13, 2025) ........2, 7, 9, 10

*Kishnani v. Royal Caribbean Cruises Ltd.*,
No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025) (Wise,
J.)....................................................................................................................23, 24

DEFENDANT HEALTHLINE MEDIA, LLC'S MOTION AND DISMISS PLAINTIFF'S COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND [PROPOSED] ORDER
CLARKHILL\09999\09999-030017\283964012.v1-10/2/25

*Licea v. Am. Eagle Outfitters, Inc.*,
  2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) ..........................................................................16

*Licea v. Hickory Farms LLC*,
  No. 23STCV26148, 2024 WL 1698147 (Cal. Super. Ct. Mar. 13, 2024) ..............................24

*Lien v. Talkdesk, Inc.*,
  No. 24-CV-06467-VC, 2025 WL 551664 (N.D. Cal. Feb. 19, 2025)
  (Chhabria, J.) ...................................................................................................................9, 10

*Mastel v. Miniclip SA*,
  549 F. Supp. 3d 1129 (E.D. Cal. 2021) ................................................................................20

*In re Meta Pixel Tax Filing Cases*,
  No. 22-CV-07557-PCP, 2025 WL 2243615 (N.D. Cal. Aug. 6, 2025) (Pitts, J.) ..................23

*Mikulsky v. Noom, Inc.*,
  682 F. Supp. 3d 855 (S.D. Cal. 2023) ...............................................................................9, 10

*Mitchener v. CuriosityStream, Inc.*,
  No. 25-CV-01471-NW, 2025 WL 2272413 (N.D. Cal. Aug. 6, 2025) (Wise,
  J.) ...............................................................................................................................4, 23, 24

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ...............................................................................................15

*Netbula, LLC v. Distinct Corp.*,
  212 F.R.D. 534 (N.D. Cal. 2003) ........................................................................................25

*NovelPoster v. Javitch Canfield Group*,
  140 F. Supp. 3d 938 (N.D. Cal. 2014) (Orrick, J.) ..............................................................20

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
  No. 16-CV-01393-JST, 2017 WL 2672113 (N.D. Cal. Jan. 19, 2017) ..................................15

*Posadas v. Goodyear Tire & Rubber Co.*,
  No. 23-CV-0402-L-DDL, 2024 WL 5114133 (S.D. Cal. Dec. 13, 2024) ..............................11

*Price v. Headspace, Inc.*,
  No. 24STCV19921, 2025 WL 1237977 (Cal. Super. Apr. 01, 2025) ..............................23, 24

*Quigley v. Yelp, Inc.*,
  No. 17-CV-03771-RS, 2018 WL 7204066 (N.D. Cal. Jan. 22, 2018) ...................................21

*R.C. v. Walgreen Co.*,
  733 F. Supp. 3d 876 (C.D. Cal. 2024) ................................................................................22

*Rabin v. Google LLC*,
  725 F. Supp. 3d 1028 (N.D. Cal. 2024) (Pitts, J.) ...............................................................24

iv

CASE NO.: 3:24-CV-08650-AMO

DEFENDANT HEALTHLINE MEDIA, LLC'S MOTION AND DISMISS PLAINTIFF'S COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND [PROPOSED] ORDER
CLARKHILL\09999\09999-030017\283964012.v1-10/2/25

*Ribas v. Clark*,
   38 Cal. 3d 355 (1985) ...............................................................................................16

*Rodriguez v. Ford Motor Co.*,
   722 F.Supp.3d 1104 (S.D. Cal. 2024)........................................................................17

*Rodriguez v. Fountain9, Inc.*,
   No. 24STCV04504, 2024 WL 3886811 (Cal. Super. Ct. Jul. 9, 2024) ...................24

*Rodriguez v. Google LLC*,
   No. 20-CV-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022) (Seeborg,
   J.).................................................................................................................................21

*Rosenow v. Facebook, Inc.*,
   No. 19-cv-1297-WQH-MMP, 2025 WL 951277 (S.D. Cal. March 28, 2025).......21

*Sanchez v. Cars.com Inc.*,
   No. 24STCV13201, 2025 WL 487194 (Cal. Super. Jan. 27, 2025) . *C.*...........................23, 24

*Smith v. Yeti Coolers, LLC*,
   No. 24-cv-01703-RFL, 2025 WL 877127 (N.D. Cal. March 14, 2025) (Lin, J.) ...............3, 17

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016)......................................................................................................8

*State of California v. Healthline Media LLC*,
   CCG-25-626794 (Cal. Super. Ct. (San Francisco) Jul. 25, 2025) ...........................18

*Swarts v. The Home Depot, Inc.*,
   689 F. Supp. 3d 732 (N.D. Cal. 2023) ......................................................................16

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021).................................................................................................8, 9

*United States v. Forrester*,
   512 F.3d 500 (9th Cir. 2008) .....................................................................................10

*United States v. Texas*,
   599 U.S. 670 (2023).....................................................................................................7

*Valenzuela v. Keurig Green Mountain, Inc.*,
   2023 WL 6609351 (N.D. Cal. Oct. 10, 2023) (Corley, J.) ..................................9, 20

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
   62 F.4th 517 (9th Cir. 2023) ........................................................................................8

*Xu v. Reuters News & Media Inc.*,
   No. 24 CIV. 2466 (PAE), 2025 WL 488501 (S.D.N.Y. Feb. 13, 2025).................10

*Yoon v. Lululemon U.S.A. Inc.*,
    549 F. Supp. 3d 1073 (C.D. Cal. 2021) ................................................................10, 21

*In re Zynga Priv. Litig.*,
    750 F.3d 1098 (9th Cir. 2014) ...........................................................................21, 22

**Statutes**

18 U.S.C. §§ 2510–2522 (2022) ...............................................................................21

18 U.S.C. § 2511(2)(d) ...............................................................................................16

18 U.S.C. § 2710 .........................................................................................................18

Cal. Civ. Code § 1798.100 et seq. ..............................................................................18

Cal. Pen. Code §§ 630-638 ......................................................................................1, 2,

Cal. Pen. Code § 631 ...........................................................................................17, 18

Cal. Pen. Code § 631(a) ........................................2, 3, 4, 14, 15, 16, 17, 19, 20, 22, 23

Cal. Pen. Code § 638.50 ......................................................................................22, 23

Cal. Pen. Code § 638.50(b) ..................................................................................23, 24

Cal. Pen. Code § 638.50(c) ..................................................................................23, 24

Cal. Pen. Code § 638.51 .............................................2, 3, 4, 10, 15, 22, 23, 24

Cal. Pen. Code § 638.51(a) .........................................................................................22

Cal. Pen. Code § 638.51(b) .........................................................................................22

**Rules**

Fed. R. Civ. P. 8 .............................................................................................................2

Fed. R. Civ. P. 12(b)(1) ........................................................................................1, 2, 7

Fed. R. Civ. P. 12(b)(6) ...........................................................................1, 2, 3, 7, 15, 24

**Other Authorities**

https://learn.microsoft.com/en-us/clarity/setup-and-installation/clarity-cookies
    (last accessed Sept. 29, 2025) .................................................................................5

https://oag.ca.gov/system/files/media/healthline-media-llc-final-judgement.pdf .........18

U.S. Constitution Article III........................................1, 2, 7, 8, 9, 10, 11, 13, 14, 24, 25

CASE NO.: 3:24-CV-08650-AMO

DEFENDANT HEALTHLINE MEDIA, LLC'S MOTION AND DISMISS PLAINTIFF'S COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND [PROPOSED] ORDER
CLARKHILL\09999\09999-030017\283964012.v1-10/2/25

# I.    INTRODUCTION[1]

This Court dismissed Daniel Gliksman's ("Gliksman" or "Plaintiff") original complaint because it was utterly devoid of factual allegations demonstrating how his interaction with Defendant Healthline Media LLC's ("Healthline" or "Defendant") website caused him a cognizable privacy injury that satisfied Article III of the U.S. Constitution. [ECF No. 39]. Gliksman's original complaint claimed that Healthline's website violated the California Invasion of Privacy Act ("CIPA") by implementing three distinct third-party website technologies –TikTok Pixel, Microsoft Clarity, Xandr Adnx (each a "Pixel" and collectively, the "Pixels"). But amid the sea of conclusory allegations about the general capabilities of these three distinct technologies, Gliksman neither provides factual details explaining how each Pixel was actually configured on Healthline's website, nor explains how his alleged interaction on Healthline's website caused *each Pixel* to collect *his* cognizably private information.

The crux of Gliksman's claims is that *each* Pixel is a "pen register" or "trap and trace" device under CIPA § 638.51 and that *each* Pixel "eavesdropped" on his communication with Healthline in violation of CIPA § 631(a). And so, Gliksman must – but fails to – allege basic facts showing how each Pixel caused him an Article III injury and how each Pixel violates CIPA §§ 631(a) and 638.51. In granting, Healthline's prior motion to dismiss, this Court admonishment Gliksman that he was thin on factual allegations explaining how Healthline's website's was allegedly configured to allow each Pixel to capture *his* private information. Despite this Court's admonishment – and being on notice of the substantive pleading defects articulated in Healthline's Rule 12(b)(6) arguments[2] – Gliksman did little in his Amended Complaint to address the substantial defects in the original.

For example, Gliksman attempts to mend his prior failure to explain how TikTok Pixel, Microsoft Clarity, and Xandr Adnx were *each* allegedly configured to collect private Website

---

[1] Gliksman's First Amended Complaint [ECF No. 45, 46] is cited herein as "Amended Complaint" or "Am. Compl." The unredacted copy is filed as ECF No. 45-3, and the redline comparison of Gliksman's original and amended complaint is filed as ECF No. 45-4.

[2] Healthline's moved to dismiss under Rule 12(b)(1) and Rule 12(b)(6). [ECF No. 21].This Court granted Healthline's Rule 12(b)(1) but did not reach its Rule 12(b)(6) arguments.

visitor activity through rote conclusory allegations that each of the Pixels collect "search terms, URLs, [and] article titles," Am. Compl. ¶¶ 34 (TikTok), 44 (Microsoft), 53 (Xandr), along with vague group allegations about the information that the "Pixels" allegedly collect. *See e.g.*, Am. Compl. ¶ 77 ("Pixels obtained personal data, communications, and information about Plaintiff and Class members . . . ."). But Gliksman cannot hide behind conclusory and group allegations about three entirely distinct technologies to meet his Rule 8 obligation to show *each* Pixel allegedly caused him an Article III injury-in-fact and violated CIPA.

Gliksman has no excuse for his pleading failure. Gliksman's own complaint demonstrates that he can publicly view the website's code and its data traffic. *See* Am. Compl. ¶¶ 40, 47, 54 (screenshots purporting to show website code and data capture). The Pixels also have public documentation about their operation. *See e.g.,* Am. Compl. ¶ 34 n. 12 (link to TikTok documentation). And of course, Gliksman should know all the details about his alleged visits to Healthline's Website. The omission of these necessary facts is glaring, and Gliksman omits them (even after an opportunity to amend) because he lacks the supporting facts.

Gliksman's Amended Complaint still fails under Rule 12(b)(1) because he does not allege facts demonstrating that he suffered an Article III injury-in-fact. *See* § III(A), *infra*. In the context of a CIPA claim, Gliksman must allege facts sufficient to demonstrate that *each Pixel* intercepted information that "implicates a protectible privacy interest." *Khamooshi v. Politico LLC*, No. 24-CV-07836-SK, 2025 WL 1408896, at *2 (N.D. Cal. May 13, 2025) (Kim, M.J.). Specifically:

- *First*, even setting aside Gliksman's failure to plausibly allege the interception of cognizably private information by each of the Pixels, most of the information he alleges was collected (general browsing data, basic contact information, and IP addresses) does not "implicate a protectible privacy interest" as a matter of law.

- *Second*, Gliksman fails to plausibly allege the interception of cognizably private information by each of the Pixels. Gliksman neither alleges facts demonstrating that each Pixel is configured to collect private information, nor does he provide factual detail regarding his alleged visits to Healthline's website sufficient to demonstrate that private information was collected.

- **Third**, even if this Court finds that Gliksman plausibly alleged the interception by each of the Pixels, Gliksman still fails to demonstrate a privacy injury because the information collection was anonymous.

*See* § III(A)(2)(a)-(c), *infra*.

Gliksman's Amended Complaint also did not cure his failure to plausibly plead CIPA §§ 631(a) and 638.51 claims, as raised in Healthline's original Rule 12(b)(6) motion to dismiss.

Gliksman's CIPA § 631(a) claim (Count II) requires him to allege facts showing that: (1) each Pixel violated CIPA § 631(a) by eavesdropping on his communication (*i.e.*, an underlying CIPA § 631(a) violation), and (2) Healthline "aided and abetted" in each of those violations. Gliksman fails both elements:

- **First**, Gliksman has fails to demonstrate that Healthline "aided and abetted" each of the Pixels in a CIPA § 631(a) violation. His Amended Complaint lacks facts that "support a plausible inference that [Healthline] had knowledge of [each third-party's] unlawful conduct," and that "[Healthline] acted with the requisite intent to **substantially aid** such conduct." *Smith v. Yeti Coolers, LLC*, No. 24-cv-01703-RFL, 2025 WL 877127, at *2 (N.D. Cal. March 14, 2025) (Lin, J.) (emphasis added).

- **Second**, Gliksman fails to allege facts sufficient to demonstrate an underlying CIPA § 631(a) violation by each of the Pixels. Specifically, he does not show that each Pixel, (a) willfully read, (b) "the contents or meaning" of his communication with Healthline, (c) without consent, while (d) "in transit." Cal. Pen. Code § 631(a).

*See* § III(B)(2), *infra*.

Gliksman's CIPA § 638.51 claim (Count II) requires him to show that Healthline used a "pen register" and "trap and trace" device or process (generally a "PR/TT device") without consent or a court order. CIPA § 638.51 and CIPA § 631(a) are mutually exclusive. A PR/TT device, by statutory definition, is one that lacks the technical capability to collect "content" information. On other hand, a CIPA § 631(a) claim requires the interpretation of "content information. Compare Cal. Penl Code § 631(a) with 638.50. Gliksman's CIPA § 638.51 claim fails as a matter of law because he alleges that each of the Pixels are capable of collecting content information. *Mitchener*

*v. CuriosityStream, Inc.*, No. 25-CV-01471-NW, 2025 WL 2272413, at *5 (N.D. Cal. Aug. 6, 2025) (Wise, J.). Additionally, Gliksman's CIPA § 638.51 claim fails because he does not allege that each Pixel collected private information. *See Aviles v. Liveramp, Inc*., 2025 WL 487196, at *2 (Cal. Super. Ct. Jan 28, 2025). *See* § III(B)(3), *infra*.

For all of these reasons, this Court should dismiss Gliksman's Amended Complaint without leave to amend. As explained above, Healthline advanced nearly all of its instant arguments in its prior motion to dismiss. Gliksman has had ample opportunity to cure these defects, but he has failed to do so because he lacks supporting facts. *See* § III(C), *infra*.

## II.    RELEVANT ALLEGATIONS IN GLIKSMAN'S AMENDED COMPLAINT

### A.    The "Pixels" Allegedly Installed on Healthline's Website

Healthline operates a public and informational website at Healthline.com ("Website"). Am. Compl. ¶¶ 1, 17. Gliksman alleges that Healthline installed three third-party website technologies on its Website – TikTok Pixel, Microsoft Clarity, Xandr Adnx (each a "Pixel" and collectively, "Pixels"). Am. Compl. ¶ 21. Gliksman's allegations about the operation of each of the technologies can be categorized into two key groups: (1) data elements each Pixel is allegedly generally *capable of* collecting, and (2) how the Pixel *could be* configured to collect that information on the Website:

|  | Data Elements Capable of Collection | How Information is Collected |
|---|---|---|
| **TikTok** | search terms, URLs, article titles, ad/event details (clicked ad), timestamp, IP address, device details, browser information, Am. Compl. ¶ 34.<br><br>"email addresses, phone numbers, and other identifiers in hashed form" through "AutoAdvanced Matching," Am. Compl. ¶ 38. | • "'Events' refer to specific actions taken by website visitors," and "website owners can specify the 'Events' they want to track and report to TikTok" Am. Compl. ¶ 35.<br><br>• Screenshot alleges that "AdvancedMatching" is true, but not the code snippet demonstrating the collection of data. Am. Compl. ¶ 40. |
| **Microsoft Clarity** | search terms, URLs, or article titles, Am. Compl. ¶ 44.<br><br>Microsoft ID (MUID),[3] Am. Compl. ¶ 44. | • No specification of Clarity's specific configuration on the Website. |

---

[3] Contrary to Gliksman's assertion, a MUID is a browser identifier (not an individual identifier).

| | | |
|---|---|---|
| | "IP addresses, interaction events such as clicks, scrolls, selection, and inputs, as well as *any custom events set by Healthline*." Am. Compl. ¶ 45 (emphasis). | • Provides alleged example of search term plus MUID collection. Am. Compl. ¶ 47. |
| **Xandr Adnx** | Search terms, URLs, article titles, Am. Compl. ¶ 53.<br><br>IP addresses, Am. Compl. ¶ 53.<br><br>Keywords, Am. Compl. ¶ 55. | "Xandr receives a website visitors' IP address each time a visitor interacts with Healthline.com," Am. Compl. ¶ 54.<br><br>Provides alleged example of IP address collection. Am. Compl. ¶ 54.[4] |

Notably, Gliksman's Amended Complaint adds three conclusory and identical allegations that each of the Pixels are capable of collecting "search terms, URLs, [and] article titles." Am. Compl. ¶ 34 (TikTok), ¶ 44 (Microsoft), ¶ 53 (Xandr). However, Gliksman does not add any allegations explaining the technical configuration of each Pixel on the Website to collect information.

Gliksman's discussion of each technology is vague and heavily based on conclusory allegations. As to Gliksman's discussion of each of the Pixels, Gliksman does not clearly articulate whether he is describing a Pixel's general functionality (*i.e.*, information the Pixels are capable of collecting *if configured* to do so) or the Pixel's actual configuration on Healthline's Website (*i.e.,* information collected on Healthline's Website during Plaintiff's interaction(s)). For example:

***As to TikTok***:

- Gliksman explains that website owners can specify which "events" they want to track, but he does not explain which events are allegedly being collected on the Website. Am. Compl. ¶¶ 34-35.

- Unlike his allegations about Microsoft and Xandr, Gliksman does not include a code screenshot purporting to demonstrate the collection of information on the Website.

---

*See* https://learn.microsoft.com/en-us/clarity/setup-and-installation/clarity-cookies (last accessed Sept. 29, 2025). "If a user has disabled cookies on the browser, Clarity doesn't set cookies." *Id.*

[4] Gliksman's screenshots show the terms "aids" and "HIV" under his (counsel's) "*request"* to view articles about that topic. Am. Compl. ¶¶ 54-56. Then his (counsel's) computer allegedly sent a "*response*" with an IP address. *Id.* The only information being sent is the "response."

*As to Microsoft*:

- Gliksman does not explain how the Website is actually configured to collect information, but he does suggest that it is based on "custom events set by Healthline," and the exemplar screenshot shows only the collection of a search term and MUID. Am. Compl. ¶¶ 45-47.

- Gliksman does not allege that Microsoft Clarity collects any identifying information about users.

- Unlike his allegations related to TikTok, Gliksman does not allege that Microsoft attempts to identify anonymous individuals through data aggregation.

*As to Xandr*:

- Gliksman does not explain how the Website is actually configured to collect search terms, URLs, or article titles, and the exemplar screenshot shows only the collection of a search term and MUID. Am. Compl. ¶¶ 53-55.

- Gliksman does not allege that Microsoft Clarity collects any identifying information about users.

- Unlike his allegations related to TikTok, Gliksman does not allege that Xandr attempts to identify anonymous individuals through data aggregation.

Finally, Gliksman inserts the words "real time" into four paragraphs that collectively discuss the three Pixels, but he does not allege how each of the three technologies operates to allegedly collect information in real time. Am. Compl. ¶¶ 34, 61, 67, 70.

**B.  Gliksman's Alleged Interaction with the Website**

Gliksman's allegations regarding his interaction with the Website are largely unchanged from his original complaint. Gliksman alleges that he visited Healthline's Website "numerous times over the last year to view health content and articles but has never subscribed to [Healthline's] newsletter." Am. Compl. ¶ 63.

Gliksman alleges that he "searched for and viewed health articles" about a wide variety of topics that allegedly related to "sensitive health conditions" of him and his family. Am. Compl. ¶ 64. However, Gliksman does not articulate the titles of these articles, when he viewed them, or how he accessed each article (through browsing, searching, or otherwise) on the Website.

Gliksman also provides no information about the device(s) used to access the Website when allegedly searching for or viewing these articles. He does not allege he was using a personal device and/or a browser configured to allow the collection of information. He does not allege that he was in California when he allegedly accessed Healthine's Website. Am. Compl. ¶ 64.

Finally, Gliksman does not allege that he ever submitted any identifying information on the Website by entering a form, creating an account, or making a purchase. He also does not allege having an account with Microsoft, TikTok, or Xandr.

Gliksman made no allegation of harm beyond a conclusory allegation of "multiple invasions of [his] privacy and violations of CIPA." Am. Compl. ¶ 76.

## III.    ARGUMENT

### A.    Gliksman Lacks Article III Standing

To demonstrate Article III standing for a CIPA claim, Gliksman must allege facts demonstrating that his interaction with Healthline's Website disclosed information that "implicates a protectable privacy interest" to each of the three Pixels. *Khamooshi*, 2025 WL 1408896, at *2 (internal citation and quotation omitted). **First**, most of the information allegedly collected by Pixels (*e.g.*, IP addresses, generic browsing data, and basic contact information) does not implicate a "protectable privacy interest" as a matter of law. *See* § III(A)(2)(a), *infra*. **Second,** even if some of the information allegedly disclosed could implicate a protectable privacy interest, Gliksman fails to allege facts sufficient to demonstrate that both that (a) the Pixels were configured to collect private information and (b) he had an interaction with the Website that caused collection of private information. *See* § III(2)(b), *infra*. **Third,** even if Gliksman plausibly alleges collection, Gliksman still lacks standing because the collection was anonymous. *See* § III(A)(2)(c), *infra*.

### 1.    Fed. R. Civ. P. 12(b)(1) Standard

Article III standing is a "bedrock constitutional requirement." *United States v. Texas*, 599 U.S. 670, 675 (2023). A "general legal, moral, ideological, or policy objection" does not create Article III standing. *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 368 (2024). Nor does a "bare procedural violation" of a statute. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).

CASE NO.: 3:24-CV-08650-AMO

To meet the requirements of Article III standing, a plaintiff must show that: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81 (2000); *see Winsor v. Sequoia Benefits & Ins. Servs., LLC,* 62 F.4th 517, 523 (9th Cir. 2023), *quoting TransUnion LLC v. Ramirez,* 594 U.S. 413, 423 (2021). Conclusory allegations are inadequate; Gliksman must "clearly . . . allege facts demonstrating each [standing] element." *Winsor,* 62 F.4th at 523, *quoting Spokeo,* 578 U.S. at 338. Even in a putative class action, Gliksman must "allege and show that [he] personally [has] been injured." *Winsor,* 62 F.4th at 523 (internal quotations and citations omitted).

Merely alleging a statutory violation is insufficient to establish Article III injury-in-fact. *Spokeo,* 578 U.S. at 341. The Supreme Court has "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion,* 594 U.S. at 426 (*quoting Spokeo,* 578 U.S. at 341). As the Supreme Court explained: "[f]or standing purposes . . . an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of . . . law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of . . . law." *Id. at* 426-27. Without this distinction, legislatures could "authorize virtually any citizen to bring a statutory damages suit against virtually any defendant who violated virtually any . . . law." *Id.* at 428. Instead, "[o]nly those plaintiffs who have been "*concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427 (emphasis in original).

### 2.    Gliksman Fails to Allege an "Injury-in-Fact" Stemming From Each of the Third-Party Pixels.

Demonstrating an Article III injury-in-fact for a CIPA violation requires a distinct privacy injury. *Valenzuela v. Keurig Green Mountain, Inc*., 2023 WL 6609351, *1 (N.D. Cal. Oct. 10, 2023) (Corley, J.) ("While [p]laintiff alleges Defendant violated CIPA, [*p]laintiff fails to allege*

*any facts to support an inference Defendant engaged in any kind of privacy violation*" (emphasis added)). Specifically, to sufficiently allege injury-in-fact for a CIPA violation, "a plaintiff must identify the 'specific personal information [he] disclosed that ***implicates a protectable privacy interest***.'" *Khamooshi*, 2025 WL 1408896, at *2 (quoting *Byars v. Sterling Jewelers, Inc*., No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (citing *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023)). *See also Cottle v. Plaid Inc*., 536 F. Supp. 3d 461, 480 (N.D. Cal. 2021) (Ryu, M.J.) ("The Ninth Circuit has held that the disclosure of ***sensitive private information*** constitutes a 'concrete and particularized' injury for purposes of Article III . . . .") (emphasis added).

### a.    Gliksman Lacks Article III Standing for his CIPA Claims to the Extent They are Based on the Collection of Non-Private Information

Determining whether Gliksman has alleged disclosure of information that "implicates a protectable privacy interest'" *Khamooshi*, 2025 WL 1408896, at *2, "requires [this Court's] consideration of the nature of the allegedly intercepted information," *Lien v. Talkdesk, Inc*., No. 24-CV-06467-VC, 2025 WL 551664, at *1 (N.D. Cal. Feb. 19, 2025) (Chhabria, J.) (internal quotation and alteration omitted)). *See also Cook v. GameStop, Inc*., 689 F. Supp. 3d 58, 63 (W.D. Pa. 2023) (determining the existence of a "concrete harm" in the online collection context, the "nature of the information is paramount" (citing *TransUnion*, 594 U.S. at 413, 425. The alleged disclosure must be "highly offensive to a reasonable person." *I.C. v. Zynga, Inc*., 600 F. Supp. 3d 1034, 1049-50 (N.D. Cal. 2022) (Rogers, J.). Accordingly, courts have held that the following categories information (even if accompanied by plausible allegations of disclosure) <u>does not</u> implicate implicates a protectable privacy interest:

- "[B]asic contact information, including one's email address, phone number, or ... username," *Zynga*, 600 F. Supp. 3d at 1034, 1049–50; *see also Lien*, 2025 WL 551664 at *1 (no Article III standing for CIPA claim based on alleges disclosure of "plaintiffs' phone numbers and questions they asked about store hours, events, and products").

- IP addresses. *Khamooshi*, 2025 WL 1408896, at *3. *See also United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ("Internet users have no expectation of privacy in . . . IP

addresses of the websites they visit because they should know that this information is provided to and used by Internet service providers for the specific purpose of directing the routing of information"); *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1189 (N.D. Cal. 2020) (Donato, J.) (finding no Article III standing because "there is no legally protected privacy interest in IP addresses"); *Gabrielli v. Insider, Inc.*, No. 24-CV-01566 (ER), 2025 WL 522515, at *3 (S.D.N.Y. Feb. 18, 2025) (no Article III standing for CIPA § 638.51 claim based on alleges disclosure of IP address); *Xu v. Reuters News & Media Inc.*, No. 24 CIV. 2466 (PAE), 2025 WL 488501, at *3 (S.D.N.Y. Feb. 13, 2025) (same).

- General browsing data and device data. *Khamooshi*, 2025 WL 1408896, at *3. *See also Yoon v. Lululemon U.S.A. Inc.*, 549 F. Supp. 3d 1073, 1086 (C.D. Cal. 2021) ("[C]ourts have been less willing to find that users have a cognizable privacy interest in browsing data collected only while users interact with the website of the defendant company."); *Hughes v. Vivint, Inc.*, No. CV 24-3081-GW-KSX, 2024 WL 5179916, at *4 (C.D. Cal. July 12, 2024), *adopted*, No. CV 24-3081-GW-KSX, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024) (alleged collection of "device and browser information" insufficient).

- Generic or unspecific information. *See Khamooshi*, 2025 WL 1408896, at *3 (alleged collection of "other identifying information" is insufficient); *Mikulsky*, 682 F. Supp. 3d at 864 ("Plaintiff's conclusory allegation that she disclosed 'personal information'" insufficient); *Byars* 2023 WL 2996686, at *3 ("Plaintiff does not allege that she disclosed any sensitive information to Defendant, much less identify any specific personal information she disclosed that implicates a protectable privacy interest").

This Court should find that Gliksman lacks Article III standing as a matter of law to the extent that it is premised on the alleged collection of the foregoing information. More specifically:

| Information Allegedly Disclosed | Relevant Allegations | Basis |
|---|---|---|
| IP address | Am. Compl. ¶ 34, 45, 53 | IP address |
| ad/event details (clicked ad), timestamp, device details, browser information | Am. Compl. ¶ 34. | Generic browsing data (also does not allege clicking an ad) |
| email addresses, phone numbers, and other identifiers in hashed form" | Am. Compl. ¶ 38. | Basic contact information (also does not allege |

| | | collection); unspecified information |
|---|---|---|
| Microsoft ID (MUID) | Am. Compl. ¶ 44 | Generic browsing data |
| interaction events such as clicks, scrolls, selection, and inputs, as well as any custom events set by Healthline" | Am. Compl. ¶ 45 | Generic browsing data; unspecified information |

### b.    Gliksman Fails to Plausibly Allege that the Pixels Collected His Cognizable Private Information

Next, even if some of the information allegedly collected could implicate a protectible privacy interest, Gliksman fails to allege sufficient facts to demonstrate that each of the Pixels was configured to collect that information during Gliksman's interactions with Healthline's Website. "[G]eneralized and conclusory allegations that the [Pixels are] capable of capturing private data" are "insufficient to assert that [Gliksman] suffered a concrete injury as a result of [Healthline's] conduct." *Posadas v. Goodyear Tire & Rubber Co.*, No. 23-CV-0402-L-DDL, 2024 WL 5114133, at *4 (S.D. Cal. Dec. 13, 2024).

Gliksman must plausibly allege both that: (1) the specific interactions that lead each Pixel to collect protected private information, and (2) Gliksman interacted with the Website in a way that would lead to collection of that information. *See Cody v. E. Gluck Corp.*, No. 23-CV-02286-HSG, 2024 WL 4314187 (N.D. Cal. Sept. 26, 2024) (Gilliam Jr., J.) (plaintiff did not plausibly allege that she used the chat feature that allegedly violated CIPA). For example, in *Heiting v. FKA Distributing Co.*, 2:24-cv-07314-HDV-AGR, 2025 WL 736594, at *3 (C.D. Cal. Feb. 3, 2025), the district court held that the plaintiff lacked Article III standing for his CIPA claims because he

fail[ed] to allege any basic facts from which the Court could infer a concrete injury, like when and how many times [he] visited the site, what information [he] provided, what information [d]efendant captured, whether [he] was aware of [d]efendant's tracking practices, or if [he] has any reason to believe that [he] was indeed de-anonymized.

Like in *Heiting,* Gliksman fails to allege facts sufficient to demonstrate a factual nexus between the operation of each Pixel and his interaction with the Website.

Gliksman's Amended Complaint adds three identical conclusory allegations that each of the Pixels are capable of collecting "search terms, URLs, [and] article titles." Am. Compl. ¶ 34

DEFENDANT HEALTHLINE MEDIA, LLC'S MOTION AND DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND [PROPOSED] ORDER
CLARKHILL\09999\09999-030017\283964012.v1-10/2/25

(TikTok), ¶ 44 (Microsoft), ¶ 53 (Xandr). However, Gliksman makes no efforts to demonstrate how and when each of the Pixels collect such information. Specifically:

- **TikTok:** Gliksman alleges that this tool has customizable events that allow Healthline to determine which "specific actions taken by website visitors" are collected. Am. Compl. ¶¶ 34-35. However, Gliksman does not provide any specifics about which "events" were configured on the Website to collect information (or what information). Moreover, the alleged screenshot of the TikTok's code does not show the collection of "search terms, URLs, [or] article titles." (or *any* private information). *See* Am. Compl. ¶ 40. *C.f.,* Am. Compl. ¶ 47 (allegedly showing collection of search terms by Microsoft).

- **Microsoft:** Gliksman alleges that this tool also has customizable events. Am. Compl. ¶ 45. However, Gliksman does not provide any specifics on what "events" were configured on the Website, that would lead to the collection of "search terms, URLs, [or] article titles." Moreover, the alleged screenshot of the Microsoft code shows the *anonymous* collection of a search term (but not URLs or article titles). Am. Compl. ¶ 47.

- **Xandr:** Gliksman makes no effort to explain the operation of that technology. The screenshot demonstrates that his counsel clicked a link on the Website titled "HIV," which sent a "request" to the Website for articles on that topic, and his counsel's browser responded with the visitor's IP addresses. Am. Compl. ¶ 54. There are no allegations that Xandr collects "search terms, URLs, [or] article titles." (or any other private information).

As a whole, and at best, Gliksman's Complaint alleges that Microsoft collects search terms (somewhere on the Website) along with a generic MUID.

Even then, Gliksman does not plausibly allege an interaction with the Website that would cause the collection of cognizable private information. Gliksman broadly alleges that he "searched for and viewed health articles" about a variety of topics. Am. Compl. ¶ 64. But he does not articulate when he accessed the Website, what articles he actually viewed (only vague topics are mentioned), and how he allegedly accessed those articles (*e.g.*, by searching or browsing the Website).

DEFENDANT HEALTHLINE MEDIA, LLC'S MOTION AND DISMISS PLAINTIFF'S COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND [PROPOSED] ORDER
CLARKHILL\09999\09999-030017\283964012.v1-10/2/25

*These details matter*. As explained above, by Gliksman's own sketchy allegations, *some of* the Pixels collect *some* information only upon certain "events" allegedly programmed by Healthline. Am. Compl. ¶ 45. Thus, basic factual allegations are necessary to create a nexus between Gliksman's alleged interactions with the Website and the cognizably private information that *each Pixel* is allegedly configured to collect. Gliksman cannot sidestep this requirement through vague allegations about his interaction with the Website and collective allegations about three entirely distinct website technologies.

And so be sure, Gliksman could have easily provided factual detail about the Pixels' configuration and his interaction with the Website. There is ample documentation available on the operation of each of the Pixels on the internet. And as demonstrated by Gliksman's screenshots, the Website's code and data traffic are publicly accessible. *See* Am. Compl. ¶¶ 40, 47, 54 Moreover, Gliksman knows all the details about his own alleged visits to Healthline's Website. Gliksman's Complaint lacks detail because the factual support does not exist. Accordingly, Gliksman fails to plausibly allege that the Pixels collected *his* cognizable private information.

### c.    Even if Gliksman Plausibly Collection, the Information was Anonymous

Finally, even if this Court finds that Gliksman plausibly alleged an interaction with the Website that led to each of the three Pixels collecting information in which he has a "protectible privacy interest," Gliksman has no privacy injury because the collection was anonymous. *See Hughes*, 2024 WL 5179916, at *5 (finding lack of Article III standing where plaintiff "does not clearly allege what personalized information of hers was actually collected"); *c.f., R.C. v. Sussex Publishers, LLC*, No. 24-CV-02609-JSC, 2025 WL 948060, at *4 (N.D. Cal. Mar. 28, 2025) (Corley, J.) (distinguishing *Hughes* because plaintiff alleged that the defendant collected is personally identifying information); *see also Heiting*, 2025 WL 736594, at 3 (referencing plaintiff's failure to plausibly allege that "his collected information was de-anonymized" in finding lack of Article III standing); *Barclift v. Keystone Credit Servs*., LLC, 93 F.4th 136, 144 (3d Cir. 2024) (characterizing harm caused by public disclosure of private information as "the humiliation

that accompanies the disclosure of sensitive or scandalizing private information to public scrutiny").

Gliksman does not allege submitting any personally identifying information on the Website. He did not submit a form, create an account, or make a purchase. Gliksman also does not allege that he has an account with TikTok, Microsoft, or Xandr. He does not allege that he was using a personal browser or device, or that his browser was configured to allow cookies. Accordingly, Gliksman fails to demonstrate a privacy injury because any information allegedly collected on the Healthline Website was anonymous.

Finally, while Gliksman alleges that TikTok[5] has the ability to de-anonymize collected information "[e]ven if the website visitor does not have a TikTok profile . . . by matching or linking the data transmitted to data it receives from data partners or data brokers." Am. Compl. ¶ 36. However, Gliksman neither plausibly alleges how that technology operates nor that TikTok actually de-anonymized and redisclosed that information.

For all the reasons above, Gliksman fails to demonstrate Article III standing for his CIPA claims related to each of the three Pixels.

### B.    Gliksman Fails to Plausibly Allege a CIPA Claim

Gliksman's CIPA § 631(a) claim fails because he fails to plausibly allege facts demonstrating: (a) each Pixel violated § 631(a)'s eavesdropping provision, and (b) that Healthline "aided and abetted" each Pixel's alleged violation. *See* § III(B)(2), *infra.*

Gliksman's CIPA § 638.51 claim fails as a matter of law based on Gliksman's allegation that each of the Pixels are capable of collecting the "content" of communication. Gliksman's CIPA § 638.51 also fails because he fails to plausibly allege each Pixel collected private information. *See* § III(B)(3), *infra.*

### 1.    Fed. R. Civ. P. 12(b)(6) Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

---

[5] Gliksman does not allege that Microsoft or Xandr attempts to, or has the capability to, de-anonymize the information each collects. *See* Am. Compl. ¶¶ 43-56.

556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal,* 556 U.S. at 678) (emphasis added). "On a motion to dismiss, the Court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true." *Oracle Am., Inc. v. Hewlett Packard Enter. Co*., No. 16-CV-01393-JST, 2017 WL 2672113, at *1 (N.D. Cal. Jan. 19, 2017) (citing *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001)). However, the Court need not assume the truth of legal conclusions merely because they are pleaded in the form of factual allegations. *Iqbal,* 556 U.S. at 677-79; *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (*per curiam*). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see Esparza v. Gen Digital Inc.*, No. CV 23-8223-KK-AGRX, 2024 WL 655986 (C.D. Cal. Jan. 16, 2024) at *2 ("[t]he court, however, need not accept as true a legal conclusion couched as a factual allegation") (internal quotations omitted).

### 2.    Gliksman Fails to Adequately Allege a CIPA § 631(a) Violation (Count II)[6]

Section 631(a) contains four clauses: (1) intentional wiretapping; (2) willfully reading the "contents or meaning" of a communication in transit over a wire without consent; (3) attempting to use or disclose information obtained through either of the first two actions; or (4) aiding, agreeing with, employing, or conspiring with others to violate the prior three clauses. Cal. Penal Code § 631(a); *Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985); *Esparza v. UAG Escondido A1 Inc.*, No. 23CV0102 DMS(KSC), 2024 WL 3761293, *1 (S.D. Cal. Aug. 5, 2024).

The first three clauses do not apply as a matter of law, and Gliksman fails to plausibly plead Clause Four (aiding and abetting) claim.

---

[6] Every argument in this Section of Healthline's motion was raised in Healthline's prior motion to dismiss. [ECF No. 21]. Although this Court's prior order did not reach Healthline's 12(b)(6) arguments, Gliksman has been on notice of these defects since that motion.

### a. The First Three Clauses of Section 631(a) Fail as a Matter of Law

***Clause One (intentional wiretapping).*** This clause applies only to telephonic communications, and not internet communications. *Swarts v. The Home Depot, Inc*., 689 F. Supp. 3d 732, 743 (N.D. Cal. 2023) (courts have "uniformly" interpreted clause as excluding internet communications); *see also Licea v. Am. Eagle Outfitters, Inc.,* 2023 WL 2469630, at *4 (C.D. Cal. Mar. 7, 2023) ("[c]ourts have consistently interpreted this clause as applying only to communications over telephones and not through the internet"). Gliksman's Complaint concerns the Website.

***Clause Two (eavesdropping).*** This clause does not apply to parties involved in the communication. Cal. Penal Code § 631(a); *Swarts*, 689 F. Supp. 3d at 744-45; *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021) (Beeler, M.J.) ("a party to a communication can record it (and is not eavesdropping when it does)") (citations omitted); *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 845 (N.D. Cal. 2017) (Davila, J.) (analogizing Federal Wiretap Act, 18 U.S.C. § 2511(2)(d), which states that a "person [who] is a party to the communication" is not guilty of eavesdropping). Gliksman's CIPA theory is that alleged "communications" with Healthline were "eavesdropped upon" by the Pixels. *See* Am. Compl. ¶ 110. Because Gliksman's claim is premised on third-party technologies eavesdropping on communication between him and Healthline's Website, Clause Two does not apply as a matter of law.

***Clause Three (use or disclosure of information** obtained via **Clause One or Two).*** Clause Three is dependent upon Gliksman demonstrating a violation of either Clause One or Clause Two. *Swarts*, 689 F. Supp. 3d at 744. Because Gliksman's Clause One and Clause Two claims fail as a matter of law, so does his Clause Three claim. *In re Google Assistant Priv. Litig*., 457 F. Supp. 3d 797, 827 (N.D. Cal. 2020) (Freeman, J.) ("Because [p]laintiffs have not [shown a violation of the first or second clause], they also have failed to plead a violation of the third clause").

DEFENDANT HEALTHLINE MEDIA, LLC'S MOTION AND DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND [PROPOSED] ORDER
CLARKHILL\09999\09999-030017\283964012.v1-10/2/25

### b. Gliksman's Clause Four § 631(a) Claim Fails (Aiding & Abetting Third Party Eavesdropping)

To allege a Clause Four violation, Gliksman must allege facts demonstrating that Healthline (i) "aid[ed], agree[d] with, employ[ed], or conspire[d] with" each of the Pixels, to (ii) violate Clause One of § 631(a) (eavesdropping). Cal. Penal Code § 631(a). Gliksman fails both prongs.

#### i. Gliksman Fails to Plausibly Allege "Aiding and Abetting"

To sufficiently allege "aiding and abetting," Gliksman must allege facts that "support a plausible inference that [Healthline] had knowledge of [each third-party's] unlawful conduct," and that "[Healthline] acted with the requisite intent to **substantially aid** such conduct." *Smith*, 2025 WL 877127, at *2 (emphasis added). Conclusory allegations of "knowledge" and substantial support are not enough. *Id.; see also UAG Escondido A1 Inc.*, 2024 WL 3761293, at *2 (dismissing § 631 aiding and abetting claim and noting that absence of the word abet "does not negate any requirement of knowledge or intent" under aiding and abetting provision; also pointing to the intentional and willful conduct requirements in other sections of § 631 to support intent requirement for aiding and abetting); *Rodriguez v. Ford Motor Co.*, 722 F.Supp.3d 1104, 1124 (S.D. Cal. 2024) (dismissed the aiding and abetting claim because the plaintiff failed to allege facts showing that the defendant had "knowledge of the unlawful purpose of the perpetrator").

Gliksman's Amended Complaint does little to address the failure to plausibly allege aiding and abetting in his original complaint. As explained above, Gliksman groups together the three distinct website technology providers. He makes no effort to explain how Healthline allegedly had *independent* knowledge that *each* of TikTok, Microsoft, and Xandr were engaging in unlawful conduct under CIPA, and what Healthline allegedly did to *substantially* aid each of TikTok, Microsoft, and Xandr in a CIPA violation.

*First,* Gliksman references a prior lawsuit that was dismissed with prejudice under an entirely different statute (Video Privacy Protection Act) and involving different technology (embedded video). Am. Compl. ¶ 57. This does nothing to establish Healthline's knowledge that

either TikTok, Microsoft, or Xandr was allegedly violating CIPA § 631 on the website generally, or to show substantial aid by Healthline.

*Second,* Gliksman references a resolution by Healthline with the State of California, again under an entirely different statute than the one at issue here – the California Privacy Protection Act, Cal. Civ. Code 1798.100 *et seq.* ("CCPA"). *See State of California v. Healthline Media LLC*, CCG-25-626794 (Cal. Super. Ct. (San Francisco) Jul. 25, 2025), Final Judgment ¶ 16, available at https://oag.ca.gov/system/files/media/healthline-media-llc-final-judgement.pdf (last accessed Oct. 2, 2025) ("Resolution"). The Resolution memorializes the State's allowance of the use of online tracking technologies so long as that use is in compliance with the CCPA. Indeed, Gliksman's CIPA pushes well beyond what California's comprehensive privacy law requires – essentially, Gliksman seeks a prohibition on the use of any such technologies altogether. In the end, nothing in the Resolution establishes Healthline's knowledge that *TikTok, Microsoft, or Xandr* allegedly violated CIPA, or that Healthline substantially aided any of them in a CIPA violation.[7]

*Third,* Gliksman adds a conclusory allegation that Healthline "knew that TikTok, Microsoft, and Xandr would, and did, use the Pixels to track website visitor activity." Am. Compl. ¶ 61. But this fails to demonstrate that Healthline ***knew*** that TikTok, Microsoft, and Xandr each ***violated CIPA***, or what Healthline did to "substantially aid" a violation.

Gliksman fails to plead facts demonstrating how Healthline individually aided and abetted each of TikTok, Microsoft, or Xandr in violating CIPA.

### ii. *Gliksman Fails to Plausibly Allege an Underlying Clause Two Violation By Each of the Third-Party Pixel Providers*

To demonstrate eavesdropping under CIPA § 631(a), Gliksman must plausibly allege that TikTok, Microsoft, and Xandr each: (a) "willfully" read, (b) "the contents or meaning" of his

---

[7] Notably, neither the press release nor the final judgment references any of the three Pixels or alleges violation of CIPA. *See* Am. Compl. ¶ 58 n. 18. Indeed, this Resolution releases Healthline from all other claims relating to the alleged "collection, use, sharing, selling, or otherwise disclosing of consumers' personal information relating to or arising out of a consumer's interaction with Healthline's websites or mobile applications, including for online advertising or analytics purposes." Resolution ¶ 27.

communication with Healthline, (c) without consent, while (d) "in transit." Cal. Pen. Code § 631(a). Gliksman also fails to demonstrate that violated CIPA ¶ 631(a).

**Willfully Reading**. To meet this prong, Gliksman must allege that "TikTok, Microsoft, and Xandr" each actually read or attempted to read the contents of his communications with Healthline. *Gutierrez v. Converse Inc*., No. 24-4797, 2025 WL 1895315, at *1 (9th Cir. July 9, 2025) (CIPA ¶ 631(a)'s "second clause . . . requires that Salesforce read or attempted to read *her* chat message" (emphasis in original)). Nothing in Gliksman's general allegations about the operation of TikTok, Microsoft, and Xandr's technologies expressly alleges that any of them read or attempted to read the contents of *his* communication with Healthline.

As to TikTok, Gliksman alleges that the TikTok Pixel is capable of "collect[ing] and transmit[ing] search terms, URLS, or article titles . . . [and] supplementary metadata." Am. Compl. ¶ 34. Gliksman alleges that TikTok also has features called "fingerprinting" and "AutoAdvanced Matching" that apparently allows TikTok to identify an individual through aggregated data. Am. Compl. ¶¶ 36-38. However, Gliksman does not allege facts that would demonstrate that TikTok read or attempted to read his interaction on Healthline's Website.

As to Microsoft, Gliksman alleges that the Clarity Pixel is capable of "collect[ing] and transmit[ing] search terms, URLs, or article titles" and other metadata. Am. Compl. ¶¶ 44-46. Again, Gliksman does not allege facts demonstrating that Microsoft read or attempted to read his interaction on Healthline's Website. He also does not allege any use of the information by Microsoft or of the allegedly collected data. Am. Compl. ¶¶ 43-48. Rather, Gliksman only appears to allege that the information collect is used *by Healthline* for "analytics and playback of interactions." Am. Compl. ¶ 43.

As to Xandr, Gliksman alleges that the Xandr Pixel is capable of "collect[ing] and transmit[ing] search terms, URLs, or article titles" and IP addresses. Am. Compl. ¶¶ 53-54. Gliksman does not allege facts that would demonstrate that Xandr read or attempted to read his interaction on Healthline's Website.

**In Transit**. Gliksman must allege facts showing that each Pixel read his "communication 'while the same is in transit or passing over any wire, line, or cable, or is being sent from, or

received at any place **within this state**.'" *Keurig Green Mountain, Inc*., 674 F. Supp. 3d at 758 (quoting Cal. Penal Code § 631(a)) (emphasis added); *see also Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021) (eavesdropping must be "sent from, or received at any place within California."). "Courts in the Ninth Circuit have interpreted the in-transit requirement narrowly." *Licea v. Am. Eagle Outfitters, Inc.,* 659 F. Supp. 3d 1072 (C.D. Cal. 2023)(citing *Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1152 (C.D. Cal. 2007)).

Despite raising this defect in its prior motion to dismiss, Gliksman merely added conclusory allegations that TikTok, Microsoft, and Xandr "transmit[ed] information in real time" from "California website visitors." Am. Compl. ¶ 61; *see also* Am. Compl. ¶¶ 34, 67, 70.

First, Gliksman still does not allege that the alleged interception of *his* information by each of TikTok, Microsoft, and Xandr occurred within California. *See* Am. Compl. ¶¶ 63-64. He does not allege that he accessed the Website from California. He also does not allege that TikTok, Microsoft, or Xandr read the allegedly intercepted information while in transit in California. See *Keurig Green Mountain, Inc*., 674 F. Supp. 3d at 758.

Second, Gliksman still does not allege facts demonstrating that each Pixel intercepted his information in real time. *Bunnell*, 567 F.Supp.2d 1148, 1152 ("[e]ven if the storage phase is transitory and lasts only a few seconds, it is still considered electronic storage"). Gliksman must demonstrate that each Pixel read his communication during the "narrow window" in which the communication is in transit. *NovelPoster v. Javitch Canfield Group*, 140 F. Supp. 3d 938, 951-52 (N.D. Cal. 2014) (Orrick, J.) (citation omitted). Thus, real time interception of electronic communications is "virtually impossible." *See id*. at 952 (quotation omitted).

"Conclusory allegations restating the pleading requirement of real-time interception" are insufficient. *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1001 (N.D. Cal. 2024) (Martínez-Olguín, J.) (citing *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2022 WL 214552, at *1 (N.D. Cal. Jan. 25, 2022) (Seeborg, J.)). Rather, Gliksman must allege facts demonstrating how each technology "works or how the [in transit] interception occurs." *Id*. (citing *Quigley v. Yelp, Inc*., No. 17-CV-03771-RS, 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018)); *see also Google LLC*, 2022 WL 214552, at *1-2 ("[u]sing the word 'intercept' repeatedly is simply not enough without the addition

of specific facts"; "Plaintiffs reference an 'open line of communication,' and 'real-time ad bidding' in support of this theory, *but neither describes **how** Google actually intercepts data in real time*" (emphasis added)); *Rosenow v. Facebook, Inc.*, No. 19-cv-1297-WQH-MMP, 2025 WL 951277, at *17 (S.D. Cal. March 28, 2025) (rejecting plaintiff's claim in part because of conclusory allegations that information was intercepted and collected in "real time" insufficient under Federal Wiretap Act). Gliksman did not add allegations related to the operation of each of the three technologies that would demonstrate that each conducts real time interception. Rather, Gliksman's amended complaint added repetitive, conclusory allegations that interception occurs "in real time." Am. Compl. ¶¶ 34, 61, 67, 70.

**Content Information**. Under CIPA, "'[c]ontents' refers to the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). The "content" of a communication is "the intended message conveyed by the communication." *Id.* On the other hand, "record information" includes "the characteristics of the message that is generated in the course of the communication" such as "the name, address and subscriber number or identity of a subscriber or customer." *Id.*

"[O]rigin, length, and time of a call, or geolocation data are not content." *Graham*, 533 F. Supp. 3d at 823, 833 (citation omitted). Neither are usernames, passwords, geographic information, IP addresses, app usage data, and the time, date, and duration of an interaction. *Yoon*, 549 F. Supp. 3d at 1082; *see also In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1083 (N.D. Cal. 2015) (Chen, J.) (username and password are record information). This Court should find that the following is non-actionable record information:

| TikTok Pixel | URLs, ad/event details (clicked ad), timestamp, IP address, device details, and browser information, Am. Compl. ¶ 34. |
|---|---|
| Microsoft Clarity | URLs and Microsoft ID (MUID), Am. Compl. ¶ 44. <br><br> IP addresses, Am. Compl. ¶ 45 <br><br> "interaction events such as clicks, scrolls, selection, and inputs," Am. Compl. ¶ 45 (emphasis). |

| Xandr Adnx | URLs, key words, and IP Address. Am. Compl. ¶¶ 53-54. |

This Court should also find that "article titles" are not content information. Am. Compl. ¶¶ 34, 44, 53. Gliksman his alleging that the Pixels are collecting the titles of Healthline's own articles. *See id*. Thus, by Gliksman's own allegations, the Pixels are not collecting an "intended message," *In re Zynga Priv. Litig.*, 750 F.3d at 1106, from *him* to Healthline. See also *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 902 (C.D. Cal. 2024)(content is the "substantive message").

Accordingly, Gliksman failed to plausibly allege a CIPA § 631(a) claim.

### 3.   Gliksman Fails to Adequately Allege a CIPA § 638.51 Violation (Count I).

#### a.   Gliksman Fails to Allege that Each of the Pixels is a "Pen Register" or "Trap and Trace Device"

CIPA § 638.51 prohibits the use of a "pen register" or trap and trace device" without consent or a court order. Cal. Penal Code § 638.51(a)-(b).[8] "Pen register" or "trap and trace device" (collectively, "PR/TT") are defined in CIPA § 638.50:

> (b) "Pen register" means a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, ***but not the contents of a communication***. [ ].

> (c) "Trap and trace device" means a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, ***but not the contents of a communication***.

Cal. Penal Code § 638.50(b)-(c) (emphasis added). Thus, *by definition*, PR/TT a device or process can record, capture, or decode "information ***about*** a communication, '***but not the contents*** of a communication.'" *Mitchener*, 2025 WL 2272413, at *5 (quoting Cal. Penal Code § 638.50(c)) (emphasis is original). When juxtaposed against CIPA § 631(a), which governs wiretaps and eavesdropping that capture the contents of a communication, it is apparent that CIPA § 631(a) and § 638.51 provide a comprehensive scheme that governs two mutually exclusive technologies. *See Garon v. Keleops USA, Inc.*, No. 25-CV-02124-DMR, 2025 WL 2522374, at *4 (N.D. Cal. Sept.

---

[8] CIPA § 638.51(b) includes additional exceptions that are not at issue in this motion.

2, 2025) (Ryu, M.J.) (plaintiff alleged that the Trackers . . . "do not collect the content of Plaintiffs . . . electronic communications with the Website) (emphasis added). Courts in this district and the California Superior Court have consistently concluded that the statutory definition of PR/TT in § 638.50 excludes devices that are capable of collecting the contents of a communication. *Mitchener*, 2025 WL 2272413, at *5; *Kishnani v. Royal Caribbean Cruises Ltd*., No. 25-CV-01473-NW, 2025 WL 1745726, at *4 (N.D. Cal. June 24, 2025) (Wise, J.) (same); *Price v. Headspace, Inc.,* No. 24STCV19921, 2025 WL 1237977, at *3 (Cal. Super. Apr. 01, 2025) ("what has remained steadfast throughout is the principle that neither a pen register nor a trap and trace device can decode "the contents of a communication.'" (quoting Cal. Penal Code § 638.50(c))); *Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 WL 487194, at *3 (Cal. Super. Jan. 27, 2025) (the "legislative history of the CIPA suggests that 'pen register' and 'track and trace devices' refer to devices or processes that are used to record or decode dialing, routing, addressing, or signaling information from telephone numbers, and not internet communications such as websites"). *C.f.*, *In re Meta Pixel Tax Filing Cases*, No. 22-CV-07557-PCP, 2025 WL 2243615, at *4 (N.D. Cal. Aug. 6, 2025) (Pitts, J.).

In fact, the courts in *Mitchener*, *Kishnani,* and *Price* addressed similar allegations about the TikTok Pixel and concluded that it could not be a PR/TT device or process based on the plaintiffs' own allegations that the TikTok software collects content information. *See Mitchener,* 2025 WL 2272413, at *5 (plaintiff alleged that "Auto Advanced Matching" technology . . . "scan[s] every page of the Website visited for additional information about the visitor, such as name, date of birth, and address"); *Price,* 2025 WL 1237977, at *3 plaintiff alleged that TikTok "fingerprint[s]" website visitors to "collect[ ] as much data as it can about a normally and otherwise anonymous Website visitor"); *Kishnani*, 2025 WL 1745726, at *4 ("TikTok Software is Not a Track and Trace Device").[9] *C.f., Garon*, 2025 WL 2522374, at *4 (plaintiff expressly alleged that technology does *not* capture content information).

---

[9] *Sanchez*, 2025 WL 487194, at *3, did not identify the specific website technology that was alleged to be a PR/TT device or process.

1    Moreover, Gliksman alleges that Microsoft Clarity and Xandr Adnx are capable of

2    collecting the same information that TikTok collects.[10] Specially, Gliksman identically alleges that

3    all three "collect[] and transmit[] search terms, URLS, or article titles." Am. Compl. ¶¶ 34

4    (TikTok); ¶¶ 44-46 (Microsoft); ¶¶ 53-54 (Xandr). *See also* Am. Compl. ¶¶ 105-106 (alleging that

5    Tiktok, Microsoft, and Xandr collect "contents" of communications); Pl.'s Opp to Mot. to Dismiss

6    [ECF No. 26] at 7, 8, 11-12 (arguing that Tiktok, Microsoft, and Xandr all collect content

7    information).

8    Like in *Mitchener*, *Kishnani*, and *Price*, Gliksman's own allegations that all three pixels

9    are capable of collecting content information defeat his CIPA § 638.51 claim. *See Rabin v. Google

10   LLC*, 725 F. Supp. 3d 1028, 1031 (N.D. Cal. 2024) (Pitts, J.) (a "complaint that otherwise states a

11   claim be dismissed under Rule 12(b)(6)" when "the plaintiff pleads itself out of court—that is,

12   admits all the ingredients of an impenetrable defense").

13          **b.    Gliksman Fails to Allege that Each of the Pixels is a PR/TT
                     Device or Process that Can Collect Private Information**

14

15   California Superior Courts have recently held that CIPA § 638.51 substantively requires

16   the interception of private information to be actionable. *Aviles*, 2025 WL 487196, at *2 (collection

     of IP addresses was insufficient); *Rodriguez v. Fountain9, Inc.*, No. 24STCV04504, 2024 WL

17   3886811, at *4 (Cal. Super. Ct. Jul. 9, 2024) (same); *Licea v. Hickory Farms LLC*, No.

18   23STCV26148, 2024 WL 1698147, at *4 (Cal. Super. Ct. Mar. 13, 2024) (same). Accordingly, for

19   the same reasons Gliksman fails to demonstrate Article III standing, he also fails to establish a

20   substantive violation of CIPA. *See* § III(A), *supra*.

21

22          **C.    This Court Should Dismiss with Prejudice Because Amendment is Futile**

23   "A claim is considered futile and leave to amend to add it shall not be given if there is no

24   set of facts which can be proved under the amendment which would constitute a valid claim or

25   defense." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 538–39 (N.D. Cal. 2003) (Larson, M.

26   _____

27   [10] The relevant inquiry is whether the devices are *capable of collecting* content information. If yes,
     then the device or process at issue is not a PR/TT as a matter of law under the statute's plain
     language. Cal. Pen. Code § 638.50(b)-(c). This is distinct from the Article III question of whether
28   Gliksman plausibly alleges that each Pixels actually collected *his* cognizable private information.

J.). Plaintiff's Amended Complaint failed to cure the deficiencies identified in Healthline's prior motion to dismiss. To the extent these deficiencies remain, Gliksman has ample opportunity to cure them in this Amended Complaint but failed to do so. This Court should dismiss Gliksman's Amended Complaint with prejudice.

**IV.    CONCLUSION**

For all of the foregoing reasons, this Court should dismiss Gliksman's Complaint with prejudice.

Dated:  October 2, 2025                                      CLARK HILL LLP


                                                            */s/ Chirag H. Patel*
                                            By: _____
                                                            Myriah V. Jaworski
                                                            Chirag H. Patel
                                                            Ali Bloom


                                            *Attorneys for Defendant Healthline Media LLC*