**CLARK HILL LLP**
Myriah Jaworski (SBN 336898)
mjaworski@clarkhill.com
Ali Bloom (SBN 347446)
abloom@clarkhill.com
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

**CLARK HILL LLP**
Chirag H. Patel (admitted *pro hac vice*)
cpatel@clarkhill.com
130 E. Randolph St.
Suite 3900
Chicago, IL 60601
Telephone: (312) 985-5900
Facsimile: (312) 985-5999

*Attorneys for Defendant Healthline Media LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL GLIKSMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHLINE MEDIA, LLC,<br><br>Defendant. | Case No. 3:24-cv-08650-AMO<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date: February 5, 2026<br>Time: 2:00 PM<br>Ctrm: Courtroom 10 – 19th Floor<br>Judge: Araceli Martínez-Olguín |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 3

A. This Court Should Apply the Rule of Lenity ........ 3

B. Gliksman Lacks Article III Standing ........ 3

1. A Bare Procedural CIPA Violation Does Not Satisfy Article III ........ 4

2. Gliksman Does not Plausibly Allege the Interception of Private Information by Each Pixel ........ 5

C. Gliksman Fails to Plausibly Allege a CIPA Claim ........ 6

1. Gliksman Fails to Adequately Allege a CIPA § 631(a) Violation (Count II) ........ 6

a. Gliksman's Clause One, Two, and Three Claims Fails as a Matter of Law ........ 7

b. Gliksman's Clause Four § 631(a) Claim Fails (Aiding & Abetting Third Party Eavesdropping) ........ 8

2. Gliksman Fails to Adequately Allege a CIPA § 638.51 Violation (Count I). ........ 13

a. Gliksman Fails to Allege that Each of the Pixels is a "Pen Register" or "Trap and Trace Device" ........ 13

b. Gliksman Fails to Allege that Each of the Pixels is a PR/TT Device or Process that Collects Private Information ........ 14

III. This Court Should Dismiss with Prejudice Because Amendment is Futile ........ 14

IV. CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cody v. Ring LLC*,
718 F.Supp.3d 993 (N.D. Cal. 2024) (Martínez-Olguín, J.) ....................12

*Cousin v. Sharp Healthcare*,
681 F.Supp.3d 1117 (S.D. Cal. 2023) ....................9

*D'Angelo v. FCA US, LLC*,
726 F.Supp.3d 1179 (S.D. Cal. 2024) ....................7

*DellaSala v. Samba TV, Inc.*,
No. 3:25-CV-03470-JSC, 2025 WL 3034069 (N.D. Cal. Oct. 30, 2025) (Corley, J.) ....................11

*Doe v. Eating Recovery Ctr. LLC*,
No. 23-CV-05561-VC, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) ....................1, 3, 8, 9, 13

*Doe v. Tenet Healthcare Corp.*,
789 F.Supp.3d 814 (E.D. Cal. 2025) ....................9

*Esparza v. UAG Escondido A1 Inc.*,
No. 23CV0102 DMS(KSC), 2024 WL 3761293, at *1 (S.D. Cal. Aug. 5, 2024) ....................6, 8, 9

*In re Facebook Internet Tracking Litig.*,
263 F.Supp.3d 836 (N.D. Cal. 2017) (Davila, J.) ....................7

*In re Facebook, Inc. Internet Tracking Litigation*,
956 F.3d 589 (9th Cir. 2020) ....................4, 7

*In re Google Assistant Priv. Litig.*,
457 F.Supp.3d 797 (N.D. Cal. 2020) (Freeman, J.) ....................8

*Graham v. Noom, Inc.*,
533 F.Supp.3d 823 (N.D. Cal. 2021) ....................7

*Gutierrez v. Converse Inc.*,
No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025) ....................10

*Hale v. Morgan*,
22 Cal. 3d 388 (1978) ....................1, 3

*Harrott v. County of Kings*,
25 Cal. 4th 1138 (2001) ....................3

*Heiting v. Taro Pharms. USA, Inc.*, 728 F.Supp.3d 1112 (C.D. Cal. 2024) ....................7

*I.C. v. Zynga, Inc.*, 600 F.Supp.3d 1034 (N.D. Cal. 2022) ....................6

*Khamooshi v. Politico LLC*, 786 F.Supp.3d 1174 (N.D. Cal. 2025) ....................2

*Khamooshi v. Politico LLC*, No. 24-CV-07836-SK, 2025 WL 2822879 (N.D. Cal. Oct. 2, 2025) ....................3, 6

*Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025) (Wise, J.)....................13

*In re Meta Pixel Tax Filing Cases*, No. 22-CV-07557-PCP, 2025 WL 2243615 (N.D. Cal. Aug. 6, 2025) (Pitts, J.)....................14

*Mikulsky v. Noom, Inc.*, 682 F.Supp.3d 855 (S.D. Cal. 2023)....................6

*Mitchener v. CuriosityStream, Inc.*, No. 25-cv-01471-NW, 2025 WL 2272413 ....................13

*People v. Reynoza*, 15 Cal. 5th 982 (2024) ....................3

*Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025) ....................3, 4, 5, 7

*Price v. Headspace, Inc.*, No. 24STCV19921, 2025 WL 1237977 (Cal. Super. Apr. 01, 2025) ....................13

*Quigley v. Yelp, Inc.*, No. 17-CV-03771-RS, 2018 WL 7204066 (N.D. Cal. Jan. 22, 2018)....................12

*Ribas v. Clark*, 38 Cal. 3d 355 (1985) ....................6

*Rodriguez v. Ford Motor Co.*, No. 23-cv-00598-RBM-JLB, 2024 WL 1223485 (S.D. Cal. Mar. 21, 2024)....................8, 9

*Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022) (Seeborg, J.)....................12

*Rodriguz v. Culligan Int'l Co.*, No. 25-CV-00225-AJB-KSC, 2025 WL 3064113 (S.D. ` Cal. Nov. 3, 2025) ....................3

*Skidgel v. California Unemployment Ins. Appeals Bd.*,
12 Cal. 5th 1 (2021) .......... 13, 14

*Smith v. Yeti Coolers, LLC*,
No. 24-cv-01703-RFL, 2025 WL 877127 (N.D. Cal. March 14, 2025) (Lin, J.) .......... 8, 9

*Spokeo, Inc, v, Robins*,
578 U.S. 330 (2016) .......... 4

*St. Aubin v. Carbon Health Techs., Inc.*,
No. 24-CV-00667-JST, 2024 WL 4369675 (N.D. Cal. Oct. 1, 2024) (Tigar, J.) .......... 8, 9

*Swarts v. The Home Depot, Inc.*,
689 F.Supp.3d 732 (N.D. Cal. 2023) .......... 7, 8

*Tate v. VITAS Healthcare Corp.*,
762 F.Supp.3d 949 (E.D. Cal. 2025) .......... 9

*TransUnion, LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 4

*United States v. Santos*,
553 U.S. 507 (2008) .......... 13

*Valenzuela v. Kroger Co.*,
2024 WL 1336959 (C.D. Cal. Mar. 28, 2024) .......... 8

*In re Vizio, Inc. Consumer Priv. Litig.*,
238 F.Supp.3d 1204 (C.D. Cal. 2017) .......... 12

*Walsh v. Dollar Tree Stores, Inc.*,
No. 25-CV-01601-SVK, 2025 WL 2939229 (N.D. Cal. Oct. 16, 2025) (Keulen, J.) .......... 8

**Statutes**

Ca. Penal Code § 631 .......... 8, 9, 13, 14

Ca. Penal Code § 631(a) .......... *passim*

Ca. Penal Code § 631.50 .......... 1

Ca. Penal Code § 632(a) .......... 1

Ca. Penal Code § 638.50 .......... 2, 13, 14

Ca. Penal Code § 638.51 .......... 2, 3, 13, 14

Pennsylvania's Wiretapping and Electronic Surveillance Control Act .......... 4

Federal Wiretap Act .......... 7

Video Protection Privacy Act ....................................................................................................4

**Court Rules**

FRCP 8.........................................................................................................................12

Rule 12(b)(1)...................................................................................................................2

Rule 12(b)(6)...................................................................................................................2

**Constitutions**

U.S. Const. Art. III....................................................................................... *passim*

**Other Authorities**

Restatement (Second) of Torts § 652D..........................................................................6

## I. INTRODUCTION[1]

In Plaintiff Daniel Gliksman's ("Gliksman" or "Plaintiff") view, three distinct third-party website technologies – TikTok Pixel, Microsoft Clarity, Xandr Adnx (each a "Pixel" and collectively, the "Pixels") resemble Schrodinger's cat: each Pixel both is and is not a CIPA § 631.50 pen register/track and trace device ("PR/TT device") depending on when he is asked. This opportunistic malleability of CIPA's statutory language is exactly what led to Judge Chhabria to lambast the current state of CIPA and apply the rule of lenity to a similar internet-based claim in *Doe v. Eating Recovery Ctr. LLC*, No. 23-CV-05561-VC, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025):

> The language of CIPA is a total mess. It was a mess from the get-go, but the mess gets bigger and bigger as the world continues to change and as courts are called upon to apply CIPA's already-obtuse language to new technologies. **Indeed, we have reached the point where it's often borderline impossible to determine whether a defendant's online conduct fits within the language of the statute.**
>
> [. . .]
>
> The state of affairs with CIPA is untenable. Courts are issuing conflicting rulings, and companies have no way of telling whether their online business activities will subject them to liability. That seems particularly true of Penal Code Section 631(a), the CIPA provision at issue here. The California Legislature needs to step up. It would be bad enough if CIPA were merely a civil statute that allowed plaintiffs to recover actual damages for violations. But CIPA imposes criminal liability and punitive civil penalties. Under these circumstances, it is imperative for the Legislature to bring CIPA into the modern age and to speak clearly about how the kinds of activities at issue in this case should be treated. **Until that happens, courts should generally resolve CIPA's many ambiguities in favor of the narrower interpretation [under California's rule of lenity].**

*Id*. at *1 (emphasis added). And here, Gliksman's anomalous position that this Court should treat § 631.50 with § 631(a) with complete redundancy (with no explanation how that treatment is consistent with its legislative history and intent) highlights the necessity of this Court analyzing Healthline's instant motion under the rule of lenity. *Id*. (citing *Hale v. Morgan*, 22 Cal. 3d 388, 401 (1978) ("courts are also supposed to narrowly construe civil statutes that impose punitive civil penalties"). *See* § II(A), *infra*.

---

[1] Gliksman's First Amended Complaint [ECF No. 45, 46] is cited herein as "Amended Complaint" or "Am. Compl." Gliksman's Opposition [ECF No. 56] is cited herein as "Opposition" of "Opp."

The overarching problem with Gliksman's Amended Complaint – both under 12(b)(1) and (b)(6) – is that the allegations do not add up to demonstrate how each distinct Pixel allegedly intercepted his cognizably private information on Healthline's Website (and what Healthline did to aid and abet in that allegedly criminal conduct). Instead, the Amended Complaint is an asynchronous collection of allegations that vaguely describe Gliksman's visit to Healthline's Website, generally describe the capabilities of each Pixel, and conclusive group allegations about what that "the Pixels" collected. Despite Healthline's Motion repeatedly raising this issue and discussing Gliksman's allegations about each Pixel independently (Mot. at 1-4), Gliksman makes no effort to address how his Amended Complaint states a viable CIPA claim based on the operation of each Pixel. Without basic specificity as to how each Pixel allegedly collected private information about him, it is impossible to trace any harm to Gliksman.

Gliksman's Amended Complaint fails to demonstrate an Article III injury. Gliksman must allege facts sufficient to demonstrate that *each* Pixel intercepted information that "implicates a protectible privacy interest." *Khamooshi v. Politico LLC*, 786 F.Supp.3d 1174, 1179 (N.D. Cal. 2025) (citations omitted) (Kim, M.J.) ("*Khamooshi I"*). Gliksman's claim fails under Rule 12(b)(1) because he cannot point to facts establishing a direct nexus between his interaction with the Website and each Pixel's collection of identifiable private information. *See* § II(B), *infra*.

Gliksman's Amended Complaint also fails under Rule 12(b)(6). The only CIPA § 631(a) claim available to him is under Clause Four (aiding and abetting). Gliksman's Clause Four claim fails because he neither identifies independent eavesdropping violations by each Pixel, nor alleges facts demonstrating how Healthline aided and abetted each Pixel. Gliskman's CIPA § 638.51 claim fails based on his own allegations that all three Pixels are capable of collecting "content" information. And if § 638.50 is ambiguous (as Gliksman argues), then this Court must apply the rule of lenity and resolve that ambiguity in Healthline's favor. *See* § II(C), *infra*.

These deficiencies were raised in Healthline's prior motion to dismiss. Gliksman makes no attempt to identify any facts that could cure these deficiencies in a further amendment. Because amendment is futile, this Court should dismiss Gliksman's Amended Complaint with prejudice. *See* § II(D), *infra*.

## II. ARGUMENT

### A. This Court Should Apply the Rule of Lenity

"Even though most CIPA cases are private civil actions, the interpretations courts adopt while adjudicating those actions could affect the extent to which people or companies are subject to criminal liability." *Doe*, 2025 WL 2971090 at *6 (N.D. Cal. Oct. 17, 2025) (discussing CIPA statutory history). "When the governing standard is set forth in a criminal statute, it is appropriate to apply the rule of lenity in resolving any ambiguity in the ambit of the statute's coverage." *Harrott v. County of Kings*, 25 Cal. 4th 1138, 1154 (2001) (citations omitted). "Courts are also supposed to narrowly construe civil statutes that impose punitive civil penalties." *Doe*, 2025 WL 2971090 at *1 (citing *Hale*, 22 Cal. 3d at 401).

Because the rule of lenity applies, the Court should "giv[e] the defendant the benefit of every reasonable doubt on questions of interpretation" of CIPA. *People v. Reynoza*, 15 Cal. 5th 982, 1012 (2024).

### B. Gliksman Lacks Article III Standing

Healthline's Motion demonstrates that establishing Article III standing for a CIPA claim requires Gliksman to allege facts showing that each Pixel plausibly collected information implicating a protectable privacy interest. Mot. at 7-14. "A harm is analogous to the common-law privacy torts if it involves disclosure of a kind that would be 'highly offensive' to a reasonable person." *Khamooshi v. Politico LLC*, No. 24-CV-07836-SK, 2025 WL 2822879, at *3 (N.D. Cal. Oct. 2, 2025) ("*Khamooshi II*") (quoting *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025) (additional citation omitted)); *Rodriguz v. Culligan Int'l Co*., No. 25-CV-00225-AJB-KSC, 2025 WL 3064113, at *3 (S.D. Cal. Nov. 3, 2025) (no Article III standing for § 638.51 claim where plaintiff "lacks a privacy interest in the data at issue.")

While Gliksman's Amended Complaint generically identifies some categories of information that meet this threshold, the factual allegations do not demonstrate how each Pixel collected identifiable private information about him. *See id*. Gliksman's Opposition fails to demonstrate that he has met his burden of pleading Article III standing.

**1. A Bare Procedural CIPA Violation Does Not Satisfy Article III**

Gliksman first argues that a statutory violation alone "gives rise to a concrete injury sufficient to confer standing." Opp. at 5. This argument is easily disposed of by the Ninth Circuit's recent decision in *Popa*, 153 F.4th 784. In *Popa*, the Ninth Circuit analyzed a website tracking claim under a state statute similar to CIPA – the Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("PWESCA"). *Id*. at 786. Like Gliksman, the plaintiff argued that the defendant's website allowed Microsoft Clarity to "intercept[] and record[] the website visitor's electronic communications with the website." *Id*. The plaintiff alleged that Clarity collected "over 30 different categories" of information including "text input in the screen" and information that might reveal her purchasing habits. *Id*. at 786, 791.

The Ninth Circuit affirmed the district court's holding that the plaintiff lacked Article III standing because a statutory violation alone was insufficient to confer a concrete injury. The plaintiff had failed to allege facts demonstrating that Clarity collected "embarrassing, invasive, or otherwise private information" and that the alleged "tracking of her interactions with the [defendant] website caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id*. at 791.

Importantly, the Ninth Circuit's reached its conclusion after consideration of the Supreme Court's decisions in *Spokeo, Inc, v, Robins*, 578 U.S. 330 (2016), and *TransUnion, LLC v. Ramirez*, 594 U.S. 413 (2021). *Id*. at 789-791. The court observed that "*TransUnion* contemplates a standing inquiry particularized to a plaintiff's circumstances and benchmarked to a specific tort." *Id*. at 791. The Ninth Circuit also noted that *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020), was a "pre-*TransUnion* case[]," and rejected the argument that "violation of a statute codifying a common-law privacy harm is sufficient to confer Article III standing." *Id*. at 792-93. Ultimately, the Ninth Circuit limited *In re Facebook, Inc. Internet Tracking Litigation* to its particular facts and suggested it might reach a different decision post-*TransUnion*. *Id*. at 794-95 ("perhaps we might analyze [the Video Protection Privacy Act] differently today, especially after the Supreme Court's decision in *TransUnion*").

And, as described in Healthline's Motion, even before *Popa*, this District Court and others had consistently held that demonstrating Article III standing for a CIPA violation requires facts showing the interception of cognizably private information. Mot. at 8-9.

**2. Gliksman Does not Plausibly Allege the Interception of Private Information by Each Pixel**

*Popa* also demonstrates the importance of separating well-pleaded facts about the type of data a Pixel is actually configured to capture on Healthline's Website from generalized allegations about the Pixel's capabilities and conclusory allegations that the Pixels collect private information. For example, *Popa* discusses the operation of one of the Pixels at issue in this case (Clarity) and found that none of the "30 categories" of information collected constitute cognizable private information.[2]

First, Gliksman fails to address head-on that his Amended Complaint omits facts demonstrating the process by which each Pixel alleged collected his information in private interactions with the Website. Mot. at 11. To begin, Gliksman does not allege that he interacted with Healthline's website in California using a personal device and/or a browser configured to allow each Pixel to collect his interactions (and he does not specifically allege exactly what each Pixel was configured to collect). Mot. at 11-12. The single allegation that he was "targeted with ads for various exercise programs and medical studies related to" two topics falls woefully short to demonstrating which Pixel allegedly collected that information. Am. Compl. ¶ 68. Next, Gliksman never attempts to explain how *each* Pixel operated to allegedly collect *his* private information during his interaction with Healthline's Website. Rather, Gliksman's Opposition relies entirely on conclusory group allegations that the Pixels "intercepted [his] sensitive and identifying information" and that he had a "reasonable expectation of privacy" in this information. Opp. at 8. (citing Am. Compl. ¶¶ 66-68, 71).

Second, Gliksman does not point to any facts that demonstrate that any Pixel collected or disclosed identifiable information. Mot. at 12-13; *Popa*, 153 F.4th at 791 (describing a "highly offensive" disclosure as one that "gives publicity" to a matter that concerns "the private life of

[2] Under *Popa*, this Court should find that Clarity does not collect private information as a matter of law.

another" (quoting Restatement (Second) of Torts § 652D)). Again, the sole allegation that remotely approaches this requirement is his allegation that he received targeted ads for the topics he allegedly viewed on the Website. Am. Compl. ¶ 68. However, at best, this demonstrates that one of Pixels (we won't know which one) collected topics searched or viewed. It does not demonstrate the collection of any personally identifying information.

Once again, Gliksman never directly addresses this deficiency. Opp. at 10-11. Gliksman claims in conclusory terms that the "Pixels collected and transmitted sensitive health information together with identifying information that was used to identify him personally," but makes no attempt to explain how each Pixel was actually configured to collect identifying information about him. *See id.* There is no allegation in the Amended Complaint that he ever submitted identifying information on the Website, and every allegation that the "Pixels" collected identifying information is conclusory. *See* Mot. at 14; *Khamooshi II*, 2025 WL 2822879 at *3 ("Because the injury depends on the nature of the information at issue, plaintiffs must identify the *specific* information allegedly disclosed." (emphasis is original; citing *I.C. v. Zynga, Inc.*, 600 F.Supp.3d 1034, 1050 (N.D. Cal. 2022); *Mikulsky v. Noom, Inc.*, 682 F.Supp.3d 855, 864 (S.D. Cal. 2023)).

For all the reasons set forth above and in Healthline's Motion, Gliksman lacks Article III standing.

### C. Gliksman Fails to Plausibly Allege a CIPA Claim

#### 1. Gliksman Fails to Adequately Allege a CIPA § 631(a) Violation (Count II)

Section 631(a) contains four clauses: (1) intentional wiretapping; (2) willfully reading the "contents or meaning" of a communication in transit over a wire without consent; (3) attempting to use or disclose information obtained through either of the first two actions; or (4) aiding, agreeing with, employing, or conspiring with others to violate the prior three clauses. Cal. Penal Code § 631(a); *Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985); *Esparza v. UAG Escondido A1 Inc.*, No. 23CV0102 DMS(KSC), 2024 WL 3761293, at *1 (S.D. Cal. Aug. 5, 2024).

**a. Gliksman's Clause One, Two, and Three Claims Fails as a Matter of Law**

**Clause One (intentional wiretapping):** Gliksman concedes this does not apply. Opp at 14. n.2; *Swarts v. The Home Depot, Inc.*, 689 F.Supp.3d 732, 743 (N.D. Cal. 2023) (courts have "uniformly" interpreted this clause as excluding internet communications).

**Clause Two (eavesdropping):** This District Court has uniformly held that this clause does not apply to parties involved in the communication. *Swarts*, 689 F.Supp.3d at 744-45. Despite Healthline alerting Gliksman of this well-established case law in its original motion to dismiss and instant motion, Gliksman ignores this well-established law.

It is somewhat troubling that Gliksman does not understand his own claim. Indeed, the substance of Gliksman's argument relating to Clause Two is entirely focused on how *TikTok, Microsoft, and Xandr allegedly eavesdropped* on his communication *with Healthline*. As Gliksman acknowledges, "[c]ourts have found that a software provider qualifies as *a third-party eavesdropper*." Opp. at 12 (emphasis added). But the point is that Clause Two does not impose direct liability on the other party to intercepted conversation (Healthline). *Swarts*, 689 F. Supp. 3d at 744-45; *Graham v. Noom, Inc.*, 533 F.Supp.3d 823, 832 (N.D. Cal. 2021) (Beeler, M.J.); *In re Facebook Internet Tracking Litig.*, 263 F.Supp.3d 836, 845 (N.D. Cal. 2017) (Davila, J.). Gliksman's only potential claim is under Clause Four, by demonstrating that Healthline aided and abetted a Clause Two violation by each Pixel. *See id*.

Gliksman cites no case that allows direct liability against the party to the communication under Clause Two. Gliksman mispresents the holdings of each cited case: *Heiting v. Taro Pharms. USA, Inc.*, 728 F.Supp.3d 1112, 1123 (C.D. Cal. 2024), applied Clause Four (not Clause Two), and thus supports Healthline. In *D'Angelo v. FCA US, LLC*, 726 F.Supp.3d 1179, 1196 (S.D. Cal. 2024), the Clause Two claim was asserted against the third-party who allegedly eavesdropped, not the website who was party to the communication. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 608 (9th Cir. 2020), discussed the party exception in a dissimilar portion of the Federal Wiretap Act.

**Clause Three (use or disclosure of information obtained via Clause One or Two):** Clause Three is dependent upon Gliksman demonstrating a violation of either Clause One or Clause Two. *Swarts*, 689 F.Supp.3d at 744. Because Gliksman's Clause One and Clause Two claims fail as a matter of law, so does his Clause Three claim. *In re Google Assistant Priv. Litig*., 457 F.Supp.3d 797, 827 (N.D. Cal. 2020) (Freeman, J.).

**b. Gliksman's Clause Four § 631(a) Claim Fail (Aiding & Abetting Third Party Eavesdropping)**

Gliksman must allege facts demonstrating that Healthline (i) "aid[ed], agree[d] with, employ[ed], or conspire[d] with" Pixel, (ii) in an underlying Clause Two (eavesdropping) violation. Cal. Penal Code § 631(a). He fails both prongs.

***i. Gliksman Fails to Plausibly Allege "Aiding and Abetting"***

Gliksman argues that this Court should apply a lax standard for pleading aiding and abetting. Opp. at 19-20. In his view, all that is needed is an allegation that Healthline "intentionally installed" the technology that violated Clause Two. *Id*. Gliksman makes no attempt to discuss *Smith v. Yeti Coolers, LLC*, No. 24-cv-01703-RFL, 2025 WL 877127, at *2 (N.D. Cal. March 14, 2025) (Lin, J.), or fundamentally that "CIPA is a criminal statute," *Doe*, 2025 WL 2971090, at *1.

***First***, this Court should find that *Smith*, 2025 WL 877127, at *2 provides the appropriate standard for pleading "aiding and abetting" under Clause Four. Because of "the criminal nature of section 631," liability "under clause four could only arise if [ ] [Healthline] knew [each Pixel] intended to commit the crime and intended to aid and abet the perpetrator in committing the crime." *Esparza v. UAG Escondido A1 Inc*., No. 23CV0102 DMS(KSC), 2024 WL 3761293, at *2 (S.D. Cal. Aug. 5, 2024); *see also Walsh v. Dollar Tree Stores, Inc*., No. 25-CV-01601-SVK, 2025 WL 2939229, at *17 (N.D. Cal. Oct. 16, 2025) (Keulen, J.) (following *Smith*); *Rodriguez v. Ford Motor Co*., No. 23-cv-00598-RBM-JLB, 2024 WL 1223485, at *15 (S.D. Cal. Mar. 21, 2024).

Gliksman primarily relies on *St. Aubin v. Carbon Health Techs., Inc*., No. 24-CV-00667-JST, 2024 WL 4369675, at *8 (N.D. Cal. Oct. 1, 2024) (Tigar, J.). *St. Aubin* is an outlier. *St. Aubin* disagreed with the majority position from the Southern District (*Esparza*, 2024 WL 3761293 and *Rodriguez*, 2024 WL 1223485), now conflicts with more recent cases from this district (*Smith*,

2025 WL 877127, *Walsh*, 2025 WL 2939229, and *Doe*, 2025 WL 2971090), and conflicts with the Central District (*Valenzuela v. Kroger Co*., 2024 WL 1336959, at *4 (C.D. Cal. Mar. 28, 2024) (aiding and abetting requires knowledge of the violation and special assistance or special assistance and separate breach of duty of the plaintiff)). In sum, the majority position in the Northern, Central, and Southern District Courts is that pleading aiding and abetting requires a plaintiff to plead facts that the defendant "had knowledge of [the third-party's] unlawful conduct" and the "requisite intent to ***substantially aid*** such conduct." *Smith*, 2025 WL 877127, at *2 (emphasis added).[3]

The only two cases that appear to agree with *St. Aubin* are from the Eastern District. Opp. at 20 (citing *Doe v. Tenet Healthcare Corp.*, 789 F.Supp.3d 814, 839-40 (E.D. Cal. 2025) and *Tate v. VITAS Healthcare Corp.*, 762 F.Supp.3d 949, 959 (E.D. Cal. 2025)). However, those Eastern District cases followed *St. Aubin*, 2024 WL 4369675 (a minority position in the Northern District) and *Cousin*, 681 F.Supp.3d 1117 (a minority position in the Southern District). *See Doe*, 789 F.Supp.3d 839-40 and *Tate*, 762 F.Supp.3d at 959. As explained above, these cases are out of alignment with the gravamen cases in the Northern, Central, and Southern Districts of California and fail to consider the criminal nature of § 631. Accordingly, this Court should find that *Smith*, 2025 WL 877127, at *2, provides the proper pleading standard for "aiding and abetting."

Under this criminal standard, Gliksman must allege facts that "support a plausible inference that [Healthline] had knowledge of [each third-party's] unlawful conduct," and that "[Healthline] acted with the requisite intent to ***substantially aid*** such conduct." *Smith*, 2025 WL 877127, at *2 (emphasis added). Gliksman does not (because he cannot) point to any factual allegations that meet this standard for each of the TikTok, Microsoft, and Xandr Pixels.

First, Gliksman points only to a conclusory group allegation that Healthline knew all three were collecting "website visitor activity," but does not point to single allegation demonstrating that Healthline knew that TikTok, Microsoft, or Xandr were engaging in criminally unlawful conduct. *See* Opp. at 20. This fails to demonstrate knowledge of a violation by TikTok, Microsoft, or Xandr.

[3] Gliksman's only other cited case from these three district courts is *Cousin v. Sharp Healthcare*, 681 F.Supp.3d 1117, 1130 (S.D. Cal. 2023). Opp. at 20. *Cousin* predates *Esparza*, 2024 WL 3761293, and *Rodriguez*, 2024 WL 1223485, did not consider the criminal nature of § 631. *See id*.

*Second*, Gliksman does not point to any alleged facts showing "substantial aid" by Healthline in the criminal conduct by TikTok, Microsoft, or Xandr. To the contrary, Gliksman only relies on allegations that Healthline (a business) benefits from the analytics allegedly received from each technology. Opp. at 20-21. Passively enjoying the benefits of information provided by publicly available software from three major companies comes nowhere near demonstrating a specific intent to substantially aid in criminal conduct. Gliksman does not cite a single case that supports his position. *See id*. Moreover, Gliksman fails to plead facts demonstrating how Healthline individually aided and abetted TikTok, Microsoft, or Xandr in violating CIPA.

#### ***ii. Gliksman Fails to Plausibly Allege an Underlying Clause Two Violation by Each of the Third-Party Pixel Providers***

To demonstrate eavesdropping under CIPA § 631(a), Gliksman must plausibly allege that TikTok, Microsoft, and Xandr <u>each</u> independently (a) "willfully" read, (b) "the contents or meaning" of his communication with Healthline, (c) without consent, while (d) "in transit." Cal. Pen. Code § 631(a). As outlined in Healthline's Motion, a persistent issue in Gliksman's Amended Complaint is his failure to demonstrate how each Pixel allegedly violated CIPA § 631(a). Mot. at 18 n.7. Gliksman's Opposition does nothing to remedy his group pleading deficiency. Rather, with respect to every substantive element, Gliksman merely refers back to conclusory group allegations:

***Willfully Reading***. This element requires Gliksman to demonstrate that "TikTok, Microsoft, and Xandr" each actually read or attempted to read the contents of his communications with Healthline. Mot. at 19 (citing *Gutierrez v. Converse Inc*., No. 24-4797, 2025 WL 1895315, at *1 (9th Cir. July 9, 2025)). Healthline's Motion independently addresses the limitation allegations regarding TikTok, Microsoft, and Xandr's operations, as well as the failure to allege that each Pixel read or attempted to read the contents of *his* conversation with Healthline.

Gliksman's Opposition focuses on generalized allegations about how the Pixels allegedly "transmit[ed] information to third parties,", but none demonstrate that each Pixel actually read information *that it collected about Gliksman*. *See* Opp. at 18 (citing Am. Compl. ¶¶ 24 ("Pixels" general ability to collect IPs); 33-34 (related only to TikTok Pixel's alleged capability to collect information); 43 (Clarity can collect "visitor interaction that *can* be used for analytics")). Finally,

the group conclusory allegations in Paragraphs 64-69 of the Amended Complaint are insufficient to demonstrate that each Pixel actually read or attempted to read his communication with Healthline. Gliksman generally alleges that he viewed certain topics and articles, that he was then "automatically associated with" those search terms, URL, articles titles (by whom is not explained), that Pixels collected and transmitted information to "serve him with advertisements," that he saw "targeted [] ads" for *some* of the topics he allegedly viewed, and that Healthline received the benefit of analytics. Am. Compl. ¶¶ 64-69.

However, none of these paragraphs explain who did what. None allege that TikTok, Microsoft, or Xandr actually read or attempted to read information described in Paragraph 64 and 65. Gliksman alleges that he saw targeted ads related to some of the information he viewed on the Website, but he does not explain who allegedly collected that information and who showed him targeted ads. Finally, Gliksman makes no effort to explain what "analytics and reports" are offered by TikTok, Microsoft, or Xandr that would allegedly include his intercepted information. Am. Compl. ¶ 69. Gliksman's conclusory allegations fail to demonstrate actual reading or attempted reading by any of the Pixels.

***In Transit***. As explained in Healthline's Motion, Gliksman fails to demonstrate: (a) real-time interception, (b) in California, by each Pixel. Mot. at 19-21.

As to interception in California, Gliksman cites a single allegation that he has been a resident of California "at all relevant times" and three conclusory allegations regarding real time interception in California. Opp. at 16 (citing Am. Compl. ¶¶ 12 (resident of California), 61 (conclusory allegation about real time interception in California), 67 (same), 105 (same), 111 (same). But these allegations neither establish that Gliksman accessed the Website *in California* nor that each Pixel allegedly intercepted information *in California*. *See DellaSala v. Samba TV, Inc.*, No. 3:25-CV-03470-JSC, 2025 WL 3034069, at *3 (N.D. Cal. Oct. 30, 2025) (Corley, J.) ("CIPA . . . contain[s] language demonstrating the legislature's intent for the statute[] not to apply outside of California."). Healthline raised this factual deficiency in its prior motion to dismiss. Gliksman added nothing to address the factual deficiency (and whether he accessed the Website in California is a fact personal to him).

Gliksman also fails to point to any factual allegations demonstrating how each Pixel operates to intercept information in "real time." As explained in Healthline's Motion, every allegation about "real time" interception is a conclusory group allegation about all three Pixels. Mot. at 20 (citing Am. Compl. ¶¶ 34, 67, 70). Gliksman's Opposition entirely ignores the ample case law from this district holding that a conclusory allegation of real time interception is insufficient. Mot. at 20 (discussing *Cody v. Ring LLC*, 718 F.Supp.3d 993, 1001 (N.D. Cal. 2024) (Martínez-Olguín, J.); *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2022 WL 214552, at *1 (N.D. Cal. Jan. 25, 2022) (Seeborg, J.); *Quigley v. Yelp, Inc.*, No. 17-CV-03771-RS, 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018); *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2022 WL 214552, at *1-2 (N.D. Cal. Jan. 25, 2022)). Rather, the cases relied upon by Gliksman are from other districts and/or are outdated. *See* Opp. at 17-18.

Finally, it is worth noting the rationale in *In re Vizio, Inc. Consumer Priv. Litig*., 238 F.Supp.3d 1204, 1228 (C.D. Cal. 2017), that relevant information about data capture typically resides uniquely in the custody and control of the CIPA defendant and its third-party recorder, is not applicable here. Gliksman's Amended Complaint includes alleged screenshots of code from Healthline's Website, and he is able to observe the Website's data traffic. Gliksman's conclusory group allegations about "real time" interception fail to meet FRCP 8's pleading requirements.

***Content Information***. Once again, despite Healthline's efforts to address the Plaintiffs' allegations about each Pixel, Gliksman lumps together three distinct technologies. Opp. at 15-16. Gliksman argues that search terms and URLs that reveal search terms constitute content information. *See id*. First, Gliksman concedes that all other information allegedly collected (including search terms) is not "content information." Second, even if search terms and URLs that reveal search terms are categorically "content information," Gliksman's allegations are deficient because he fails to demonstrate the technical process by which *each Pixel* collected the content of *his* alleged communication with Healthline.

**2. Gliksman Fails to Adequately Allege a CIPA § 638.51 Violation (Count I).**

**a. Gliksman Fails to Allege that Each of the Pixels is a "Pen Register" or "Trap and Trace Device"**

Gliksman concedes that "the statutory language of § 638.50 defines pen registers and trap and trace devices with the phrase 'but not the contents of the communications,' while § 631 claims for aiding involve the contents of a communication." Opp. at 24. To begin, Gliksman's Amended Complaint does not plead his § 631(a) claim and his § 638.51 claim in the alternative (and his Opposition does not make such an argument). Gliksman's central argument is that § 638.50 is ambiguous and that this Court should read § 638.50 broadly to include Pixels (despite Gliksman's argument that those Pixels collect content information) based on CIPA's legislative intent. Opp. at 23-24. This argument misses the mark for two reasons. *First*, § 638.50 is not ambiguous: it plainly excludes devices that capture content information, because those are governed by § 631(a). *Second*, even if § 638.50 were ambiguous, the rule of lenity applies and requires this Court to interpret § 638.50 in favor of Healthline. *United States v. Santos*, 553 U.S. 507, 514 (2008) (citation omitted); *Doe*, 2025 WL 2971090, at *1 (N.D. Cal. Oct. 17, 2025).

Under California's canons of statutory interpretation, the "plain meaning controls" if "the statutory language is unambiguous." *Skidgel v. California Unemployment Ins. Appeals Bd.*, 12 Cal. 5th 1 (2021). Courts may consider the "entire substance of the statutes in order to determine their scope and purposes" and "harmonize the various parts of the enactments by considering them in the context of the statutory [framework] as a whole." *Id*. However, only when the language is ambiguous, does the Court look to "extrinsic aids, including the ostensible objects to be achieved and the legislative history." *Id*. (citation omitted).

Here, as Gliksman largely agrees, the plain language of § 638.50 covers devices that do not capture content information, and § 631 covers those that do. Opp. at 24. Gliksman attempts to undermine *Mitchener*, *Kishani*, and *Price* on the basis that those cases applied the plain language of § 638.50 rather than "consider[ing] the legislative intent." Opp. at 25 (discussing *Mitchener v. CuriosityStream, Inc.*, No. 25-cv-01471-NW, 2025 WL 2272413, at *5, *Kishnani v. Royal Caribbean Cruises Ltd*., No. 25-CV-01473-NW, 2025 WL 1745726, at *4 (N.D. Cal. June 24,

2025) (Wise, J.), and *Price v. Headspace, Inc.*, No. 24STCV19921, 2025 WL 1237977, at *3 (Cal. Super. Apr. 01, 2025)). But, as explained above, this is the proper approach under California's canons of statutory interpretation.

Contrary to Gliksman's allegation, following the statutory language does not create a "loophole" or statutory gap. Opp. at 25 (citing *In re Meta Pixel Tax Filing Cases*, No. 22-CV-07557-PCP, 2025 WL 2243615, at *4 (N.D. Cal. Aug. 6, 2025) (Pitts, J.)). However, the reasoning in *In re Meta Pixel Tax* is unsound for two primary reasons. *First*, it engages in circular logic by assuming that technology that captures content information is still PR/TT device (despite its statutory definition). *Second*, by failing to consider § 638.50 along with the adjacent provision § 631(a), that court failed to " harmonize the various parts of the enactments by considering them in the context of the [CIPA] as a whole." *Skidgel*, 12 Cal. 5th at 14. Thus, *In re Meta Pixel Tax*'s conclusion that § 638.50 must be interpreted to include devices that capture content information to avoid a "statutory loophole" is entirely dubious. There is no loophole – content capturing devices are regulated by § 631.

Finally, if this Court accepts Gliksman's argument that § 638.50 is ambiguous, then it must apply the rule of lenity. Opp. at 25. Because the rule of lenity militates that the interpret § 638.50 in Healthline's favor, the Court should find that § 638.50 and 631(a) are mutually exclusive.

**b. Gliksman Fails to Allege that Each of the Pixels is a PR/TT Device or Process that Collects Private Information**

Courts have held that CIPA § 638.51 substantively requires the interception of private information to be actionable. Mot. at 24. Gliksman ignores this argument. Opp. at 25. For the same reasons Gliksman fails to demonstrate Article III standing, he also fails to establish a substantive § 638.51 violation. *See* § III(B), *supra*.

## III. This Court Should Dismiss with Prejudice Because Amendment is Futile

Gliksman does not deny that nearly every 12(b)(6) argument raised in Healthline's instant motion was also raised in Healthline's prior motion to dismiss. *See* Opp. at 25. Gliksman has had ample opportunity to cure these defects, yet he does not explain how he would address any deficiencies in a further amendment. This Court should find amendment to be futile.

## IV. CONCLUSION

For all of the foregoing reasons, this Court should dismiss Gliksman's Amended Complaint with prejudice.

Dated: November 20, 2025

CLARK HILL LLP

By: */s/ Chirag H. Patel*
Myriah V. Jaworski
Chirag H. Patel
Ali Bloom

*Attorneys for Defendant Healthline Media LLC*