Elizabeth A. Fegan (CA Bar #355906)
FEGAN SCOTT LLP
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: 312.741.1019
Facsimile: 312.264.0100
beth@feganscott.com

Megan E. Shannon (admitted *pro hac vice*)
FEGAN SCOTT LLP
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
megan@feganscott.com

*Interim Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL GLIKSMAN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHLINE MEDIA, LLC,<br><br>Defendant. | Case No. 4:24-cv-08650-AMO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY THE JUNE 23, 2026 ORDER DENYING MOTION TO DISMISS FOR INTERLOCUTORY REVIEW AND TO STAY PROCEEDINGS**<br><br>Hon. Araceli Martínez-Olguín<br>Date: October 1, 2026<br>Time: 2:00 P.M.<br>Crtrm.: Oakland, Courtroom 5, 2nd Floor |

## TABLE OF CONTENTS


Page

I. INTRODUCTION ........................................................................................1

II. BACKGROUND ........................................................................................3

A. Plaintiff's Allegations. ........................................................................................3

B. Procedural History. ........................................................................................4

III. STANDARD FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b) ..............................5

IV. HEALTHLINE'S MOTION SHOULD BE DENIED AS UNTIMELY. ............................7

V. HEALTHLINE FAILS TO ESTABLISH THAT IMMEDIATE APPEAL UNDER § 1292(B) IS MERITED. ........................................................................................8

A. *Popa v. Microsoft Corp.*'s Application to Plaintiff's Claims Does not Justify Interlocutory Review Because Plaintiff Alleged Disclosure of Sensitive Personal Health Information Satisfying Article III Standing. ..................9

B. Whether CIPA Section 631(a) and 638.51 Claims are Mutually Exclusive Does not Warrant Interlocutory Review Because the Weight of Authority and CIPA's Legislative Purpose Align with the Order. ........................................12

C. The Intent Requirement of Aiding and Abetting Claims under Section 631(a), Clause Four, Does not Merit Interlocutory Review Because the Order Applied a Heightened Standard. ........................................................16

D. The Requirements of Pleading an Aiding and Abetting Claim under Section 631(a), Clause Four, Do not Justify Interlocutory Review Because the Court Properly Addressed Plaintiff's Factual Allegations. ..............................18

VI. THIS COURT SHOULD DENY DEFENDANT'S SECOND REQUEST TO STAY THIS MATTER. ........................................................................................20

A. Healthline Fails to Justify a Stay during the Pendency of this Motion and Any Interlocutory Appeal that Could Follow. ........................20

B. A Stay Pending Resolution of *Drummer* and *Variety Media* is not warranted. ........................................................................................22

VII. CONCLUSION ........................................................................................25

## TABLE OF AUTHORITIES


Page

**Cases**

*Alarcon v. Shim, Inc., No. C 07-02894 SI*, No. C 07-02894 SI, 2007 U.S. Dist. LEXIS 92046 (N.D. Cal. Dec. 5, 2007) ....21

*Blue Cross & Blue Shield v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718 (9th Cir. 2007) ....21

*Bradshaw v. Lowe's Co.*, No. 25cv0742, 2025 U.S. Dist. LEXIS 223830 (S.D. Cal. Nov. 12, 2025) ....11

*Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109, 2017 U.S. Dist. LEXIS 6304 (N.D. Cal. Jan. 17, 2017) ....21

*Calise v. Meta Platforms, Inc.*, No. 21-cv-06186, 2026 U.S. Dist. LEXIS 3716 (N.D. Cal. Jan. 8, 2026) ....1, 5, 6, 7

*Cody v. Ring LLC*, 718 F. Supp. 3d 993 (N.D. Cal. 2024) ....19

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) ....5

*Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010) ....7, 12, 14

*D'Antonio v. Smith & Wesson Inc.*, 820 F. Supp. 3d 928 (N.D. Cal. 2026) ....15

*Deluca v. Farmers Ins. Exch.*, No. 17-cv-00034, 2019 U.S. Dist. LEXIS 153395 (N.D. Cal. Sep. 9, 2019) ....7, 8

*Doe v. Tenet Healthcare Corp.*, No. 1:23-cv-01106, 2025 U.S. Dist. LEXIS 109134 (E.D. Cal. June 9, 2025) ....17

*Eom v. Trellis Rsch., Inc.*, No. CV 25-5331, 2026 U.S. Dist. LEXIS 85764 (C.D. Cal. Mar. 10, 2026) ....11

*Esparza v. Uag Escondido A1 Inc.*, No. 23cv0102, 2024 U.S. Dist. LEXIS 145236 (S.D. Cal. Aug. 5, 2024) ....17

*Fregosa v. Mashable, Inc.*, No. 25-cv-01094, 2026 U.S. Dist. LEXIS 13274 (N.D. Cal. Jan. 23, 2026) ....9, 13, 19

*Gabrielli v. Haleon US Inc.*, 815 F. Supp. 3d 852 (N.D. Cal. 2025) ....12, 15

*Garon v. Keleops USA, Inc.*, No. 25-cv-02124, 2025 U.S. Dist. LEXIS 170745 (N.D. Cal. Sep. 2, 2025) ....14, 15, 23

*Guidiville Rancheria v. United States*, No. 12-cv-1326, 2014 U.S. Dist. LEXIS 141149 (N.D. Cal. Oct. 2, 2014) ....1

*Gutierrez v. Converse Inc.*,
No. 24-4797, 2025 U.S. App. LEXIS 16844 (9th Cir. July 9, 2025) ....................................18

*Heiting v. Taro Pharms. USA, Inc.*,
No. 2:23-cv-08002, 2024 U.S. Dist. LEXIS 250191 (C.D. Cal. Oct. 31, 2024) ....................8, 9

*Home Depot U.S.A., Inc. v. E.I. Dupont de Nemours & Co.*,
No. 16-cv-04865, 2019 U.S. Dist. LEXIS 202497 (N.D. Cal. Nov. 20, 2019) ..........................7

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022) ..........................................................................................5, 7

*In re Facebook, Inc. Internet Tracking Litigation*,
956 F.3d 589 (9th Cir. 2020) ..........................................................................................11

*Iravanian v. Transperfect Translations Int'l, Inc.*,
No. 22-cv-09157, 2026 U.S. Dist. LEXIS 195398 (N.D. Cal. Aug. 28, 2026) ..................14, 15

*James v. Price Stern Sloan, Inc.*,
283 F.3d 1064 (9th Cir. 2002) ..........................................................................................5

*Keskinen v. Lush Handmade Cosmetics, LLC,*
No. 2:24-cv-08860, 2025 U.S. Dist. LEXIS 141784 (C.D. Cal. June 24, 2025) .........2, 6, 10, 15

*Kishnani v. Royal Caribbean Cruises Ltd.*,
No. 25-cv-01473, 2025 U.S. Dist. LEXIS 120002 (N.D. Cal. June 24, 2025) .........................15

*Koji IP, LLC v. Renesas Elecs. Am., Inc.*,
No. 24-cv-03089, 2026 U.S. Dist. LEXIS 59671 (N.D. Cal. Mar. 20, 2026) ..........................20

*Krzyzek v. OpenX Techs., Inc.*,
817 F. Supp. 3d 857 (N.D. Cal. 2026) ..............................................................................11

*Limas v. Wayfair LLC,*
No. CV 25-11185, 2026 U.S. Dist. LEXIS 183027 (C.D. Cal. Aug. 13, 2026) .......................14

*McFarlin v. Conseco Servs., LLC*,
381 F.3d 1251 (11th Cir. 2004) ..........................................................................................6

*Mitchener v. Curiositystream, Inc.*,
No. 25-cv-01471, 2025 U.S. Dist. LEXIS 155489 (N.D. Cal. Aug. 6, 2025) ..........................15

*Nelson v. Reddit, Inc.*,
No. 25-CV-1470, 2026 U.S. Dist. LEXIS 32134 (S.D. Cal. Feb. 17, 2026) ............................14

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. Aug. 2025) ................................................................................ *passim*

*Price v. Headspace, Inc.*,
No. 24STCV19921, 2025 Cal. Super. LEXIS 28061 (L.A. Cnty. Apr. 1, 2025) ......................15

*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) ....................6

*Riganian v. LiveRamp Holdings, Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025) ....................14

*Shah v. Fandom, Inc.*,
No. 24-cv-01062, 2024 U.S. Dist. LEXIS 250716 (N.D. Cal. Dec. 16, 2024) ....................10

*Shah v. MyFitnessPal, Inc.*,
824 F. Supp. 3d 906 (N.D. Cal. 2026) ....................15

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) ....................16, 17

*Spears v. Wash. Mut. Bank FA*,
No. C-08-00868, 2010 U.S. Dist. LEXIS 1454 (N.D. Cal. Jan. 8, 2010) ....................7

*St. Aubin v. Carbon Health Techs., Inc.*,
No. 24-cv-00667, 2024 U.S. Dist. LEXIS 179067 (N.D. Cal. Oct. 1, 2024) ....................17

*Steering Comm. v. United States*,
6 F.3d 572 (9th Cir. 1993) ....................1, 6, 8

*Torres v. SeatGeek, Inc.*,
No. 25-cv-07118, 2026 U.S. Dist. LEXIS 118457 (N.D. Cal. May 21, 2026) ....................11

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ....................10

*Valenzuela v. Nationwide Mut. Ins. Co.*,
686 F. Supp. 3d 969 (C.D. Cal. 2023) ....................19

*Vicious Brands, Inc. v. Face Co., LLC*,
No. 24-cv-04996, 2025 U.S. Dist. LEXIS 43182 (N.D. Cal. Mar. 10, 2025) ....................24, 25

*Volkswagen Grp. of Am., Inc. v. Saul Chevrolet, Inc.*,
No. 5:15-cv-00505, 2015 U.S. Dist. LEXIS 129554 (C.D. Cal. Sep. 25, 2015) ....................21

*Williams v. Alameda Cnty.*,
657 F. Supp. 3d 1250 (N.D. Cal. 2023) ....................2, 6

*Zamani v. Carnes*,
491 F.3d 990 (9th Cir. 2007) ....................13

*Zulewski v. Hershey Co.*,
No. CV 11-05117, 2013 U.S. Dist. LEXIS 47123 (N.D. Cal. Mar. 29, 2013) ....................5

**Statutes**

28 U.S.C. § 1292(b) .................... *passim*

Cal. Penal Code § 631(a) ........ *passim*

Cal. Penal Code § 638.50 ........ 3, 12

Cal. Penal Code § 638.51 ........ *passim*

**Other**

2025 Annual Report, https://cdn.ca9.uscourts.gov/datastore/judicial-council/publications/AnnualReport2025.pdf (last accessed September 7, 2026) ........ 8, 21

California Legislative Information, SB-690 Crimes: Invasion of Privacy, https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202520260SB690 (last accessed September 8, 2026) ........ 24

Allen Matkins, California Legislature Passes SB 690 to Curb Tide of Website-Tracking Litigation, LEGAL ALERT (Sep. 4, 2026), https://www.jdsupra.com/legalnews/california-legislature-passes-sb-690-to-6789259/ (last accessed September 8, 2026) ........ 24

Paul F. Schmeltzer & Simone McCormick, *California Legislature Passes Bills Curtailing CIPA Website-Tracking Lawsuits*, CLARK HILL (Sep. 1, 2026), https://www.clarkhill.com/news-events/news/california-sb-690-cipa-website-tracking-lawsuits/ (last accessed September 8, 2026) ........ 24

## I. INTRODUCTION

The Ninth Circuit "recognize[s] that the scope of appellate review under section 1292(b) is not so broad as to allow reexamination of all matters previously ruled upon in the case." *Steering Comm. v. United States*, 6 F.3d 572, 576 (9th Cir. 1993). Nevertheless, this is *exactly* what Defendant Healthline Media, LLC ("Healthline" or "Defendant") asks the Court to undertake in its Motion to Certify the June 23, 2026 Order Denying Motion to Dismiss for Interlocutory Review and to Stay Proceedings ("Motion" or "Mot.") (Dkt. No. 79). Healthline outlines four issues, and three sub-issues, asking this Court to depart from the standard final judgment rule and certify each issue for the exceptional relief of interlocutory appeal under 28 U.S.C. § 1292(b). Healthline's "everything but the kitchen sink" Motion really seeks reconsideration of this Court's Order Granting in Part and Denying in Part Motion to Dismiss ("Order") (Dkt. No. 77)[1].

Requests for certification under 28 U.S.C. § 1292(b) are strictly and narrowly construed and should only be granted when "exceptional circumstances warrant it." *Guidiville Rancheria v. United States*, No. 12-cv-1326, 2014 U.S. Dist. LEXIS 141149, at *3 (N.D. Cal. Oct. 2, 2014) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Under 28 U.S.C. § 1292(b), the movant bears the burden to establish that: (1) there is a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Calise v. Meta Platforms, Inc.*, No. 21-cv-06186, 2026 U.S. Dist. LEXIS 3716, at *2 (N.D. Cal. Jan. 8, 2026).

Each of the issues (and sub-issues) that Healthline seeks to certify are plainly inappropriate

---

[1] Dkt. No. 70 is the original, unredacted Order issued by the Court on June 23, 2026. Dkt. No. 70 is under seal based on the Order's recitation of redacted sensitive health information contained in the FAC (Dkt. No. 76), and therefore all citations to the Order are to the publicly filed Order at Dkt. No. 77.

for the extraordinary relief Healthline requests. Healthline's proposed issues are: (1) whether *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. Aug. 2025) requires plaintiffs asserting CIPA claims to allege facts showing the plaintiff suffered an injury-in-fact that bears a close relationship to the common-law torts of public disclosure of private facts or intrusion upon seclusion; (2) whether § 638.51 and § 631(a) provisions of CIPA are mutually exclusive; (3) whether a § 631(a), clause four claims under CIPA requires a plaintiff to plead facts demonstrating aiding and abetting under a criminal intent standard; and (4) whether plaintiffs [alleging] an "aiding-and-abetting" claim under clause four of CIPA's wiretapping provision (§ 631(a)) must plead and prove facts demonstrating a discrete eavesdropping violation (clause two) by a third-party. Mot. at 2-3, 7-19. Additionally, Healthline identified three sub-issues which it calls "intrinsic" under the second, third, and fourth issues, as to whether California's rule of lenity requires statutory interpretation for CIPA in Healthline's favor. Mot. at 3.

First and foremost, each "issue" in Healthline's Motion is either a fact-intensive inquiry or a mixed question of law and fact inappropriate for interlocutory appeal, which is reserved for "pure" questions of law. *Keskinen v. Lush Handmade Cosmetics, LLC*, No. 2:24-cv-8860, 2025 U.S. Dist. LEXIS 141784, at *6 (C.D. Cal. June 24, 2025); *see also Williams v. Alameda Cnty.*, 657 F. Supp. 3d 1250, 1254 (N.D. Cal. 2023). Healthline cannot meet the "controlling question of law" prong for any issue or sub-issue. Next, the weight of authority shows that there is no substantial difference of opinion as to the law under each issue. And, even if there is room for difference of opinion, interlocutory appeal will not "materially advance" termination of the litigation because even if the Ninth Circuit advanced one or more of these numerous issues, Plaintiff's § 638.51 and § 631(a), clause four claims would remain in play on independent theories.

In addition, Healthline asks this Court to stay the litigation either during the pendency of its request for interlocutory appeal, and/or through the Court's inherent authority to stay

proceedings based on two separate CIPA appeals, *Variety Media, LLC v. Superior Court*, Case No. B350578 (Cal. App. 2d Dist.) ("*Variety Media*") and *Drummer v. CoStar Group, Inc.*, Case No. 26-1652 (filed Mar. 19, 2026) ("*Drummer*"). Healthline fails to justify a second stay of discovery under either basis. This Court should deny Healthline's Motion in its entirety.

## II. BACKGROUND

### A. Plaintiff's Allegations.

Plaintiff is a California resident who visited Defendant's website, Healthline.com, numerous times during the class period to view health and wellness content. Plaintiff filed his First Amended Complaint ("FAC") on September 11, 2025 (Dkt. No. 44), and alleges that Healthline illegally employs pixels to track, record, and collect website user data that is subsequently communicated to third party platforms and advertisers without consent in violation of the California Invasion of Privacy Act ("CIPA") sections 638.51 and 631. Specifically, Healthline installed the TikTok Pixel, the Microsoft Clarity Pixel, and the Adnx Pixel (collectively, the "Pixels") which operate as pen registers and/or trap and trace devices to collect search terms, URLs, and article titles that convey health symptoms, conditions, diagnoses, communications, and personal information, in addition to routing, addressing, and signaling information from Healthline's website visitors, all of which is transmitted to third parties without consent. FAC ¶¶ 3, 6-7, 21, 26, 108-109. Healthline leverages the information gathered by its Pixels to sell advertising space on its websites and earn additional revenue. FAC ¶¶ 7, 20, 32, 62.

Plaintiff alleges that Defendant's use of Pixels violates CIPA section 638.51 by employing the Pixels as "trap and trace devices" and "pen registers" as defined by Cal. Penal Code §§ 638.50(b), (c) and that Defendant uses the Pixels for the purpose of identifying the source of incoming electronic and wire communications to the website, allowing Healthline to obtain and analyze website users' data for its own profit in violation of CIPA § 638.51. FAC ¶¶ 93-96, 103, 109-111.

Plaintiff further alleges that Healthline violated three clauses of § 631 of CIPA; however,

following this Court's Order Granting in Part and Denying in Part Motion to Dismiss, only Plaintiff's § 631, clause four ("aiding and abetting") claim remains. Dkt. No. 77. Plaintiff alleges that Healthline violates clause four by employing the Pixels to intercept, eavesdrop upon, and record Plaintiff's and the Class's communications, thereby aiding and abetting the developers of the Pixels (TikTok, Microsoft, and Xandr) to commit both unlawful interception and unlawful use under § 631(a), surreptitiously and as a matter of course because Defendant allows TikTok, Microsoft, and Xandr to intercept and use signaling and identifying information together with the content of sensitive information such as search terms, without consent. FAC ¶¶ 104, 107, 109-110.

**B. Procedural History.**

Following the December 2, 2024 filing of the Complaint, Dkt. No. 1, the parties engaged in a Rule 26(f) conference and subsequently filed their Joint Case Management Statement on February 27, 2025. Dkt. No. 20. Between February 27, 2025 and May 2, 2025, the parties briefed Healthline's motion to dismiss under Rules 12(b)(1) and 12(b)(6). Dkt. No. 21, 26, 32. Plaintiff issued written discovery to Defendant on July 18, 2025. Declaration of Megan E. Shannon ("Shannon Decl."), ¶ 4. On August 14, 2025, this Court granted Healthline's Motion to Dismiss based on Article III standing, with leave for Plaintiff to amend his Complaint. Dkt. No. 31. On August 27, 2025, Healthline moved to stay discovery pending resolution of its anticipated Motion to Dismiss. Dkt. No. 40. While the Motion to Stay Discovery was pending, Healthline partially answered Plaintiff's written discovery on September 11, 2025. Shannon Decl., ¶ 5. Plaintiff filed his FAC on September 11, 2025. Dkt. No. 44.

This Court granted Defendant's Motion to Stay Discovery on September 23, 2025. Dkt. No. 50. On October 2, 2025, Healthline moved to Dismiss Plaintiff's Amended Complaint, which was fully briefed on November 30, 2025. Dkt. Nos. 51, 56, 57. On June 23, 2026, this Court entered its Order Granting in Part and Denying in Part Motion to Dismiss ("Order"). Dkt. No. 77. Because

Plaintiff's § 638.51 ("pen register") claim and § 631, clause four ("aiding and abetting") claims survived, on June 23, 2026, Plaintiff's Counsel contacted Counsel for Defendant to discuss resumption of discovery. More than two months after this Court's Order, Healthline filed its Motion seeking to certify the Order for interlocutory review and to stay proceedings. Dkt. No. 79.

## III. STANDARD FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)

Interlocutory review under 28 U.S.C. § 1292(b) "is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002). "Certification for interlocutory appeal should be applied sparingly and only granted in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Calise*, 2026 U.S. Dist. LEXIS 3716, at *2-3. Courts undertaking requests for interlocutory review under 28 U.S.C. § 1292(b) "should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). "The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances." *Id*. "Even then, a court has substantial discretion in deciding whether to grant a party's motion for certification." *Zulewski v. Hershey Co*., No. CV 11-05117, 2013 U.S. Dist. LEXIS 47123, at *4 (N.D. Cal. Mar. 29, 2013).

To justify interlocutory review under 28 U.S.C. § 1292(b), a movant must establish that: (1) there is a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Calise,* 2026 U.S. Dist. LEXIS 3716, at *2.

***A controlling question of law.*** "A controlling question of law must be one of law—not fact—and its resolution 'must materially affect the outcome of litigation in the district court.'" *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (citing

*In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981)). A controlling question of law suitable for certification for interlocutory appeal must be a "pure question of law, not a mixed question of law and fact or an application of law to a particular set of facts." *Keskinen,* 2025 U.S. Dist. LEXIS 141784, at *6 (quoting *Bada Int'l Inc. v. ChungHo Nais Co*., No. 13-SA-CV-01110-JVS-ANx, 2014 U.S. Dist. LEXIS 206745, 2014 WL 12965998 (C.D. Cal. Aug. 5, 2014)); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.").

"The Ninth Circuit defines a 'controlling' question as one for which 'resolution . . . on appeal could materially affect the outcome of litigation in the district court."' *Williams*, 657 F. Supp. 3d at 1254 (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)) (ellipsis in original). A question of law "is not controlling simply because its immediate resolution may promote judicial economy." *Williams,* 657 F. Supp. 3d at 1254. In limited circumstances where a mixed question of law and fact is coupled with a "pure legal question," the Ninth Circuit may in its discretion exercise appellate jurisdiction over both. *See e.g., Steering Comm.*, 6 F.3d at 576 (exercising jurisdiction over issues material to the order from which appeal has been taken).

***Substantial ground for difference of opinion.*** "Courts traditionally will find that a substantial ground for difference of opinion exists where novel and difficult questions of first impression are presented." *Reese v. BP Expl. (Alaska) Inc*., 643 F.3d 681, 688 (9th Cir. 2011) (quoting *Couch v. Telescope Inc*., 611 F.3d 629, 633 (9th Cir. 2010)) (cleaned up). Courts will also find substantial grounds for difference of opinion where "reasonable jurists might disagree on an issue's resolution," "even if other cases do not directly conflict with the district court's construction of the law." *Calise,* 2026 U.S. Dist. LEXIS 3716, at *4 (quoting *Reese*, 643 F.3d at 688) (cleaned

up). "However, just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch,* 611 F.3d at 633 (quoting 3 Fed. Proc., L. Ed. § 3:212 (2010)) (citations omitted).

***When immediate review will materially advance the litigation***. The final 28 U.S.C. § 1292(b) prong is satisfied "when the resolution of the question may appreciably shorten the time, effort, or expense of conducting the district court proceedings." *ICTSI Or.,* 22 F.4th at 1131 (quoting *In re Cement*, 673 F.2d at 1027) (cleaned up). "The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Calise*, 2026 U.S. Dist. LEXIS 3716, at *5 (quoting *Roth v. Foris Ventures, LLC*, No. 21-cv-04288-YGR, 2022 U.S. Dist. LEXIS 246842, 2022 WL 21777087, at *2 (N.D. Cal. Aug. 19, 2022)).

## IV. HEALTHLINE'S MOTION SHOULD BE DENIED AS UNTIMELY.

"Though there is no specified time limit for seeking certification, § 1292(b) provides for an immediate appeal, and a district judge should not grant an inexcusably dilatory request." *Home Depot U.S.A., Inc. v. E.I. Dupont de Nemours & Co.,* No. 16-cv-04865, 2019 U.S. Dist. LEXIS 202497, at *4-5 (N.D. Cal. Nov. 20, 2019) (quoting *Spears v. Wash. Mut. Bank FA*, No. C-08-00868 RMW, 2010 U.S. Dist. LEXIS 1454, at *3-4 (N.D. Cal. Jan. 8, 2010)). "In view of the very short time frame in which the appellate court must act once a district court grants certification, the party seeking certification should act similarly expeditiously." *Deluca v. Farmers Ins. Exch*., No. 17-cv-00034, 2019 U.S. Dist. LEXIS 153395, at *9 (N.D. Cal. Sep. 9, 2019).

Healthline's Motion should be denied entirely because it is an inexcusably dilatory request; this Court issued its Order on June 23, 2026, but Healthline's Motion was not filed until more than two months later, without any justification for the delay. Courts in this district have found similar delays constitute untimely requests. *See Spears*, 2010 U.S. Dist. LEXIS 1454, at *3-4 (finding that

motion seeking interlocutory appeal under § 1292(b) was untimely where defendant waited two and a half months and failed to explain the delay); *Deluca*, 2019 U.S. Dist. LEXIS 153395, at *22-23 (finding delay of 45 days to be untimely); *Heiting v. Taro Pharms. USA, Inc.*, No. 2:23-cv-08002, 2024 U.S. Dist. LEXIS 250191, at *7 (C.D. Cal. Oct. 31, 2024) (denying interlocutory review of CIPA issues and finding that a delay of six weeks in moving for interlocutory appeal under § 1292(b) was untimely). On this basis alone, Defendant's Motion should be denied as inexcusably dilatory.

## V. HEALTHLINE FAILS TO ESTABLISH THAT IMMEDIATE APPEAL UNDER § 1292(B) IS MERITED.

It is no exaggeration to say that Healthline's Motion seeks to take up "everything and the kitchen sink" with regard to this Court's Order. Not only is interlocutory appeal reserved for exceptional circumstances, but it is also simply not intended to be the sweeping reconsideration vehicle that Healthline paints it to be. *See Steering Comm.*, 6 F.3d at 576 ("[T]he scope of appellate review under section 1292(b) is not so broad as to allow reexamination of all matters previously ruled upon in the case."). Healthline improperly seeks a referendum on the entire CIPA statute vis-à-vis this Court's Order.

The sheer number of questions Healthline seeks to certify evidences that this is not a genuine request for interlocutory appeal. Certifying seven total questions creates a high risk that the Ninth Circuit would either decline to accept such a sprawling petition or, if accepted, that the briefing and decision process would take well beyond the Ninth Circuit's 2025 median resolution time of 11.9 months, potentially stalling this case through 2028.[2] The breadth of Healthline's Motion weighs against certification on its face, as most requests for interlocutory review are

[2] https://cdn.ca9.uscourts.gov/datastore/judicial-council/publications/AnnualReport2025.pdf (last accessed September 7, 2026).

limited to a single question – and the majority of those are unsuccessful. *See*, *e.g.*, *Fregosa v. Mashable, Inc.*, No. 25-cv-01094, 2026 U.S. Dist. LEXIS 13274, at *2, 9-10 (N.D. Cal. Jan. 23, 2026) (denying appeal of one proposed issue); *Heiting*, 2024 U.S. Dist. LEXIS 250191, at *7 (denying appeal for one proposed issue; *compare with Drummer* (considering one proposed issue of law). Healthline fails to establish that each of its four issues (and three sub issues) identified in its Motion meets ***every*** prong of the 28 U.S.C. § 1292(b) analysis.

### A. *Popa v. Microsoft Corp.*'s Application to Plaintiff's Claims Does not Justify Interlocutory Review Because Plaintiff Alleged Disclosure of Sensitive Personal Health Information Satisfying Article III Standing.

Healthline's attack on this Court's standing analysis in light of *Popa* should be rejected, because this Court's analysis aligns with *Popa*. Order at 7. *Popa* held that standing turns on the nature of the information at issue, finding that "embarrassing, invasive, or otherwise private" information is the sort of information protected by common-law privacy torts and establishes Article III standing. *Popa*, 153 F.4th at 790-91. As explained in the Order, Plaintiff clearly alleged the disclosure of sensitive personal health information, which is traditionally the kind of "embarrassing, invasive, or otherwise private" information that has been protected by law. Order at 5-7 (detailing the sensitive medical information that Plaintiff alleges was disclosed and identifying the basis for standing where sensitive medical information has been improperly disclosed). Furthermore, Healthline has *already admitted* Gliksman has a protectable privacy interest in his health information. *See* Order at 6, n. 3.

Moreover, this Court's Order directly tracks *Popa*, holding that Plaintiff's interactions with Healthline's Pixels caused disclosure of sensitive, private health information which bears a "close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Compare* Order at 6 (citing *Lien v. Talkdesk, Inc*., No. 24-CV-06467, 2025 WL 551664, at *1 (N.D. Cal. Feb. 19, 2025) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 432 (2021)) with *Popa*, 153 F.4th at 791. In *Popa*, the court noted that "[t]o the extent Microsoft's tracking software *could* be offensive in particular circumstances (e.g., ***involving sensitive medical*** or

financial information), [the plaintiff] does not plausibly allege the infringement of any such privacy interest." *Id*. (emphasis added). In contrast, here the Court found that "[t]he information Gliksman shared with Healthline is sensitive medical information and therefore implicates a "protectible privacy interest." Order at 7. *Popa* does not, as Healthline argues, mandate a full tort-based analysis for intrusion upon seclusion or public disclosure of private facts. Indeed, there is no such analysis in *Popa*. What is required is what the Court did here – a finding "of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law" privacy torts. *Popa*, 153 F.4th at 791. Notwithstanding, Healthline fails to meet each of the factors justifying immediate appeal.

***Controlling question of law***. As this Court's Order made clear, Plaintiff's standing is highly specific to the functions of Healthline's Pixels and the type of sensitive health information that was disclosed, Order at 5-9, and is therefore not a controlling question of law. For example, in the Order's standing analysis, the Court found that "Gliksman adequately alleges that he disclosed sensitive private information" "related to his own sensitive health conditions" and listed the specific sensitive health information that Plaintiff alleged was disclosed.[3] Order at 6-7. The Order also contemplated the specifics of Healthline's Pixels, as alleged, and their function as they relate to Plaintiff's sensitive health information. Order at 7. At its core, the Order required a fact-intensive inquiry, which is inherently improper for immediate appeal under § 1292(b). *See e.g.*, *Keskinen,* 2025 U.S. Dist. LEXIS 141784, at *8 (finding that defendant's proposed controlling questions of law were too fact-specific and did not present pure questions of law appropriate for interlocutory appeal."); *Shah v. Fandom, Inc.*, No. 24-cv-01062, 2024 U.S. Dist. LEXIS 250716, at *5 (N.D. Cal. Dec. 16, 2024) (denying interlocutory appeal where the reasonable expectation of privacy "vis a vis third parties is a fact-sensitive question.").

***Substantial ground for difference of opinion.*** Healthline plainly overstates *Popa*'s reach. *Popa* is an extension of already well-established precedent under *TransUnion LLC v. Ramirez*,

---

[3] Because the specifics of Plaintiff's sensitive health information are under seal, Plaintiff incorporates them here by reference rather than listing them explicitly. *See also* FAC ¶ 64.

594 U.S. 413, 423 (2021) and Ninth Circuit cases such as *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 598 (9th Cir. 2020). It did not drastically change or overturn decades of standing precedent establishing the right to privacy. Healthline's assertion that *Popa* requires an entirely new analysis is grasping at straws. Mot. at 8. In *Popa*, the Ninth Circuit stated: "*TransUnion* contemplates a standing inquiry particularized to a plaintiff's circumstances and benchmarked to a specific tort." 153 F.4th at 791. In other words, the Ninth Circuit referred to a general principle of *TransUnion,* a six-year-old Supreme Court case, which was precedential on this Court and the Ninth Circuit long before *Popa.* This is not the earth-shattering standing revelation that Healthline wants it to be. Instead, it is merely a reiteration of longstanding law which does not meet the "novel issue" standard for immediate certification. Mot. at 9-10.

Healthline argues that *Popa*'s application to CIPA is novel because "district courts have reached varying decisions." Mot. at 9. Of course they have, as standing is a highly fact-specific inquiry and each case Healthline cites involves distinct allegations, facts, and claims. *See e.g.*, *Eom v. Trellis Rsch., Inc.*, No. CV 25-5331, 2026 U.S. Dist. LEXIS 85764, at *9-10 (C.D. Cal. Mar. 10, 2026) (whether plaintiff had standing "turn[ed] on the factual nuances" and was a "mixed question of law and fact or the application of law to a particular set of facts."); *see also Popa*, 153 F.4th at 791 (the "standing inquiry" is "particularized to a plaintiff's circumstances.").

Each of the cases Healthline cites do not evidence a difference of opinion on application of a "controlling issue" but rather different outcomes of a universal analysis that turns on specific facts. *See Torres v. SeatGeek, Inc.*, No. 25-cv-07118, 2026 U.S. Dist. LEXIS 118457, at *7 (N.D. Cal. May 21, 2026) (finding lack of Article III standing under *Popa* where browsing information did not include sensitive data); *Bradshaw v. Lowe's Co.*, No. 25cv0742, 2025 U.S. Dist. LEXIS 223830, at *12 (S.D. Cal. Nov. 12, 2025) (finding lack of Article III standing under *Popa* where plaintiff failed to show a reasonable expectation of privacy in an IP address); *Krzyzek v. OpenX Techs., Inc.*, 817 F. Supp. 3d 857, 863 (N.D. Cal. 2026) (finding Article III standing under *Popa*

based on the disclosure of highly sensitive information profiles, including full string URLs, interests, and socio-political views); *Gabrielli v. Haleon US Inc.*, 815 F. Supp. 3d 852, 866 (N.D. Cal. 2025) (finding Article III standing under *Popa* where pixels gathered far more than just an IP address). "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633.

In support of its argument, Healthline baldly argues that standing under *Popa* is novel based on the frequency with which Article III arises in CIPA cases and because an appeal exists in *Drummer*. Mot. at 9-10. Healthline fails to explain or provide any argument or citations in support of these assertions. *Id*.

***An immediate appeal will not materially advance the ultimate termination of the litigation.*** Plaintiff's FAC easily establishes a "harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law" privacy torts. *Popa*, 153 F.4th at 791. *See e.g.,* Plaintiff's Opp. to Second Motion to Dismiss, Dkt. No. 56 at 7-9 ("'The alleged unauthorized disclosure of sensitive medical information in this manner is akin to the harm of intrusion upon seclusion, which is an intangible harm traditionally recognized as a concrete harm.'") (quoting *Toy v. Life Line Screening of Am., Ltd.,* No. 23-cv-04651, U.S. Dist. LEXIS 88872, at *2 (N.D. Cal. Mar. 19, 2024)). As a result, certification of this issue would not materially advance the litigation because the outcome of any standing analysis would remain the same, but significant time and judicial resources would have been wasted. In sum, Interlocutory appeal should be denied because this Court's Order properly addressed *Popa* and considered the factually unique and sensitive personal health information that is conveyed by Healthline's Pixels.

**B. Whether CIPA Section 631(a) and 638.51 Claims are Mutually Exclusive Does not Warrant Interlocutory Review Because the Weight of Authority and CIPA's Legislative Purpose Align with the Order.**

Healthline again raises its previous argument that Section 631(a) and Section 638.51 claims are mutually exclusive because Section 638.50 defines pen registers and trap and trace devices

with the phrase "but not the contents of the communications," while Section 631 claims for aiding involve the contents of a communication. Mot. at 11-14. The Order properly addressed this issue and found that "[t]his Court agrees with *In re Meta Pixel Tax Filing Cases*, which held that '[g]iven CIPA's purpose to protect Californians' privacy, it is highly unlikely that the Legislature intended to permit the installation and use of pen registers so long as those devices also record the contents of a third party's communications.' 793 F. Supp. 3d 1147, 1154-55 (N.D. Cal. 2025); *see also Gabrielli v. Haleon US Inc.*, No. 25-CV-02555-WHO, 2025 WL 2494368, at *12 (N.D. Cal. Aug. 29, 2025) (adopting reasoning)." Order at 10.

***A controlling question of law.*** Healthline cannot establish that this issue is a controlling question of law because the interpretation of a statute to a case-specific technology requires a fact intensive inquiry not appropriate for immediate interlocutory appeal. This is evidenced by Healthline's sub-argument, which asks whether "California's rule of lenity applies and therefore requires an interpretation in Healthline's favor." Mot. at 12. Healthline explicitly asks this Court to reconsider, or to allow the Ninth Circuit to reconsider, whether application of the rule of lenity to the specific factual circumstances of Plaintiff's claims results in a finding in Healthline's favor. Mot. at 12. The rule of lenity is not a controlling issue of law or a novel issue because CIPA's "language, structure, history, and purpose are sufficiently clear, and they leave no need for the Court to merely speculate about its applicability." *Fregosa*, 2025 WL 2886399, at *26; Order at 10-11. Such a request is improper for immediate appeal under § 1292(b) and necessarily fails to meet the "controlling" issue of law prong required for certification. Additionally, it is worth noting that Healthline only raised the rule of lenity for the first time in its reply. A "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Moreover, Healthline ignores the fact that the rule of lenity issue was tentatively addressed

by the California Superior Court for the Second District in *Variety Media*, where the court rejected application of the rule of lenity to CIPA claims. Ex. 1 to Shannon Decl. This issue is no longer "novel" because it has been addressed by the *Variety Media* court and many others in this district and circuit. *See, e.g., Garon v. Keleops USA, Inc.*, No. 25-cv-02124, 2025 U.S. Dist. LEXIS 170745, at *14-15 (N.D. Cal. Sep. 2, 2025) (declining to apply the rule of lenity to CIPA); *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1094 (N.D. Cal. 2025) (same); *Nelson v. Reddit, Inc.*, No. 25-CV-1470, 2026 U.S. Dist. LEXIS 32134, at *17-18 (S.D. Cal. Feb. 17, 2026) (same and collecting cases).[4] Resolution of this issue will not materially affect the outcome of this litigation because even in the unlikely event that the Ninth Circuit found the provisions to be incompatible, one of Plaintiff's CIPA claims would remain and the surviving claim will require identical discovery. *Iravanian v. Transperfect Translations Int'l, Inc.*, No. 22-cv-09157, 2026 U.S. Dist. LEXIS 195398, at *4 (N.D. Cal. Aug. 28, 2026) ("immediate appeal of this issue will not materially advance the ultimate termination of this litigation given that other issues would have to be determined in order to resolve Plaintiff's claims.") (quoting *Krabach v. King Cnty.*, No. 2:22-CV-1252-BJR, 2023 U.S. Dist. LEXIS 175887, 2023 WL 6377557, at *3 (W.D. Wash. Sept. 29, 2023)).

***Substantial ground for difference of opinion.*** Disagreement among courts applying the same legal standard to different facts is not the substantial grounds for difference of opinion contemplated by § 1292(b). *Couch*, 611 F.3d at 633. This Court's ruling aligns with the weight of authority and with CIPA's protective purpose in finding that Section 631(a) and Section 638.51 are ***not*** exclusive. *See Limas v. Wayfair LLC*, No. CV 25-11185, 2026 U.S. Dist. LEXIS 183027,

---

[4] The same is true of each sub-issue raised by Healthline as to the rule of lenity's application to each of its main issues.

at *20 (C.D. Cal. Aug. 13, 2026) (following *In re Meta Pixel Tax Filings Cases* and noting a finding that Section 631(a) and Section 638.51 are mutually exclusive "would not give greater protection to privacy interests."); *D'Antonio v. Smith & Wesson Inc.*, 820 F. Supp. 3d 928, 937 (N.D. Cal. 2026) (following *In re Meta Pixel Tax Filings Cases*); *Shah v. MyFitnessPal, Inc.,* 824 F. Supp. 3d 906, 920 (N.D. Cal. 2026) (same); *Gabrielli*, 815 F. Supp. 3d at 872 (same); *compare with Mitchener v. Curiositystream, Inc.*, No. 25-cv-01471, 2025 U.S. Dist. LEXIS 155489, at *10 (N.D. Cal. Aug. 6, 2025) (applying the rule of lenity without analyzing the legislative intent of CIPA); *Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-cv-01473, 2025 U.S. Dist. LEXIS 120002, at *11 (N.D. Cal. June 24, 2025) (same); *Price v. Headspace, Inc.*, No. 24STCV19921, 2025 Cal. Super. LEXIS 28061, at *7 (L.A. Cnty. Apr. 1, 2025) (same).[5] The weight of authority aligns with this Court's Order, indicating a lack of a "substantial ground for difference of opinion." Even if there is any room for disagreement, it is not outcome determinative because Healthline cannot meet the other factors to justify interlocutory appeal.

***When immediate review will materially advance the ultimate termination of the litigation.*** Resolution of this issue will not materially advance the termination of this litigation because even in the unlikely event that the Ninth Circuit found the provisions to be incompatible, one of Plaintiff's claims would remain. *Iravanian*, 2026 U.S. Dist. LEXIS 195398, at *4. As a result, "certifying these questions would contravene the purpose of section 1292(b), as it would likely prolong the litigation and consume additional judicial resources." *Keskinen*, 2025 U.S. Dist. LEXIS 141784, at *8 (denying request for interlocutory appeal under § 1292(b) in CIPA case). This factor weighs heavily in favor of denying immediate appeal.

---

[5] Healthline also cites *Garon v. Keleops USA, Inc.*, No. 25-cv-02124, 2025 U.S. Dist. LEXIS 170745, at *15 (N.D. Cal. Sep. 2, 2025) in support of its argument that Sections 631 and 638.51 are mutually exclusive, but this decision declined to apply the rule of lenity and did not address the exclusivity argument that Healthline asserts.

### C. The Intent Requirement of Aiding and Abetting Claims under Section 631(a), Clause Four, Does not Merit Interlocutory Review Because the Order Applied a Heightened Standard.

Healthline argues that this Court's application of the wrong intent standard to Plaintiff's § 631(a) claims merits immediate appeal, even though this Court applied the intent standard for which Healthline originally advocated. Dkt. No. 51 at 17; Mot. at 14-17. However, this Court reasonably applied the analysis in *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 943 (N.D. Cal. 2024), to determine whether there was "a plausible inference that [Healthline] knowingly agreed with or employed [a third-party] to engage in conduct that violated the wiretapping statute." Order at 13 (quotations and citation omitted). The Order found this standard met, because "[d]espite being previously sued for the improper use of pixels on its website and agreeing to a $1.55 million settlement with the State of California related to its improper use of tracking technologies, Healthline affirmatively and knowingly elected to install the TikTok, Microsoft Clarity, and Adnx pixels in order to intercept and transmit valuable personally identifiable information from its website visitors without website visitors' permission." Order at 14, citing FAC ¶ 60.

***A controlling question of law.*** Healthline cannot establish a controlling question of law because the core of this issue goes to the specific allegations of Plaintiff's FAC regarding Defendant's knowledge and intent in installing the Pixels. This is a fact-intensive inquiry which is not appropriate for immediate appeal. Additionally, an appeal on this issue will not materially affect the outcome of litigation in the district court because even if this Court certified the issue and the Ninth Circuit accepted it, Plaintiff's allegations satisfy even a heightened intent standard. FAC ¶¶ 6, 20, 33-34, 43-44, 49, 53. Prior litigation put Healthline on actual notice that its Pixels could violate CIPA, yet it continued to install and use them anyways. This qualifies as willful continuation of known illegal conduct.

Even though the Order agreed with Healthline that a heightened intent standard is required and applied the standard it advocated for from *Smith v. YETI Coolers* (Dkt. No. 51 at 17),

Healthline now argues that the rule of lenity should be applied here and that a "criminal intent" standard should be applied. Mot. at 14-17. However, Healthline fails to explain what a "criminal intent" standard is, how it differs from the standard applied by this Court, or how it would apply to Plaintiff's claims, instead vaguely stating that "Gliksman's Amended Complaint does not satisfy that standard." Mot. at 15.

***Substantial ground for difference of opinion.*** While the Order acknowledged that "courts in this District have reached different conclusions as to whether a defendant need knowingly aid, agree with, employ, or conspire with a third-party in order to be liable under clause four[,]" the weight of authority declines to apply a criminal intent standard. *St. Aubin v. Carbon Health Techs., Inc.*, No. 24-cv-00667, 2024 U.S. Dist. LEXIS 179067, at *20 (N.D. Cal. Oct. 1, 2024) (declining to apply criminal intent standard); *Doe v. Tenet Healthcare Corp.*, No. 1:23-cv-01106, 2025 U.S. Dist. LEXIS 109134, at *41 (E.D. Cal. June 9, 2025) (same); *Smith*, 754 F. Supp. 3d at 943(same). Healthline appears to advocate for the standard applied in *Esparza v. Uag Escondido A1 Inc.*, which held that "clause four contains a knowledge requirement." No. 23cv0102, 2024 U.S. Dist. LEXIS 145236, at *6 (S.D. Cal. Aug. 5, 2024). Yet, Healthline fails to address how this standard differs from the standard applied by this Court or otherwise identify substantial grounds for difference of opinion. Even if room for a difference of opinion exists, Healthline cannot meet the other factors to justify interlocutory appeal.

***When immediate review will materially advance the ultimate termination of the litigation.*** Healthline concedes that immediate review would potentially dispose of just one claim, and "*may* also advance termination of litigation at the summary judgment stage…" Mot. at 16-17 (emphasis added). That appellate review might possibly advance litigation does not suffice.

### D. The Requirements of Pleading an Aiding and Abetting Claim under Section 631(a), Clause Four, Do not Justify Interlocutory Review Because the Court Properly Addressed Plaintiff's Factual Allegations.

Finally, Healthline advances yet another factual adequacy question in arguing that the Court should certify for immediate appeal the issue of whether Plaintiff adequately alleged an underlying aiding and abetting claim (clause two) by the Pixel providers. Mot. at 17-20. The Court rightfully found Plaintiff's allegation sufficient where he alleged "that TikTok, Microsoft, and Xandr actually read or attempted to read the contents of his communications with Healthline, which they used it to serve him with advertisements related to health conditions, symptoms, and diagnoses conveyed through Defendant's Pixels on Healthline.com." Order at 14 (internal quotations omitted). Healthline likewise fails to meet each prong of the § 1292(b) inquiry related to this purported issue.

***A controlling question of law.*** Healthline fails to establish a controlling issue of law because the issue of whether Plaintiff adequately alleged an underlying aiding and abetting claim (clause two) by the Pixel providers is not a pure question of law. Instead, it's a fact-specific inquiry that requires careful analysis of the pleadings. Moreover, resolution of this issue will not materially affect the outcome of litigation in the district court because even if Plaintiff's § 631(a) claim were dismissed, his § 638.51 claim remains.

***Substantial ground for difference of opinion.*** Healthline fails to identify any "substantial ground for difference of opinion" as to the pleading requirements of an aiding and abetting claim, but rather takes issue with this Court's conclusion. As its main support for this issue, Healthline points to *Gutierrez v. Converse Inc.*, an appeal affirming summary judgment where the district court dismissed a clause four claim where there was **no** evidence from which a jury could conclude the third party read the communication. No. 24-4797, 2025 U.S. App. LEXIS 16844, at *3 (9th Cir. July 9, 2025). In contrast, here the Court addressed Plaintiff's allegations under Rule 12(b)(6) and found Plaintiff's allegations plausible "that TikTok, Microsoft, and Xandr willfully read his

communications." Order at 15. Healthline is wrong to assert that *Gutierrez* stands for the proposition that "pleading and proving an underlying violation for a Clause Four claim requires the same particularity as pleading and proving a direct Clause Two claim." Mot. at 18. None of its cited authority supports this assertion, but rather each case hinged on deficiencies with specific factual allegations. *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1003 (N.D. Cal. 2024) (plaintiff's "conclusory allegations fail to state sufficient factual allegations to support an inference that [the third party] is capable of using the intercepted information for another purpose"); *Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969, 978 (C.D. Cal. 2023) (finding allegations that a third party learned the contents of communications with the defendant to establish a clause two violation). And certainly, none of these cases establish "substantial grounds for difference of opinion." Mot. at 18.

Finally, Healthline incorrectly argues that under the Court's Order, "pleading an aiding and abetting claim carries a lower burden of proof than proving a direct claim against the party who purportedly committed the underlying violation." Mot. at 19. This argument *entirely* ignores the Court's analysis, which detailed and directly addressed how the third-party Pixels violated clause two. Order at 14-15. Plaintiff met his burden of proof to establish a Clause four violation. Healthline's "mere disagreement with the Court's conclusion is insufficient to show that there is a 'substantial ground for difference of opinion.'" *Fregosa*, 2026 U.S. Dist. LEXIS 13274, at *5. Finally, even if there is any room for disagreement, it is not determinative because Healthline cannot meet the other factors to justify interlocutory appeal.

***When immediate review will materially advance the ultimate termination of the litigation.*** Healthline fails to establish that immediate appeal of this issue would materially advance the termination of the litigation. *See supra*, Section V(B).

## VI. THIS COURT SHOULD DENY DEFENDANT'S SECOND REQUEST TO STAY THIS MATTER.

### A. Healthline Fails to Justify a Stay during the Pendency of this Motion and Any Interlocutory Appeal that Could Follow.

Because Healthline fails to establish grounds for interlocutory appeal, a stay during the pendency of an interlocutory appeal is not warranted. Even if an appeal is permitted, however, this litigation should proceed given it will not dispose of all claims and the discovery for the live claims will not differ from the claims Healthline seeks to appeal. "In determining whether a stay pending appeal is warranted, the Court considers four factors: (1) whether the applicant has made a strong showing that they will likely succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Koji IP, LLC v. Renesas Elecs. Am., Inc.*, No. 24-cv-03089, 2026 U.S. Dist. LEXIS 59671, at *57 (N.D. Cal. Mar. 20, 2026) (citing *Perdomo v. Noem,* 148 F.4th 656, 678 (9th Cir. 2025)). Healthline fails to address these factors entirely.

*First*, Healthline cannot show that it will succeed on the merits of its four issues and three sub-issues, each of which require fact-intensive inquiries, rather than "pure" questions of law. Healthline fails to establish a substantial difference of opinion for each of its seven issues, but even where reasonable minds could disagree, Healthline cannot establish the final factor for any issue. Immediate review of any of the issues will not materially advance the termination of this litigation because Plaintiff has live claims.

*Second*, Healthline has *not* demonstrated irreparable injury from continuing with discovery, especially since it has already gathered much of the relevant information in the action with the California Attorney General.

*Third*, Plaintiff and the proposed Class will be substantially injured by a *second* stay of the

proceedings. This case was filed almost two years ago, and discovery was already stayed from September 23, 2025 until June 23, 2026. Dkt. Nos. 50, 70, 77. As time progresses, documents and ESI may be lost, and relevant witnesses cannot be identified and memories fade, significantly prejudicing Plaintiff's ability to prosecute his case. "[L]engthy and indefinite stays place a plaintiff effectively out of court[,]" and "create[s] a danger of denying justice by delay." *Blue Cross & Blue Shield v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (quotations and citation omitted). As published in the Ninth Circuit's 2025 Annual Report, the "Ninth Circuit's median time interval in months for cases terminated on the merits from filing of a notice of appeal to final disposition was 11.9 months."[6] Practically, that means this matter could sit at a standstill through the end of 2027, or longer. The near indefinite stay Healthline seeks would "make it more difficult to reach class members and will increase the likelihood that relevant evidence will dissipate." *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109, 2017 U.S. Dist. LEXIS 6304, at *9 (N.D. Cal. Jan. 17, 2017). At every turn in this case Healthline has exhibited delay tactics, and this latest Motion is no different.

*Fourth*, the public interest weighs in favor of continuing to litigate this case and against a stay. "It would undermine public confidence in the judicial system if claims were permitted to go stale pending the completion of an appeal that has at best a borderline chance of success." *Volkswagen Grp. of Am., Inc. v. Saul Chevrolet, Inc.*, No. 5:15-cv-00505, 2015 U.S. Dist. LEXIS 129554, at *15 (C.D. Cal. Sep. 25, 2015); *see also Alarcon v. Shim, Inc.*, No. C 07-02894 SI, 2007 U.S. Dist. LEXIS 92046, at *13-14 (N.D. Cal. Dec. 5, 2007) ("the public interest likely supports the adjudication of this case without the potentially lengthy delay that would result from staying

---

[6] https://cdn.ca9.uscourts.gov/datastore/judicial-council/publications/AnnualReport2025.pdf, at 56 (last accessed September 7, 2026).

this litigation to resolve an interlocutory appeal unlikely to have any effect on the substantive outcome of the case."). In sum, Healthline fails to demonstrate that a stay pending resolution of this Motion and any hypothetical interlocutory appeal is warranted. This Court should deny Healthline's request in full.

### B. A Stay Pending Resolution of *Drummer* and *Variety Media* is not warranted.

Healthline also asks this Court to stay the case pending outcomes in *Drummer* and *Variety Media* – two unrelated, inapposite cases which have no direct bearing on the facts and arguments at issue in this case. Mot. at 21-24. Healthline fails to provide any substantive analysis on why *Drummer* or *Variety Media* could have a material impact on this case. This omission is telling; the outcome of either case will ***not*** materially impact Plaintiff's case because the factual basis underpinning his claims is entirely distinct from the facts in *Drummer* and *Variety Media*. As a result, they are insufficient grounds to justify a second stay of discovery. Finally, Senate Bill 690, a proposed state legislative bill that may or may not become law, is a speculative and unfounded basis to stay this case. Mot. at 22-24.

#### 1. *Variety Media* and *Drummer* are factually distinct from Plaintiff's case.

***Variety Media.*** *Variety Media* concerns allegations that when a user visits Variety's website, Variety causes pixels to be installed on the visitor's browser in violation of § 638.51. Ex. 1 to Shannon Decl. The Second District tentatively held, in relevant part, that: (1) pixels are pen registers under CIPA; and (2) the rule of lenity does not apply because CIPA is not so ambiguous as to require guesswork in interpreting the statute. Ex. 1 to Shannon Decl. In sum, *Variety Media*'s tentative decision further solidifies the propriety of this Court's Order. Even if anything changes between the Second District's tentative ruling and the final order, neither issue is dispositive of Plaintiff's case because he asserts a claim under CIPA § 631(a), which is not at issue.

***Drummer***. *Drummer* concerns allegations that CoStar Group Inc., through its portfolio of real estate websites, collected IP addresses and similar information, which it shared with third parties in violation of CIPA § 638.51. *Drummer v. CoStar Grp., Inc.*, Case No. 5:25-cv-01047-JGB-SP (C.D. Cal. Feb. 13, 2026), Dkt. No. 1. The district court denied defendant's motion to dismiss under Rule 12(b)(1), and later certified the following question, which was accepted by the Ninth Circuit: "[d]oes the transmission to third parties of IP addresses and similar information voluntarily shared with websites constitute an injury with a close relationship to a harm traditionally recognized as a basis for a lawsuit?" *Drummer*, Dkt. No. 52, at 2.

*Drummer* does **not** concern allegations of pixels being used to capture search terms, article titles, and URLs that convey personal health information, in addition to other identifying, addressing, and signaling information that can be used to identify each website visitor. In fact, there are no allegations of sensitive or personal information being shared by CoStar's pixels beyond an IP address. As this Court addressed in its Order, Gliksman alleges far more than unlawful sharing of an IP address. *See* Order, at 7 ("The information Gliksman shared with Healthline is sensitive medical information and therefore implicates a protectible privacy interest.") (quotations omitted). Therefore, a standing analysis for Plaintiff's claims would necessarily be different than an analysis for disclosure of an IP address by itself because "[i]t is well-settled under California law that, although not absolute, people have a privacy interest in their medical history and information." Order, at 7 (quoting *St. Aubin*, 2024 WL 4369675, at *12). A decision in *Drummer* will not be dispositive of Plaintiff's claims and Healthline fails to make any substantive argument to the contrary.

***Senate Bill 690***. Healthline asserts that a stay is justified based on proposed Senate Bill 690, which is currently awaiting signature or veto by Governor Newsom. First, speculative legislation that is not yet law is no reason to stay this case. *See*, *e.g.*, *Garon*, 2025 U.S. Dist. LEXIS

170745, at *17 (declining to stay case based on Senate Bill 690). Second, Senate Bill 690 "does not eliminate claims under CIPA section 631."[7] Since Plaintiff has a viable § 631(a) claim, Senate Bill 690 will not impact that claim even if it is enacted. Finally, even if Senate Bill 690 passes, the bill will "apply retroactively to any pending claim in an action commenced within two years before the operative date of that legislation."[8] If enacted, Senate Bill 690 would take effect January 1, 2027[9] and Plaintiff's case – filed December 2, 2024 – would fall outside the two-year period. In sum, speculative legislation is no reason to stay this case and even if Senate Bill 690 is enacted, Plaintiff's claims will not be impacted.

**2. The prejudice and harm to Plaintiff and the proposed Class posed by a second stay of this matter weighs heavily in favor of denying a stay.**

Courts in the Ninth Circuit analyze a request for a discretionary stay under three factors: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Vicious Brands, Inc. v. Face Co., LLC*, No. 24-cv-04996, 2025 U.S. Dist. LEXIS 43182, at *17 (N.D. Cal. Mar. 10, 2025) (quoting *In re PG&E Corp. Sec. Litig*., 100 F.4th 1076, 1085 (9th Cir. 2024)). Each factor weighs against a stay.

The first factor weighs heavily in favor of Plaintiff, given this would be the second lengthy stay. Dkt. Nos. 50, 70, 77. The risk of lost documents and fading memories will significantly

---

[7] https://www.clarkhill.com/news-events/news/california-sb-690-cipa-website-tracking-lawsuits/ (last accessed September 8, 2026).

[8] https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202520260SB690 (last accessed September 8, 2026).

[9] https://www.jdsupra.com/legalnews/california-legislature-passes-sb-690-to-6789259/ (last accessed September 8, 2026).

prejudice Plaintiff. Defendant argues it will suffer "substantial hardship and inequity" by continuing to litigate this case. Mot. at 23. This hyperbole bears no weight. First, Healthline already had the benefit of a lengthy discovery stay.

Next, Healthline likely has much of the requested information ready to produce based on its involvement in a related investigation and resulting settlement with the California Attorney General's office, which also addressed Healthline's Pixel use. Dkt. No. 42. Additionally, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Vicious Brands, Inc.*, 2025 U.S. Dist. LEXIS 43182, at *17-18 (*quoting Lockyer v. Mirant Corp*., 398 F.3d 1098, 1112 (9th Cir. 2005)) (quotations omitted).

Additionally, as Healthline concedes, the passage of time is a true harm to Plaintiff, who filed his case almost two years ago and has yet to receive a single document in discovery. Mot. at 24; Shannon Decl. ¶ 6. Healthline's vague suggestion that this Court set status hearings to monitor the factually distinct *Drummer* and *Variety Media* appeals will not undo or prevent any prejudice to Plaintiff caused by a second stay. Finally, Healthline fails to justify a stay because *Drummer* and *Variety Media* are not dispositive of Plaintiff's claims.

Accordingly, Healthline's request to stay this matter should be denied.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Healthline's Motion to Certify the June 23, 2026 Order Denying Motion to Dismiss for Interlocutory Appeal, deny any request to stay the litigation, and grant such other and further relief as this Court deems appropriate.

Dated: September 11, 2026

By: _/s/ Megan E. Shannon_
Elizabeth A. Fegan (CA Bar #355906)
FEGAN SCOTT LLP
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: 312.741.1019
Facsimile: 312.264.0100
beth@feganscott.com

Megan E. Shannon (admitted *pro hac vice*)
FEGAN SCOTT LLP
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
megan@feganscott.com

*Interim Class Counsel*